*Spectrum WT, et al., v. Wendler, et al.*

# Exhibit C
# to First Amended Verified Complaint for Civil Rights Violations

**08.99.99.W1    Expressive Activity on Campus**

Approved May 14, 2020
Next Scheduled Review:  May 14, 2025



## Rule Summary

In 2019, the 86th Texas Legislature passed Senate Bill 18, addressing the protection of campus expressive activities.  This new law adds Texas Education Code Section 51.935, which requires that each public institution of higher education "adopt a policy detailing student's rights and responsibilities regarding expressive activities" on its campus.

As stated in the Preamble to the bill: Freedom of expression is of critical importance and requires each public institution of higher education to ensure free, robust, and uninhibited debate and deliberations by students enrolled at the institution, regardless of whether the students are on or off campus.  It is a matter of statewide concern that all public institutions of higher education officially recognize freedom of speech as a fundamental right.  Freedom of speech and assembly is central to the mission of institutions of higher education and persons should be permitted to assemble peaceably on the campuses of institutions of higher education for expressive activities, including to listen to or observe the expressive activities of others.

## Definitions

Definitions of terms used in this rule.  The definition includes both the singular and plural version of the term:

1. **Benefit** means recognition by or registration with the university, the use of the university's facilities for meetings or speaking purposes, the use of channels of communication controlled by the university, and funding sources made generally available to student organizations at the university.
2. **Campus** means all land and buildings owned or leased by the university.
3. **Common outdoor areas** means places located outside a building or facility that are accessible to the public, such as streets, sidewalks, plazas, lawns, and parks, unless closed by the university for a special event.  This term does not include areas immediately adjacent to a private residence.
4. **Employee** means an individual employed by the university.
5. **Expressive activity** means any speech or expressive conduct protected by the First Amendment to the United States Constitution or by Section 8, Article I, Texas Constitution, and includes assemblies, protests, speeches, the distribution of written material, the carrying of signs, and the circulation of petitions. The term does not include commercial speech.
6. **Faculty** means any full or part-time employee of the university holding an academic appointment.

7. **Materially and substantially disrupt** means interrupting a program or activity in a significant and consequential manner.
8. **Person** means students, faculty, staff, student organizations, and third-parties.
9. **Reasonable time, place, and manner restrictions** means limitations that: (1) are narrowly tailored to serve a significant institutional interest; (2) employ clear, published, content-neutral, and viewpoint-neutral criteria; (3) provide for ample alternative means of expression.
10. **Staff** means an employee of the university that is not a faculty member.
11. **Student** means an individual currently enrolled at the university, full or part-time, pursuing undergraduate, graduate, or professional studies, including students who were enrolled the previous semester and registered for a future semester.
12. **Student Organization** means any organization that is composed mostly of students enrolled at an institution of higher education and that receives a benefit from the institution.
13. **Third-party (External Client)** means an individual or entity that is not a student, student organization, or employee of the university.
14. **Traditional public forum** means a place, widely recognized in law, which has been intended for the use of the public, and has been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions when the principal function of the location would not be disrupted by expressive activity.  Examples of traditional public forums include public streets, sidewalks, plazas, lawns, and parks.

## Rule

1. EXPRESSIVE ACTIVITY RIGHTS

    1.1. Any person is allowed, subject to reasonable time, place, and manner restrictions, to engage in expressive activities on campus, including by responding to the expressive activities of others.

    1.2. Student organizations and employees are allowed to invite speakers to speak on campus. In determining the amount of a fee to be charged for use of the university's facilities for purposes of engaging in expressive activities, the university may consider only content-neutral and viewpoint-neutral criteria related to the requirements of the event, such as the proposed venue and the expected size of the audience, any anticipated need for campus security, any necessary accommodations, and any relevant history of compliance or noncompliance by the requesting student organization or employee with this rule and other relevant rules.  The university may not consider any anticipated controversy related to the event.

    1.3. The university may not take action against a student organization or deny the organization any benefit generally available to other student organizations at the university on the basis of a political, religious, philosophical, ideological, or academic viewpoint expressed by the organization or of any expressive activities of the organization.

    1.4. The common outdoor areas of the university's campus are deemed traditional public forums.  Any person is permitted to engage in expressive activities in these areas freely, as long as the person's conduct: (a) is not unlawful; and (b) does not materially and

    substantially disrupt the functioning of the institution. Members of the university community are allowed to assemble or distribute written material in common outdoor areas without a permit or other permission from the institution.

  1.5. Nothing in this rule should be interpreted as prohibiting faculty members from maintaining order in the classroom.

2. COMPLAINT PROCEDURE

  2.1. Any person who believes that their campus expressive activity rights, as recognized by this rule, have been unduly interfered with by a student, student organization, or employee has the right to file a complaint.

  2.2 Complaints should be filed on the university's online complaint form, found at www.wtamu.edu/complaint.

  2.3 A student, student organization, or employee who is found to have unduly interfered with another person's expressive activity rights, as recognized by this rule, is subject to disciplinary action in accordance with the university's applicable rules and procedures. All complaints will be administered by the university complaint process found on the complaint website: www.wtamu.edu/complaint. If a violation of this rule was found to occur the report will be referred to the appropriate office for further action. The referral office will be determined by the status of the offending individual. Complaints concerning (a) faculty will be referred to the Office of the Provost; (b) student will be referred to the Student Conduct Office; and (c) complaints concerning staff and third-parties will be referred to Human Resources.

3. IMPLEMENTATION

  3.1. A copy of this rule will be included in any university published Code of Student Life.

  3.2. A copy of this rule will be distributed each semester when the Code of Student Life is normally distributed electronically.

  3.3. A copy of this rule will be posted to the university's website.

4. EXTERNAL CLIENT EVENTS

Events organized by an external party and held on campus must be sponsored by a recognized student organization, university academic or administrative unit, or an A&M System member.

## Related Statutes, Policies, or Requirements

Texas Education Code § 51.9315

## Contact Office

WTAMU Compliance Office