# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al*,<br>                Plaintiffs,<br>    v.<br>WALTER WENDLER, *et al.*,<br>                Defendants. | Case No.: 2:23-cv-00048-Z<br><br>Hon. Matthew J. Kacsmaryk |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Spectrum WT, Barrett Bright, and Lauren Stovall ("Plaintiffs") file this notice of supplemental authority in support of their Amended Motion for Preliminary Injunction (Dkt. 30, 31), and their consolidated Reply in support of the same and Opposition to Defendants' Motions to Dismiss (Dkt. 44, 45).

On June 2, 2023, following a bench trial, Judge Thomas L. Parker of the United States District Court for the Western District of Tennessee issued findings of fact and conclusions of law in *Friends of Georges, Inc. v. Mulroy*, No. 2:23-cv-02163-TLP-tmp (W.D. Tenn. June 2, 2023). A copy of those findings and conclusions, holding that Tennessee's recently-enacted prohibition on drag shows in the presence of minors violated the First Amendment, is attached as **Exhibit A**.

In *Friends of Georges*, Judge Parker recognized that "drag-centric performances" are expressive activity, observing that drag is an "art form . . . that some would say purposefully challenges the limits of society's accepted norms." Ex. A, Slip. Op. 28, 32. This relates to Plaintiffs' argument that drag is an art form protected by the First Amendment. Dkt. 28 (First Amended Verif. Compl.) ¶¶ 62–76;

1

Dkt. 31 (Plfs. Memo. in Supp. of Amended Mot. for Prelim. Inj.) at 10–11; Dkt. 45 (Plfs. Combined Brief in Opp. to Mot. to Dismiss and Reply in Supp. of Amended Mot. for Prelim. Inj.) at 8–10.

The district court also observed that "no majority of the Supreme Court" has held speech falling short of obscenity standards "receives less protection than political, artistic, or scientific speech," and that "[w]hether some of us may like it or not, the Supreme Court has interpreted the First Amen[d]ment as protecting speech that is indecent but not obscene." Ex. A, Slip Op. 39–40. This relates to Plaintiffs' argument that is it well-settled that concerns over "lewdness" cannot justify restricting student expression on a public university campus. Dkt. 28 at ¶¶ 76–81; Dkt. 45 at 11–13, 25-26.

The district court also concluded that the law is "both a content- and viewpoint-based restriction" adopted for an impermissible purpose. Ex. A, Slip Op. 38–51. This parallels Plaintiffs' arguments, in part, for why Defendants have violated the First Amendment. Dkt. 31 at 11–14, 16; Dkt. 45 at 16–18.

Dated: June 7, 2023                    Respectfully submitted,

                                       /s/ JT Morris
                                       JT MORRIS
                                       TX Bar No. 24094444
                                       FOUNDATION FOR INDIVIDUAL RIGHTS
                                          AND EXPRESSION
                                       700 Pennsylvania Ave., SE
                                       Ste. 340
                                       Washington, DC 20003
                                       Tel: (215) 717-3473
                                       Fax: (267) 573-3073
                                       jt.morris@thefire.org

CONOR T. FITZPATRICK*
MI Bar No. P78981
ADAM B. STEINBAUGH*
PA Bar No. 326475
JEFFREY D. ZEMAN*
Pa. Bar No. 328570
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut St.; Ste. 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
conor.fitzpatrick@thefire.org
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Spectrum WT,
Barrett Bright, and Lauren Stovall*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2023, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ JT Morris
JT Morris
Foundation for Individual
   Rights and Expression