UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, BARRETT BRIGHT, AND LAUREN STOVALL,<br>    *Plaintiffs*,<br>v.<br>WALTER WENDLER, in his individual capacity and his official capacity as the President of West Texas A&M University, CHRISTOPHER THOMAS, in his official capacity as Vice President for Student Affairs at West Texas A&M University, JOHN SHARP, in his official capacity as Chancellor of the Texas A&M University System, ROBERT L. ALBRITTON, JAMES R. BROOKS, JAY GRAHAM, MICHAEL A. HERNANDEZ III, TIM LEACH, BILL MAHOMES, ELAINE MENDOZA, MICHAEL J. PLANK, CLIFF THOMAS, AND DEMETRIUS L. HARRELL, JR., in their official capacities as members of the Board of Regents of the Texas A&M University System,<br>    *Defendants*. | Case 2:23-cv-00048-Z |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6)**

Defendants Christopher Thomas, in his official capacity as Vice President for Student Affairs at West Texas A&M University ("Thomas"), John Sharp, in his official capacity as Chancellor of the Texas A&M University System, and Robert L. Albritton,

2

James R. Brooks, Jay Graham, Michael A. Hernandez III, Tim Leach, Bill Mahomes, Elaine Mendoza, Michael J. Plank, Cliff Thomas, and Demetrius L. Harrell, Jr., in their official capacities as members of the Board of Regents of the Texas A&M University System (collectively "A&M System Defendants"), by and through the Office of the Attorney General for the State of Texas, reply to Plaintiffs' Response to Defendants' Motion to Dismiss Plaintiffs' Complaint and Preliminary Injunction motion and would respectfully show the following:

## I.  PLAINTIFFS' CLAIMS DO NOT HAVE STANDING

To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). These elements represent "the irreducible constitutional minimum of standing," *id.* at 560, and they are "an indispensable part of the plaintiff's case," *id.* at 561. With respect to Plaintiffs' claims against Thomas and A&M System Defendants, Plaintiffs cannot show traceability or redressability. Further, because Plaintiffs fail to show how Thomas or A&M System Defendants caused their alleged injury, the *Ex Parte Young* exception does not apply, and sovereign immunity bars their claims.

### a.  *Plaintiffs fail to allege sufficient facts to trace their alleged injury to either Thomas or A&M System Defendants.*

Plaintiffs claim to have standing with respect to Thomas because he "will carry out President Wendler's edict against Plaintiffs' planned drag show." ECF No. 45 at

3

45. Plaintiffs try and confer standing by insinuating his oversight responsibilities and his duty to carry out President Wendler's directives somehow prove their injury is attributable to Thomas. *Id.* Additionally, Plaintiffs claim to have standing with respect to A&M System Defendants because they "refused to exercise [their] authority to stop" President Wendler's actions. ECF No. 45 at 47, 49.

"The causation element does not require a party to establish proximate causation, but only requires that the injury be 'fairly traceable' to the defendant." *LULAC v. City of Boerne*, 659 F.3d 421, 428 (5th Cir. 2011) (citing *Bennett v. Spear*, 520 U.S. 154, 168–69 (1997)). "While . . . it does not suffice if the injury complained of is the result of the independent action of some third party not before the court, that does not exclude injury produced by determinative or coercive effect upon the action of someone else." *Bennett*, 520 U.S. at 169.

The Supreme Court has consistently refused to "endorse standing theories that rest on speculation about the decisions of independent actors," *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013), particularly speculation about future unlawful conduct, *Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Standing to sue one defendant does not, on its own, confer standing to sue a different defendant. *Daves v. Dallas Cnty., Tex.*, 22 F.4th 522, 542 (5th Cir. 2022).

Here, Plaintiffs have alleged no specific action or conduct on the part of Thomas or the A&M System Defendants in violation of their constitutional rights. Rather Plaintiffs entirely rest their standing theory against Thomas and A&M System

4

Defendants based on speculation about action or inaction made in response to President Wendler's decision. While Plaintiffs try and claim Thomas and A&M System Defendants have "effectively authorized" Wendler's decision via their inaction or by failing to "distance themselves" from the non-discretionary directive of a university president, they cite no case law to support such an expansion of the traceability requirement. *See generally* ECF No. 45.

Further, neither the A&M System Defendants nor Thomas need affirmatively disavow Wendler's statement to vitiate Plaintiffs' claims because Plaintiffs' speculation about whether any future event may be cancelled by Wendler cannot support their standing—much less a preliminary injunction—against any other defendants. Plaintiffs cannot trace any injury imposed by Wendler to the Thomas or the A&M System Defendants, nor can they point to any power of the A&M System Defendants or Thomas to overrule the President or require him to rescind his statement.

