UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*, <br>              Plaintiffs, <br><br> v. <br><br> WALTER WENDLER, *et al.*, <br><br>              Defendants. | Case No.: 2:23-cv-00048-Z <br><br> Hon. Matthew J. Kacsmaryk |

**UNOPPOSED MOTION FOR RULE 54(B) CERTIFICATION OF FINAL JUDGMENT ON THE FOURTH CAUSE OF ACTION IN PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs move this Court, unopposed, for an order under Rule 54(b) certifying final judgment on the Fourth Cause of Action in Plaintiffs' First Amended Complaint [Dkt. 28]. Final judgment on that cause of action will enable consolidated appellate review on the relevant constitutional questions controlling this case, reducing hardship on the parties and promoting judicial efficiency.

Good cause exists to grant this motion for these reasons:

1.     Plaintiffs filed a First Amended Complaint on April 18, 2023 [Dkt. 28].

2.     The Fourth Cause of Action of Plaintiffs' Amended Complaint seeks damages under 42 U.S.C. § 1983 against Defendant Walter Wendler in his individual capacity for violating Plaintiffs' First Amendment rights. *Id.* at ¶¶ 217-249.

3.     On September 21, 2023, the Court entered a Memorandum Opinion and Order granting President Wendler's motion to dismiss that claim, ruling President Wendler is entitled to qualified immunity [Dkt. 59].

4. In that same Memorandum Opinion and Order, the Court also denied Plaintiffs' Amended Motion for a Preliminary Injunction. *Id.*; *see also* Dkt. 30.

5. Under 28 U.S.C § 1292(a)(1), Plaintiffs can immediately appeal the denial of their Amended Motion for Preliminary Injunction.

6. Plaintiffs are filing a notice of appeal as to the denial of their Amended Motion for Preliminary Injunction.

7. To facilitate the expeditious and fulsome review of the controlling First Amendment legal questions in this case, including the scope of Plaintiffs' First Amendment rights and whether those rights were clearly established, Plaintiffs request certification of final judgment on the Fourth Cause of Action of their Amended Complaint.

8. Federal Rule of Civil Procedure 54(b) provides that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

9. The Court's dismissal of Plaintiffs' Fourth Cause of Action is ripe for final judgment, because a determination that a government official is entitled to qualified immunity for the facts alleged constitutes an ultimate disposition of a damages claim under 42 U.S.C. § 1983.

10. No just reason for delay exists. The Court's dismissal of Plaintiffs' Fourth Cause of Action disposes of all individual capacity claims in this case, leaving no related individual capacity claims that might support any just reason for delay.

11. In addition, the historical policy concerns against piecemeal appeals are outweighed here. *See Fed. Sav. and Loan Ins. Corp. v. Cribbs*, 918 F.2d 557, 550 (5th Cir. 1990). Because Plaintiffs are already appealing the denial of their Amended Motion for Preliminary Injunction, allowing Plaintiffs to immediately appeal the issue of qualified immunity would enable the Fifth Circuit to consider all the controlling First Amendment questions of law at once (including those that relate to Plaintiffs' remaining official-capacity claims for declaratory judgment and a permanent injunction), rather than in separate appeals.

12. Therefore, Rule 54(b) certification of final judgment regarding Claim IV of Plaintiffs' Amendment Complaint will promote judicial efficiency and reduce, rather than multiply, the need for additional proceedings. Rule 54(b) certification will also reduce hardship on the parties, who will not need to expend time and resources briefing the same or closely related issues of law in separate appeals potentially years apart.

13. Counsel for Plaintiffs has conferred with counsel for all Defendants, who do not oppose this motion.

For these reasons, Plaintiffs ask the Court to grant this motion. A proposed order is attached.

Dated: September 26, 2023          Respectfully submitted,

/s/ JT Morris                              .
JT Morris
TX Bar No. 24094444
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340

Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org

Conor T. Fitzpatrick*
MI Bar No. P78981
Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
Foundation for Individual Rights
and Expression
510 Walnut St.; Ste. 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
conor.fitzpatrick@thefire.org
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

Counsel for Plaintiffs

4

## CERTIFICATE OF CONFERENCE

Under Local Rule 7.1, I certify that I conferred with Heather Dyer and Charles Eldred, attorneys for Defendants. They indicated that Defendants do not oppose this motion.

/s/ JT Morris
JT Morris
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ JT Morris
JT Morris
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
