IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT, *et al.*,

    Plaintiffs,

v.                                                            2:23-CV-048-Z

WALTER WENDLER, *et al.*,

    Defendants.

**ORDER**

    Before the Court is Plaintiffs' Unopposed Motion for Rule 54(b) Certification of Final Judgment on the Fourth Cause of Action in Plaintiffs' First Amended Complaint ("Motion") (ECF No. 60), filed on September 26, 2023. The Fourth Cause of Action of Plaintiffs' Amended Complaint seeks damages under 42 U.S.C. § 1983 against Defendant Walter Wendler in his individual capacity for allegedly violating Plaintiffs' First Amendment rights. ECF Nos. 60 at 1; 28 at 42–47.

    On September 21, 2023, this Court entered a Memorandum Opinion and Order granting President Wendler's Motion to Dismiss that claim, ruling that President Wendler is entitled to qualified immunity. ECF No. 59 at 8. In the same Memorandum Opinion and Order, this Court also denied Plaintiffs' Amended Motion for a Preliminary Injunction. *Id.* at 1. As Plaintiffs note, under 28 U.S.C § 1292(a)(1), Plaintiffs can immediately appeal the denial of their Amended Motion for Preliminary Injunction. ECF No. 60 at 2. And Plaintiffs are doing so. *Id.*; ECF No. 61. Now, Plaintiffs request certification of final judgment on the Fourth Cause of Action of their Amended Complaint "[t]o facilitate the expeditious and fulsome review of the controlling First Amendment legal questions in this case." ECF No. 60 at 2.

Federal Rule of Civil Procedure 54(b) provides that this Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "Rule 54(b) judgments are not favored, and should be awarded only when necessary to avoid injustice." *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods*, LLC., No. CV 20-2970, 2021 WL 5630892, at *2 (E.D. La. Dec. 1, 2021). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). In deciding whether there are "no just reasons to delay," a district court "must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8.

Here, the analyses concerning Plaintiffs' Fourth Cause of Action remain fact-intensive and underdeveloped. These analyses relate to the nature of the purported message that Plaintiffs' conduct expresses, the relevant forum within which that conduct would take place, "time, place, and manner" considerations, and others. *See* ECF No. 59 at 5–7. And the development of these factual analyses is highly relevant to the corresponding questions of law. Accordingly, the Court cannot say that these analyses merit no further exploration or that there is no just reason for delay. Nor can the Court say that administrative interests or equities involved would be clearly served by a direct entry of judgment here. For these reasons, the Court **DENIES** the Motion.

**SO ORDERED**.

October 3, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE