UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*, <br>               Plaintiffs, <br> v. <br> WALTER WENDLER, *et al.*, <br>               Defendants. | Case No.: 2:23-cv-00048-Z <br><br> Hon. Matthew J. Kacsmaryk |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO RECONSIDER DENIAL OF PLAINTIFFS' UNOPPOSED MOTION FOR RULE 54(B) CERTIFICATION FOR FINAL JUDGMENT ON THE FOURTH CAUSE OF ACTION IN PLAINTIFFS' FIRST AMENDED COMPLAINT**

Under Fed. R. Civ. P. 54(b), Plaintiffs respectfully request that the Court reconsider its October 3, 2023 Order (ECF No. 63) denying entry of final judgment on Plaintiffs' Fourth Cause of Action—the damages claim against President Wendler in his individual capacity, which the Court dismissed on the basis of qualified immunity (ECF No. 59).[1] "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (citation omitted). In addition to the reasons set forth in Plaintiffs' initial motion (ECF No. 60, ¶¶ 10–12), sufficient reasons exist for the Court to reconsider its order

---

[1] "Rule 54(b) permits 'reconsideration of interlocutory orders and authorizes the district court to revise[] at any time any order or other decision . . . [that] does not end the action." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) (quoting *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

1

and conclude that there is no just reason for delaying final judgment and appeal of the Court's dismissal of Plaintiffs' sole damages claim.

First, Plaintiffs respectfully urge the Court to resolve what appears to be a conflict between its order dismissing Plaintiffs' Fourth Cause of Action and its later order denying entry of Rule 54(b) final judgment on that claim. The Court stated in its later order that "the analyses concerning Plaintiffs' Fourth Cause of Action remain fact-intensive and underdeveloped." ECF 63 at 2. "Accordingly, the Court cannot say that these analyses merit no further exploration or that there is no just reason for delay." *Id*. But neither Plaintiffs nor Defendants can develop the factual analyses or further explore the Fourth Cause of Action because the Court dismissed this claim. Parties cannot seek discovery on dismissed claims, including those dismissed under qualified immunity like Plaintiffs' Fourth Cause of Action. *See, e.g.*, *Curry v. Strain*, 262 F. App'x 650, 652 (5th Cir. 2008) (finding no abuse of discretion where district court denied motion to compel because the requested discovery related to dismissed claims); *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("[W]here the pleadings are insufficient to overcome [qualified immunity], the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery."). Because delaying final judgment will not advance factual or other development of Plaintiffs' now-dismissed Fourth Cause of Action, Plaintiffs respectfully urge the Court to reconsider and certify Rule 54(b) final judgment on the Fourth Cause of Action.

Second, Plaintiffs respectfully urge the Court to reconsider to resolve a tension between its order denying Plaintiffs' preliminary injunction motion (ECF No. 59) and

2

its order denying entry of Rule 54(b) final judgment on the Fourth Cause of Action (ECF No. 63). Here, the legal questions underlying Plaintiffs' Fourth Cause of Action are intertwined with those of Plaintiffs' remaining three causes of actions, which are already on interlocutory appeal from the Court's denial of a preliminary injunction. (ECF No. 61). The Court stated in denying a preliminary injunction that "Plaintiffs have not demonstrated they are substantially likely to succeed for the same reasons that President Wendler is entitled to qualified immunity." (ECF No. 59 at 25). Thus, the Court's order denying Rule 54(b) certification could result in *more* piecemeal appeals, defying the historic policy against piecemeal appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980). On the other hand, granting Plaintiffs' motion will meet the basic purpose of Rule 54(b) by avoiding the injustice of a delay in entering final judgment on a claim that is distinct to one defendant, like Plaintiffs' dismissed damages claim is to Defendant Wendler. 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2654 (4th ed.); *c.f. Jones v. Dallas Cnty.*, No. 3:11-CV-2153-D, 2014 WL 1632154, at *9 (N.D. Tex. Apr. 23, 2014) ("Because there are no remaining causes of action asserted against Womble in his individual capacity, the court concludes that he is entitled to entry of a final judgment under Rule 54(b).").

For these reasons and those that Plaintiffs explained in their unopposed Rule 54(b) motion for final judgment on their Fourth Cause of Action, Plaintiffs ask the Court to enter final judgment under Rule 54(b) on Plaintiffs' Fourth Cause of Action.

Dated: October 10, 2023				Respectfully submitted,

/s/ JT Morris
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
Foundation for Individual Rights
and Expression
510 Walnut St.; Ste. 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

Counsel for Plaintiffs

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ JT Morris
JT Morris
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
