IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SPECTRUM WT, BARRETT BRIGHT, and LAUREN STOVALL, *Plaintiffs*, | § § § § | |
| v. | § § | |
| WALTER WENDLER, in his individual capacity and his official capacity as the President of West Texas A&M University, | § § § § | Civil Action No. 2:23-cv-00048-Z |
| CHRISTOPHER THOMAS, in his official capacity as Vice President for Student Affairs at West Texas A&M University, | § § § § § | |
| JOHN SHARP, in his official capacity as Chancellor of the Texas A&M University System, | § § § § § | |
| ROBERT L. ALBRITTON, JAMES R. BROOKS, JAY GRAHAM, MICHAEL A. HERNANDEZ III, TIM LEACH, BILL MAHOMES, ELAINE MENDOZA, MICHAEL J. PLANK, CLIFF THOMAS, and DEMETRIUS L. HARRELL, JR., in their official capacities as members of the Board of Regents of the Texas A&M University System, *Defendants*. | § § § § § § § § § § § § § | |

---

**DEFENDANTS SHARP AND THOMAS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT**

---

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants Christopher Thomas,

in his official capacity as Vice President for Student Affairs at West Texas A&M University, and

John Sharp, in his official capacity as Chancellor of the Texas A&M University System (together,

"these Defendants" or "Sharp and Thomas"), by and through the Office of the Attorney General for the State of Texas, file this their Original Answer to Plaintiffs' First Amended Complaint (the "Complaint") and in their defense respectfully show:

Defendants deny each and every allegation in the Complaint except those expressly admitted below. In addition, Defendants have identified statements in the Complaint that are legal conclusions and non-factual statements, rather than factual allegations; no response to those conclusions or statements is required. However, to the extent a response may be required, these Defendants deny the conclusions and statements in their entirety.

The headings below directly correlate to the headings of the Complaint. These titles and headings are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

## **INTRODUCTION**

1. Paragraph 1 contains legal conclusions and argument to which no response is required, and references to quotes or statements by another defendant speak for themselves. These Defendants do not adopt any interpretation of these statements advocated by Plaintiffs.  This paragraph is also directed at another defendant, so no response is required. To the extent any response is required, these Defendants admit that Walter Wendler is the President of West Texas A&M University. Sharp and Thomas deny any involvement in issuing or writing Wendler's email.

2. Paragraph 2 contains legal conclusions and argument to which no response is required, and the legal decision cited speaks for itself. These Defendants do not adopt any interpretation of these cases advocated by Plaintiffs.

3. Paragraph 3 contains legal conclusions and argument to which no response is required, and the legal decision cited speaks for itself. These Defendants do not adopt any interpretation of these cases advocated by Plaintiffs.

4. Paragraph 4 contains legal conclusions and argument to which no response is required, and references to quotes or statements by another defendant speak for themselves. These Defendants do not adopt any interpretation of these statements advocated by Plaintiffs.  This paragraph is also directed at another defendant, so no response is required. To the extent any response is required, Sharp and Thomas deny that Plaintiffs are at risk of irreparable harm. Sharp and Thomas deny any involvement in issuing or writing Wendler's email.

5. Paragraph 5 contains legal conclusions and argument to which no response is required, and references to statutes speak for themselves. These Defendants do not adopt any interpretation of these statutes advocated by Plaintiffs.  This paragraph is also directed at another defendant, so no response is required. To the extent any response is required, Sharp and Thomas deny any involvement in issuing or writing Wendler's email.

6. Paragraph 6 contains legal conclusions and argument to which no response is required, and references to quotes or statements by another defendant speak for themselves. To the extent any response is required, Sharp and Thomas deny that Plaintiffs are at risk of irreparable harm or that injunctive relief is appropriate.

7. Paragraph 7 contains legal conclusions and argument to which no response is required. This paragraph is also directed at another defendant, so no response is required. To the extent any response is required, these Defendants deny that Plaintiffs have been locked out of a public forum.

8. Paragraph 8 contains legal conclusions and argument to which no response is required. The Board of Regents have also been dismissed from this case, so no answer to that portion of this paragraph is required. To the extent any response is required, Sharp and Thomas deny the allegations in this paragraph.

9. Paragraph 9 contains legal conclusions and argument to which no response is required, and references to statutes speak for themselves. These Defendants do not adopt any interpretation of this statute advocated by Plaintiffs. This paragraph is also directed at another defendant, so no response by these Defendants is required. To the extent any response is required, Sharp and Thomas deny that they have violated Plaintiffs' First Amendment rights or that injunctive relief is appropriate against them. Sharp and Thomas also deny that Plaintiffs can pursue relief against them for any alleged past constitutional harm related to actions or conduct attributable, if at all, to another defendant.