### b. *Defendants enjoy sovereign immunity because the Ex parte Young exception does not apply.*

The *Ex parte Young* exception does not apply to Plaintiffs' request for prospective relief against Thomas or A&M System Defendants in their official capacity because there is no ongoing violation of federal law. Further, even if there was an ongoing violation, *Ex parte Young* would not apply because Thomas and A&M System Defendants have no connection with the enforcement of the disputed act.

First, Plaintiffs failed to allege an ongoing violation of federal law, attributable either Thomas or A&M System Defendants, as required to invoke the *Ex parte Young*

5

exception to sovereign immunity *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[T]he exception is narrow: It applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past."). Plaintiffs do not state any future requests for permission to use campus facilities have been/will be denied by either Thomas or A&M System Defendants. *See generally* ECF Nos. 31, 45. In Plaintiff's reply, they entirely fail to allege any facts to support their ongoing violation outside of a "pledge" made by President Wendler. ECF No. 45 at 51. No mention is made of Thomas or A&M System Defendants. *Id.*

Second, just as an injury must be fairly traceable to defendants to establish standing, so too must the injury be traceable to show the *Ex parte Young* exception, requiring a connection with the enforcement of the challenged act, applies. *City of Austin v. Paxton*, 943 F.3d 993, 997–98 (5th Cir. 2019) (cleaned up); *see also Air Evac EMS Inc. v. Tex. Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 517 (5th Cir. 2017); *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014).

Plaintiffs have provided no allegations to support Thomas or A&M System Defendants' involvement in President Wendler's decision to prohibit their on-campus event. *See generally* ECF Nos. 31, 45. Because there is an insufficient connection between Thomas and A&M System Defendants' actions and Plaintiffs' alleged injury or their requested injunctive relief, their claims against Thomas and A&M System Defendants are barred by sovereign immunity. *See Rozas v. Louisiana ex rel. La. Workforce Comm'n*, No. CV 14-796-JJB-EWD, 2016 WL 1226788, at *3–4 (M.D. La.

Mar. 28, 2016).

## II. THIS COURT SHOULD DENY A PRELIMINARY INJUNCTION AGAINST DEFENDANT THOMAS AND A&M SYSTEM DEFENDANTS

"Requests for injunctive and declaratory relief implicate the intersection of the redressability and injury-in-fact requirements." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). "The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries." *Id.* "Because injunctive and declaratory relief 'cannot conceivably remedy any past wrong,' plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 108 (1998)). "That continuing or threatened future injury, like all injuries supporting Article III standing, must be an injury in fact." *Id.*

Just as Plaintiffs did not allege sufficient facts to support Article III standing as related to Thomas and A&M System Defendants, so too do they fail to allege sufficient facts to support a request for injunctive relief against said Defendants.

In Plaintiff's reply they do not even attempt to explain why either A&M System Defendants or Thomas are necessary parties, but instead make a conclusory statement regarding "complete relief." ECF No. 45 at 56. It is the Plaintiffs' burden to clearly establish all four factors in order to obtain preliminary injunctive relief. *PCI Transp. Inc. v. Fort Worth & Wstrn. R.R. Co.,* 418 F.3d 535, 545 (5th Cir. 2005). Here, Plaintiffs have not met their burden, thus Thomas and A&M System

Defendants respectfully request the Court deny their Motion for a Preliminary Injunction.

### III. CONCLUSION

For the foregoing reasons, Thomas and A&M System Defendants respectfully request the Court deny Plaintiffs' Motion for Preliminary Injunction and dismiss Plaintiffs' claims against the A&M System Defendants and Thomas.

Dated June 23, 2023.

JOHN SCOTT
Provisional Attorney General

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Deputy Chief,
General Litigation Division

RYAN KERCHER
Deputy Chief,
General Litigation Division

Respectfully submitted.

/s/ Heather L. Dyer
HEATHER L. DYER
ATTORNEY-IN-CHARGE
Assistant Attorney General
Texas Bar No. 24123044
heather.dyer@oag.texas.gov

/s/ Drew A. Beglau
DREW A. BEGLAU
Assistant Attorney General
Texas Bar No. 24117938
Drew.beglau@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120

***Counsel for Defendant Thomas and A&M System Defendants***

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2023, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

s/ Heather L. Dyer<br>
HEATHER L. DYER<br>
Assistant Attorney General