## PARTIES

### The Plaintiffs

10. Admitted.

11. Admitted.

12. Admitted.

13. Defendants admit that Spectrum WT hosts events and had planned a drag show for March 31, 2023 that did not ultimately take place on campus. These Defendants deny "banning" the drag show from campus. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 13, therefore the allegations are denied.

_Defendants' Original Answer to_
_Plaintiffs' First Amended Complaint_

14.   Defendants admit that Barrett Bright is an undergraduate student, the president of Spectrum WT, and was involved in organizing the drag show. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 14, therefore the allegations are denied.

15. Defendants admit that Lauren Stovall is an undergraduate student, the vice president of Spectrum WT, and was involved in organizing the drag show. These Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 15, therefore the allegations are denied.

**The Defendants**

16. Admitted that Wendler is the President of West Texas A&M and has held this post since 2016.  Admitted that presidents of the member institutions of The Texas A&M University System have certain duties as specified by A&M System Policy and Regulations.  The last two sentences of paragraph 16 contain legal conclusions or statements to which no response is required. The remaining allegations in paragraph 16 are denied.

17. Admitted that Thomas is the Vice President of Student Affairs. Thomas denies that he has "principal authority" for the administration of student conduct because that phrase is ambiguous. The last sentence of paragraph 17 contains legal conclusions or statements to which no response is required.  The remaining allegations in paragraph 17 are denied.

18. Admitted that Sharp is the Chancellor of Texas A&M University System and has certain duties and responsibilities related to management of the A&M University System. Certain allegations, including that Wendler will "continue to violate Plaintiffs' constitutional rights," are

*Defendants' Original Answer to*
*Plaintiffs' First Amended Complaint*

legal conclusions or statements to which no response is required. Defendants deny the remaining allegations.

19. The Board of Regents have been dismissed from this case, and no response to this paragraph is required.

20.  The Board of Regents have been dismissed from this case, and no response to this paragraph is required.

21.  The Board of Regents have been dismissed from this case, and no response to this paragraph is required.

22. The Board of Regents have been dismissed from this case, and no response to this paragraph is required.

23.  This paragraph states a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

24. These Defendants deny that this court has subject matter jurisdiction over the claims against them, as each continues to assert their right to sovereign immunity as well as Plaintiffs' lack of standing.

25. Admitted.

26. These Defendants admit that venue is proper but deny that they have taken any actions or that Plaintiffs have been injured by them.

## FACTUAL ALLEGATIONS

*West Texas A&M provides venues, funding, and resources to recognized student organizations.*

27. Admitted.

28. Admitted, except that student organizations must submit applications and meet certain requirements to reserve university facilities for events.

29. Admitted, except that student organizations must submit applications and meet certain requirements to reserve university facilities for events.

30. Admitted.

31. Admitted, except that applications must be submitted, and certain requirements met to reserve university facilities for events.

32. Admitted.

33. Admitted, except that applications must be submitted, and certain requirements met to reserve university facilities for events.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted that the JBK student center is used for a variety of events, except that applications must be submitted, and certain requirements met to reserve university facilities for events.

38. The Texas A&M policy referenced in paragraph 38 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

39. Admitted that the JBK student center is used for a variety of events.

40. In response to paragraph 40, these Defendants are without sufficient information or knowledge to admit or deny the allegations in sections (a)-(o), therefore the allegations are denied. Most of these events took place before Thomas joined West Texas A&M in December 2022. To the extent Plaintiffs rely upon an event calendar or another document to support the allegations in paragraph 40, the best evidence is the document itself and these Defendants do not adopt Plaintiffs' interpretation or characterization of any such document(s).

41. In response to paragraph 41, these Defendants are without sufficient information or knowledge to admit or deny the allegations in sections (a)-(b), therefore the allegations are denied. These events took place before Thomas joined West Texas A&M in December 2022. To the extent Plaintiffs rely upon an event calendar or another document to support the allegations in paragraph 41, the best evidence is the document itself and these Defendants do not adopt Plaintiffs' interpretation or characterization or any such document(s).

42. Admitted that student organizations can co-sponsor events with off-campus organizations, but the remaining allegations of paragraph 42 are denied.

43. Admitted.

44. Admitted.

45. The West Texas A&M policy referenced in paragraph 45 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

46. The West Texas A&M policy referenced in paragraph 46 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

47. The West Texas A&M policy referenced in paragraph 47 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

48.  Admitted that registered student organizations or university departments are not charged a rental fee to use the space, but they may be charged other related fees for audio/visual, set-up, staffing, security, and any special equipment required (if applicable). Admitted that non-university persons must pay a rental fee.

49. The West Texas A&M policy referenced in paragraph 49 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

50. The West Texas A&M policy referenced in paragraph 50 speaks for itself. These Defendants do not adopt Plaintiffs' interpretation of this provision.

*Spectrum WT plans "A Fool's Drag Race" for March 31, 2023.*

51. Admitted, except that applications must be submitted, and certain requirements met to reserve university facilities or events.

52. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 52, so the allegations are denied.

53. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 53, so the allegations are denied.

54. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 54 premised on Spectrum WT's intent, so the allegations are denied.

55. These Defendants admit that at some point Spectrum WT submitted an application and began the process to hold an event in Legacy Hall on March 31, 2023.

56. This paragraph calls for legal conclusions to which no response is required. To the extent a response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 56, so the allegations are denied.

57. These Defendants admit that a Friday evening event was unlikely to disrupt West Texas A&M's education functions. These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 57, so the allegations are denied.

58. To the extent the allegations in this paragraph are based on a document or statement, the best evidence is the statement itself. These Defendants do not adopt Plaintiffs' interpretation or characterization of any such document(s). To the extent a response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 58, so the allegations are denied.

59. To the extent the allegations in this paragraph are based on a document or statement, the best evidence is the statement itself. These Defendants do not adopt Plaintiffs' interpretation or characterization of any such document(s). To the extent a response is required, these Defendants admit that protests on campus took place on or around the end of March 2023, but they otherwise lack sufficient knowledge to admit or deny the allegations in paragraph 59, so the allegations are denied.

60. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 60 regarding what unspecified administrators and staff knew in January 2023, so the allegations are denied.

61. The allegations in paragraph 61 are ambiguous, as these Defendants do not understand what Plaintiffs mean by a policy "limiting persons or groups" or "subject matter." Therefore, they lack sufficient knowledge to admit or deny the allegations in paragraph 61, so the allegations are denied. In further response, these Defendants admit that to the extent there are written policies or guidelines governing when and how campus event spaces can be used, those policies or guidelines speak for themselves.

*Spectrum WT's planned drag show follows a long history of drag as performance art.*

62. Paragraph 62 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 62, so the allegations are denied.

63. Paragraph 63 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 63, so the allegations are denied.

64. Paragraph 64 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 64, so the allegations are denied.

65. Paragraph 65 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 65, so the allegations are denied.

66. Paragraph 66 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 66, so the allegations are denied.

67. Paragraph 67 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 67, so the allegations are denied.

68. Defendants admit that there is a picture of a Powder Puff football game dated 1961 with men dressed as cheerleaders.  Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 68, so the allegations are denied.

69. Paragraph 69 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 69, so the allegations are denied.

70. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 70 regarding what the public thinks, so the allegations are denied.

71. Paragraph 71 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 71, so the allegations are denied.

72. Paragraph 72 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 72, so the allegations are denied.

73. Paragraph 73 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 73, so the allegations are denied.

74. Defendants admit that proceeds from the March 2023 drag show were to be donated to a charity. These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 74 regarding Plaintiffs' intent, so the allegations are denied.

75. Paragraph 75 contains legal conclusions, argument, and/or statements to which no response is required. To the extent any response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 75, so the allegations are denied.

76. These Defendants admit that the proposed event was described by Plaintiffs as "PG-13" but lack sufficient knowledge to admit or deny the allegations in paragraph 76 regarding Plaintiffs' intent, so the allegations are denied.

77. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 77 regarding knowledge of unidentified administrators and staff, so the allegations are denied.

78. These Defendants admit that the proposed event was described by Plaintiffs as "PG-13" but lack sufficient knowledge to admit or deny the allegations in paragraph 78 regarding the understanding of unidentified administrators and staff, so the allegations are denied.

79. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 79, so the allegations are denied.

80. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 80, so the allegations are denied.

81. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 81, so the allegations are denied.

82. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 82, so the allegations are denied.

83. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 83 regarding Spectrum WT's intent, so the allegations are denied.

*Spectrum WT navigates the event approval process with help from West Texas A&M staff.*

84. The referenced handbook speaks for itself. These Defendants do not adopt Plaintiffs' interpretation or characterization of the referenced handbook.

85. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 85, so the allegations are denied.

86. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 86 regarding expressions made by unspecified administrators, so the allegations are denied.

87. The referenced email speaks for itself, and these Defendants do not adopt Plaintiffs' interpretation or characterization of it. If further response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 87, so the allegations are denied.

88. The referenced email speaks for itself, and these Defendants do not adopt Plaintiffs' interpretation or characterization of it. If further response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 88, so the allegations are denied.

89. The referenced policy speaks for itself, and these Defendants do not adopt Plaintiffs' interpretation or characterization of it. If further response is required, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 89, so the allegations are denied.

90.   These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 90, so the allegations are denied.

91.   These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 91, so the allegations are denied. To the extent Plaintiffs are referencing a document, the document speaks for itself and these Defendants do not adopt Plaintiffs' interpretation or characterization of it.

92. Admitted that West Texas A&M generally does not permit advertising of the scheduled event unless or until it has changed from "tentative" to "confirmed" status.

93. Admitted.

94. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 94, so the allegations are denied.

95. These Defendants admit that there were posters related to this event but lack sufficient knowledge to admit or deny the remaining allegations in paragraph 95, so the allegations are denied.

96. These Defendants admit that an Eventbrite page was created for this event but lack sufficient knowledge to admit or deny the remaining allegations in paragraph 96, so the allegations are denied.

97. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 97 regarding whether Spectrum WT sold tickets through Eventbrite, so the allegations are denied.

98. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 98, so the allegations are denied.

99. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 99, so the allegations are denied. To the extent Plaintiffs reference an email, the email speaks for itself and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it.

100. The email(s) referenced in paragraph 100 speaks for itself, and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it. These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 100, so the allegations are denied.

101. Without additional context, these Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 101 regarding what Plaintiffs reference as "performance verification," so the allegations are denied.

102. Paragraph 102 contains legal conclusions and argument concerning another defendant to which no response is required. To the extent a response is required, these Defendants lack

sufficient knowledge to admit or deny the allegations in paragraph 102 regarding what prevented Spectrum WT from obtaining a "confirmed" status for their event prior to Wendler's cancellation, so the allegations are denied. These Defendants otherwise deny that they cancelled Spectrum WT's planned event or played any role in Wendler's email statement.

*President Wendler spurns the approval process, cancelling and condemning the charity drag show.*

103. The email referenced in paragraph 103 speaks for itself, and these Defendants do not adopt Plaintiffs' interpretation or characterization of it. In further response to paragraph 103, Thomas admits that he sent a March 20, 2023 email.

104. Admitted that Thomas met with Bright on March 20, 2023, and informed Bright that President Wendler had cancelled the drag show. Thomas denies playing any role in that decision or that he had authority to override or countermand Wendler's decision.

105. These Defendants admit that Wendler sent an email on March 20, 2023 explaining that he had cancelled the drag show. The best evidence of this email is the email itself, and these Defendants do not adopt Plaintiffs' interpretation or characterization of it. These Defendants deny playing any role related to the email.

106. These Defendants admit that Wendler posted the contents of his email to his personal blog. These Defendants deny playing any role in the email or the blog post.

107. This paragraph contains legal conclusions and argument that do not require a response. To the extent a response is required, the best evidence of Wendler's email referenced in paragraph 107 is the email itself, and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it. These Defendants deny playing any role related to the email.

108. The best evidence of Wendler's email referenced in paragraph 108 is the email itself, and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it. These Defendants deny playing any role related to the email.

109. This paragraph contains legal conclusions and argument that do not require a response. To the extent a response is required, the best evidence of Wendler's email referenced in paragraph 109 is the email itself, and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it. These Defendants deny playing any role related to the email.

110. The best evidence of Wendler's email referenced in paragraph 110 is the email itself, and these Defendants do not adopt Plaintiffs' interpretation or characterizations of it. These Defendants deny playing any role related to the email.

111. Admitted that Thomas had not received any formal or informal complaints from students or staff that a drag show would constitute harassment of any individual or group. These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 111, so the allegations are denied.

112. These Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 112, so the allegations are denied. Thomas did not join West Texas A&M until December 2022.

113. Admitted that the event was listed in "confirmed" status.  These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 113, so the allegations are denied.

114. These Defendants admit that they did not provide a rationale for the cancellation because they played no role in the decision to cancel the event, but deny that no rationale was provided because Wendler's rationale was conveyed to Plaintiffs. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 114 as it pertains to other Defendants or staff, so the remaining allegations are denied.

115.  These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 115, so the allegations are denied.

116. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 116 regarding a letter received by Wendler, so the allegations are denied. These Defendants deny personally receiving a letter from FIRE.

117. These Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 117, so the allegations are denied.

118. These Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 118, so the allegations are denied. These Defendants admit that they did not respond to the FIRE letter because it was not sent to either of them.

119. These Defendants admit that Wendler has not removed his email statement or his blog post.

120. The allegations in this paragraph are ambiguous due to the use of the terms "disavowed" and "edict", but Defendants admit that neither has publicly called for Wendler to withdraw his email statement.

121. This paragraph contains legal conclusions and argument directed at another defendant that do not require a response. To the extent a response is required, these Defendants deny that they have violated Plaintiffs' First Amendment rights.

*After President Wendler exiled the first drag show from campus, Plaintiffs planned future events are in jeopardy.*

122. Admitted that the 2023 drag show was held at an alternative venue. These Defendants otherwise lack sufficient knowledge to admit or deny the allegations in paragraph 122, so the allegations are denied.

123. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 123, so the allegations are denied.

124. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 124, so the allegations are denied.

125. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 125, so the allegations are denied.

126. These Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 126, so the allegations are denied.

127. Admitted that Spectrum WT has organized practices and other events on campus since March 2023 that have proceeded as planned, and that Spectrum WT has submitted a reservation request to hold a drag show on March 22, 2024. Except as admitted herein, Defendants lack sufficient knowledge as to Plaintiffs' intentions for other future "drag shows and similar events," so the allegations are denied.

128. The allegations in paragraph 128 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 128, so the allegations are denied.

129. The allegations in paragraph 129 are directed at another defendant, so no response is required. To the extent a response is required, the best evidence of the procedure and guidelines referenced by Plaintiffs are the procedures and guidelines themselves. These Defendants do not adopt any interpretation or characterization of the procedures and guidelines put forth by Plaintiffs.

130. Admitted that several of Spectrum WT's planned events, such as Queer Movie Night, have been held as planned, and that Spectrum WT has reserved space to hold a drag show on March 22, 2024.  These Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 130, so the allegations are denied.

## **INJURIES TO PLAINTIFFS**

131. These Defendants deny that they played any role in the March 2023 event cancellation decision, deny that they have injured Plaintiffs, and deny that they have violated Plaintiffs' First Amendment rights. The allegations in paragraph 131 are also denied because retrospective relief for the event cancellation is not available against these Defendants.

132. These Defendants admit that student groups can use campus venues for student activities subject to certain procedures and guidelines and that Bright and Stovall likely paid student fees. These Defendants deny that they played any role in the March 2023 event cancellation decision, deny that they have injured Plaintiffs, and deny that they have violated Plaintiffs' First

Amendment rights. The allegations in paragraph 132 are also denied because retrospective relief for the event cancellation is not available against these Defendants.

133. These Defendants deny that they played any role in the March 2023 event cancellation decision, deny that they have injured Plaintiffs, and deny that they have violated Plaintiffs' First Amendment rights. The allegations in paragraph 133 are also denied because retrospective relief for the event cancellation is not available against these Defendants.

134. The allegations in paragraph 134 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants lack any knowledge of an "ongoing edict" and deny that they played any role in the March 2023 event cancellation decision, deny that they have injured Plaintiffs, and deny that they have violated Plaintiffs' First Amendment rights.

135. The allegations in paragraph 135 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they played any role in the March 2023 event cancellation decision, deny that they have injured Plaintiffs, and deny that they have violated or continue to violate Plaintiffs' First Amendment rights. These Defendants deny any chilling effect on Plaintiffs' planned activities.

136. The allegations in paragraph 136 are denied. These Defendants deny that Plaintiffs have been injured as alleged, deny that these Defendants have injured Plaintiffs, and deny that they have violated Plaintiffs' First Amendment rights.

137. The allegations in paragraph 137 are denied.

138. The allegations in paragraph 138 are directed at another defendant, and no response is required. To the extent a response is required, these Defendants deny that they have placed

Plaintiffs in concrete and imminent danger of event cancellations, deny that they have injured Plaintiffs, and deny that they have violated or continue to violate Plaintiffs' First Amendment rights.

139.  The allegations in paragraph 139 are directed at another defendant, and no response is required. To the extent a response is required, these Defendants deny that they have injured Plaintiffs and deny that they have violated or continue to violate Plaintiffs' First Amendment rights.

140. The allegations in paragraph 140 are directed at a different defendant, and no response is required. To the extent a response is required, these Defendants lack knowledge regarding the time and resources Plaintiffs allegedly used to plan and promote the March 2023 event and deny that retrospective relief as requested in paragraph 140 can be obtained against these Defendants in their official capacities. These Defendants further deny that they played any role in the March 2023 event cancellation decision and deny that they have injured Plaintiffs.

141. Admitted that Spectrum WT received Tentative Confirmation for their event. These Defendants otherwise lack sufficient knowledge to admit or deny the remaining allegations in paragraph 141, so the allegations are denied.

142. The allegations in paragraph 142 are directed at another Defendant, so no response is required. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision, deny that they have injured Plaintiffs, deny that they have violated or continue to violate Plaintiffs' First Amendment rights, and deny that retrospective relief

related to the 2023 event cancellation decision is available against these official capacity Defendants.

143. The allegations in paragraph 143 are denied. These Defendants deny that they played any role in the 2023 event cancellation decision, deny that they have injured Plaintiffs, deny that they have violated or continue to violate Plaintiffs' First Amendment rights, and deny that retrospective relief related to the 2023 event cancellation decision is available against these official capacity Defendants.

144. The allegations in paragraph 144 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision, deny that they have injured Plaintiffs, deny that they have violated or continue to violate Plaintiffs' First Amendment rights, and deny that retrospective relief related to the 2023 event cancellation decision is available against these official capacity Defendants. These Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 144, so the allegations are denied.

145. The allegations in paragraph 145 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision, deny that they have injured Plaintiff as alleged in this paragraph, and deny that they have violated or continue to violate Plaintiff's First Amendment rights.

## FIRST CAUSE OF ACTION
### First Amendment Violation (Injunctive and Declaratory Relief)
### Freedom of Speech - Viewpoint Discrimination (42 U.S.C.
### § 1983)

**(All Plaintiffs against all Defendants in their official capacities)**

146. These Defendants re-allege and re-incorporate their answers to paragraphs 1-145 as if fully restated herein.

147. Paragraph 147 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

148. Paragraph 148 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

149. Paragraph 149 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

150. Paragraph 150 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

151.  Paragraph 151 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

152. Paragraph 152 is directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny playing any role in the March 2023 event

cancellation decision and deny that they have violated or continue to violate Plaintiffs' First Amendment rights.

153. Paragraph 153 is directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they engaged in unconstitutional viewpoint discrimination.

154. Paragraph 154 is directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they have engaged in unconstitutional viewpoint discrimination.

155. Paragraph 155 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not violating Plaintiffs' First Amendment rights.

156. Paragraph 156 is directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision or Dr. Wendler's email.

157. The allegations in paragraph 157 are denied. These Defendants further respond that retrospective relief related to the 2023 event cancellation is not available against them.

158. The allegations against Sharp in paragraph 158 are denied. This claim has been dismissed against the Board of Regents, so no response to the portion of paragraph 158 pertaining to them is required.

159. The allegations in paragraph 159 are directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny that there has been any

chilling effect on Plaintiffs, deny that they played any role in the 2023 event cancellation decision or corresponding email and deny that they have violated or continue to violate Plaintiffs' First Amendment rights.

160. Paragraph 160 is directed at another defendant, so no response is required. To the extent a response is required, these Defendants deny playing any role in the 2023 event cancellation decision or any purported resulting "policy," and deny that they violated or continue to violate Plaintiffs' First Amendment rights.

161. The allegations in paragraph 161 are denied to the extent they pertain to these Defendants.

162. Paragraph 162 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in unconstitutional viewpoint discrimination or that they have harmed Plaintiffs.

163. Paragraph 163 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

164. Paragraph 164 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, the allegations are denied.

165. Paragraph 165 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not engaged in unconstitutional viewpoint discrimination.

166.   Paragraph 166 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because these Defendants have not and are not engaged in unconstitutional viewpoint discrimination.

167.   Paragraph 167 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied because no controversy exists between Plaintiffs and these Defendants, and these Defendants have not and are not engaged in unconstitutional viewpoint discrimination.

**SECOND CAUSE OF ACTION**
**First Amendment Violation (Injunctive and Declaratory Relief)**
**Freedom of Speech—Exclusion from a Public Forum**
**(42 U.S.C. § 1983)**
**(All Plaintiffs against all Defendants in their official capacities)**

168. These Defendants re-allege and re-incorporate their answers to paragraphs 1- 167 as if fully restated herein.

169. Admitted that West Texas A&M permits student organizations to utilize facilities and resources for expressive activities subject to certain procedures and guidelines.

170. Paragraph 170 contains legal conclusions and argument to which no response is required. To the extent a response is required, paragraph 170 is so vague and overbroad that these Defendants lack information necessary to admit or deny the allegations, so they are denied. These Defendants deny that all of West Texas A&M University is a public forum.

171. Paragraph 171 contains legal conclusions and argument to which no response is required. To the extent a response is required, paragraph 171 is so vague that these Defendants lack information necessary to admit or deny the allegations, so they are denied.

172. Paragraph 172 contains legal conclusions and argument to which no response is required. To the extent a response is required, paragraph 172 is so vague that these Defendants lack information necessary to admit or deny the allegations, so they are denied. These Defendants do admit that Legacy Hall is available to student organizations to reserve for events subject to procedures, guidelines, and other requirements including a risk assessment, if applicable.

173. Paragraph 173 contains legal conclusions and argument to which no response is required. To the extent a response is required, paragraph 173 is so vague that these Defendants lack information necessary to admit or deny the allegations, so they are denied.

174. Paragraph 174 contains legal conclusions and argument to which no response is required. To the extent a response is required, paragraph 174 is so vague that these Defendants lack information necessary to admit or deny the allegations, so they are denied.

175. Paragraph 175 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M on the basis of alternative available venues.

176.  Paragraph 176 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M or violated Plaintiffs' First Amendment rights.

177. Paragraph 177 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have denied

Plaintiffs access to any designated public forum at West Texas A&M, deny that they have imposed content or viewpoint-based restrictions on Plaintiffs, and deny that they have violated Plaintiffs' First Amendment rights.

178. Paragraph 178 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M or violated Plaintiffs' First Amendment rights.

179. Paragraph 179 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M or violated Plaintiffs' First Amendment rights.

180. Paragraph 180 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M or violated Plaintiffs' First Amendment rights.

181. Paragraph 181 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M, deny that they played any role in the 2023 event cancellation decision, and deny that they have violated Plaintiffs' First Amendment rights.

182. Paragraph 182 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants admit that Legacy Hall is made available for a wide range of events subject to certain procedures, guidelines, and risk assessments. These Defendants otherwise deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M, deny that they played any role in the 2023 event cancellation decision or Wendler's email explanation for the cancellation, and deny that they have violated Plaintiffs' First Amendment rights.

183. Paragraph 183 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision or Wendler's email explanation for the cancellation, deny that they have imposed content-based or viewpoint-based prohibitions, and deny that they have violated Plaintiffs' First Amendment rights.

184. The allegations in paragraph 184 are denied.

185. The allegations in paragraph 185 pertaining to Sharp are denied. This claim against the Board of Regents has been dismissed, so no response is required to the remaining allegations in paragraph 185.

186. Paragraph 186 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision or Wendler's email explanation for the cancellation, deny that they have prohibited Plaintiffs from holding events on campus, and deny that they have violated Plaintiffs' First Amendment rights.

187. Paragraph 187 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have denied Plaintiffs access to any designated public forum at West Texas A&M, deny that they played any role in the 2023 event cancellation decision, and deny that they have violated Plaintiffs' First Amendment rights.

188. Paragraph 188 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

189. Paragraph 189 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

190. Paragraph 190 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

191. Paragraph 191 contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

## THIRD CAUSE OF ACTION
### First Amendment Violation (Injunctive and Declaratory Relief)
### Prior Restraint on Freedom of Speech
### (42 U.S.C. § 1983)
### (All Plaintiffs against All Defendants in their Official Capacities)

192. These Defendants re-allege and re-incorporate their answers to paragraph 1-191 as if fully restated herein.

193. Paragraph 193 contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in prior restraint of Plaintiffs' speech.

194. Paragraph 194 contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have engaged in prior restraint of Plaintiffs' speech.

195. These Defendants admit that student organizations must reserve certain campus spaces in order to hold events in those spaces.

196. To the extent this paragraph references a document or application, the best evidence is the document itself. These Defendants do not adopt Plaintiffs' interpretation or characterization of the document. In further answer, these Defendants admit that student organizations must provide logistical details and descriptions of the event they intend to hold in certain campus spaces.

197. To the extent this paragraph references a document or application, the best evidence is the document itself. These Defendants do not adopt Plaintiffs' interpretation or characterization of the document. In further answer, these Defendants admit that student organizations must provide requested information for events intended to be held in certain campus spaces for purposes of a risk and safety assessment.

198. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that the campus space reservation process is an unconstitutional restraint on Plaintiffs' speech. Chancellor Sharp further denies that he plays any role in the campus space reservation process.

199. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

200. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

201. This paragraph contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

202. This paragraph contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

203. This paragraph contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they played any role in the 2023 event cancellation decision or Wendler's email explaining the cancellation, and they deny that they have engaged in the prior restraint of Plaintiffs' speech.

204. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

205. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

206. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

207. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

208. This paragraph contains legal conclusions and argument to which no response is required. It is also directed at another defendant. To the extent a response is required, these Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

209. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

210. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied. These Defendants deny that they have engaged in the prior restraint of Plaintiffs' speech.

211. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

212. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied. These Defendants deny that they are engaging in the prior restraint of Plaintiffs' speech.

213. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

214. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

215. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied.

216. This paragraph contains legal conclusions and argument to which no response is required. To the extent a response is required, the allegations are denied. These Defendants specifically deny that a justiciable controversy exists and deny that they are engaging in the prior restraint of Plaintiffs' speech.

## FOURTH CAUSE OF ACTION
### First Amendment Violation (Damages)
### Direct and Retaliatory Infringements of Freedom of Speech
### (42 U.S.C. § 1983)
### (All Plaintiffs against President Wendler in his individual capacity)

217. The court has dismissed this cause of action, and no response is required.

218. The court has dismissed this cause of action, and no response is required.

219. The court has dismissed this cause of action, and no response is required.

220. The court has dismissed this cause of action, and no response is required.

221. The court has dismissed this cause of action, and no response is required.

222. The court has dismissed this cause of action, and no response is required.

223. The court has dismissed this cause of action, and no response is required.

224. The court has dismissed this cause of action, and no response is required.

225. The court has dismissed this cause of action, and no response is required.

226. The court has dismissed this cause of action, and no response is required.

227. The court has dismissed this cause of action, and no response is required.

228. The court has dismissed this cause of action, and no response is required.

229. The court has dismissed this cause of action, and no response is required.

230. The court has dismissed this cause of action, and no response is required.

231. The court has dismissed this cause of action, and no response is required.

232. The court has dismissed this cause of action, and no response is required.

233. The court has dismissed this cause of action, and no response is required.

234. The court has dismissed this cause of action, and no response is required.

235. The court has dismissed this cause of action, and no response is required.

236. The court has dismissed this cause of action, and no response is required.

237. The court has dismissed this cause of action, and no response is required.

238. The court has dismissed this cause of action, and no response is required.

239. The court has dismissed this cause of action, and no response is required.

240. The court has dismissed this cause of action, and no response is required.

241. The court has dismissed this cause of action, and no response is required.

242. The court has dismissed this cause of action, and no response is required.

243. The court has dismissed this cause of action, and no response is required.

244. The court has dismissed this cause of action, and no response is required.

245. The court has dismissed this cause of action, and no response is required.

246. The court has dismissed this cause of action, and no response is required.

247. The court has dismissed this cause of action, and no response is required.

248. The court has dismissed this cause of action, and no response is required.

249. The court has dismissed this cause of action, and no response is required.

## **PRAYER FOR RELIEF**

These Defendants deny that Plaintiffs are entitled to any of the requested relief against

*Defendants' Original Answer to*
*Plaintiffs' First Amended Complaint*

them.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Pleading further, Defendants assert the following affirmative and other defenses. Defendants reserve the right to amend their answer to include additional defenses throughout the course of this case.

1.     Plaintiffs' claims, in whole or in part, are barred by sovereign immunity.

2.     Plaintiffs' lack standing to bring these claims against these Defendants.

3.     Plaintiffs seek improper retrospective relief that is barred by these Defendants' entitlement to sovereign immunity.

4.   Plaintiffs' claims against these Defendants are based on supervisory liability or respondeat superior theories of liability and must therefore be dismissed.

5.   Plaintiffs' claims are moot.

6.   Plaintiffs' claims are not ripe.

7.   Plaintiffs' claims are barred, in whole or in part, by laches, waiver, estoppel, or unclean hands.

8.   Plaintiffs' own acts or omissions caused or contributed to their injuries, if any.

9.   Plaintiffs failed to mitigate their damages, if any.

10. Plaintiffs' damages, if any, are subject to the applicable damage cap(s).

11. Plaintiffs' claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

12. Plaintiffs' claims against these Defendants should be dismissed for lack of subject-matter jurisdiction.

13. Plaintiffs' claims against these Defendants should be dismissed for failure to state claims for which relief can be granted.

14. Dr. Thomas and Chancellor Sharp at all times acted in accordance with the United States Constitution.

15. Since Plaintiffs have not sustained any injury or damage as a result of any actions taken by these Defendants, they should be barred from recovering against them. Equity and justice bar Plaintiffs' recovery of attorneys' fees from these Defendants in this lawsuit.

## CONCLUSION & PRAYER

Defendants Thomas and Sharp request that this Court enter judgment for them and against Plaintiffs, dismiss Plaintiffs' claims with prejudice, award these Defendants their costs, and grant these Defendants such other relief to which they may be entitled.

Respectfully submitted.

**KEN PAXTON**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**

Chief, General Litigation Division

*/s/ Allison M. Collins*

**ALLISON M. COLLINS**
Texas Bar No. 24127467
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
Allison.Collins@oag.texas.gov
**COUNSEL FOR DEFENDANTS THOMAS AND SHARP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served electronically on all counsel of record through the electronic-filing manager on this the 8th day of January, 2024.

*/s/ Allison M. Collins*

**ALLISON M. COLLINS**

Assistant Attorney General