UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SPECTRUM WT, *et al.*, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00048 |
| | § | |
| WALTER WENDLER, *et al.*, | § | |
|     *Defendants.* | § | |

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Walter Wendler files this Answer to the Amended Complaint, *Spectrum WT v. Wendler*, No. 2:23-cv-00048, ECF 28 (N.D. Tex. April 18, 2023), filed by Spectrum WT, Barrett Bright, and Lauren Stovall (collectively "Plaintiffs").

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation in Plaintiffs' Amended Complaint except for those expressly admitted here. The paragraphs below directly correlate to the numbered paragraphs of Plaintiffs' Amended Complaint.

1. Defendant admits that President Wendler sent an email in March 2023 explaining his decision to cancel the drag show. Defendant denies the remaining allegations in this paragraph.

2. Denied.

3. Denied.

4. Defendant admits that President Wendler cancelled the drag show on March 20,

2023. Defendant denies the remaining allegations in this paragraph.

5.      Defendant admits that Tex. Educ. Code § 51.9315(g) states: "An institution of higher education may not take action against a student organization or deny the organization any benefit generally available to other student organizations at the institution on the basis of a political, religious, philosophical, ideological, or academic viewpoint expressed by the organization or of any expressive activities of the organization." Defendant denies the remaining allegations in this paragraph.

6.      Defendant denies that there is any ongoing harm being suffered by plaintiffs. Plaintiffs have held several events on-campus this school year, including a "Queer History Night."[1] Plaintiffs have also utilized campus facilities for drag show practice, protests, and numerous other events. ROA541. Defendant denies the remaining allegations in this paragraph.

7.      Denied. *See* 6.

8.      Defendant denies that the Texas A&M University System Board of Regents or Chancellor John Sharp have engaged in or that there are reasonable grounds to believe that they have engaged in any act or practice prohibited by the First Amendment.

9.      Defendant admits that 42 U.S.C. § 1983 grants federal courts jurisdiction over certain violations of constitutional law. Defendant denies the remaining allegations in this paragraph.

## PARTIES

10.     Admit.

11.     Admit.

---

[1] Instagram.com/wtamuspectrum/

2

12. Admit.

13. Defendant admits that Plaintiff Spectrum WT hosts periodic events on campus. *See* 6. Defendant denies the remaining allegations in this paragraph.

14. Defendant admits that plaintiff Bright is an undergraduate student enrolled at West Texas A&M. Defendant denies the remaining allegations in this paragraph.

15. Defendant admits that plaintiff Stovall is an undergraduate student enrolled at West Texas A&M. Defendant denies the remaining allegations in this paragraph.

16. Admit.

17. Defendant admits that Christopher Thomas is the Vice President of Student Affairs at West Texas A&M. Defendant denies the remaining allegation in this paragraph.

18. Defendant admits that John Sharp is the Chancellor of the Texas A&M University System. Defendant denies the remaining allegations in this paragraph.

19. Defendant admits that Tex. Educ. Code § 85.21(a) applies to the Board of Regents of the Texas A&M University System. Defendant denies the remaining allegations in this paragraph.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

## JURISDICTION AND VENUE

24. Defendant admits that this action was brought under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Declaratory Judgments

Act, 28 U.S.C. §§ 2201–2202. Defendant however denies that Plaintiffs can meet their burden of proof to demonstrate this Court's jurisdiction over all claims and relief sought in this case.

25. Defendant admits that this Court has personal jurisdiction.

26. Defendant admits that venue is proper in this district.

## FACTUAL ALLEGATIONS

27. Admit.

28. Denied.

29. Defendant denies that the JBK Student center is a facility that student organizations are entitled to use. Defendant otherwise admits the remaining allegations in this paragraph.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Defendant denies that all of the examples of "events and expressive activities" are inherently expressive activities. Defendant otherwise admits the remaining allegations in this paragraph.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Admit.

48. Admit.

49. Admit.

50. Admit.

51. Admit.

52. Defendant admits that plaintiffs submitted an event proposal with this title. Defendant denies the remaining allegations in this paragraph.

53. Denied.

54. Defendant denies that Spectrum WT intended to use any school facilities or resources for expressive activities. Defendant admits the remaining allegations in this paragraph.

55. Admit.

56. Denied.

57. Denied.

58. Admit.

59. Admit.

60. Defendant denies that any particular administration or staff member had specific knowledge of Spectrum WT's intent to host a drag show. Defendant admits the remaining allegations in this paragraph.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied insofar as this paragraph characterizes "drag" as a "feature" of campus life. Defendant admits the remaining allegations in this paragraph.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Admit.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Admit.

83. Denied.

84. Admit.

85. Admit.

86. Denied.

87. Admit.

88. Admit.

89. Admit.

90. Admit.

91. Admit.

92. Admit.

93. Denied.

94. Admit.

95. Admit

96. Denied.

97. Denied.

98. Denied.

99. Admit.

100. Admit.

101. Denied.

102. Denied.

103. Admit.

104. Admit.

105. Denied insofar as the email being sent exactly "half an hour later." Defendant admits the remaining allegations in this paragraph.

106. Admit.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Admit.

113. Denied.

114. Denied.

115. Denied.

116. Defendant admits that FIRE sent a letter to President Wendler. Defendant denies the remaining allegations in this paragraph.

117. Admit.

118. Denied.

119. Admit.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Defendant admits that Plaintiff Spectrum WT has subsequently held a university-authorized "Queer History Night" on campus. *See* 6. Defendant denies the remaining allegations in this paragraph.

## INJURIES TO PLAINTIFFS

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

## FIRST CAUSE OF ACTION

146. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

147. Denied.

148. Denied. Plaintiffs' citation from *Healy* is accurately transcribed. *Healy* however concerned whether a university could deny recognition to a student group because the individuals "posed a substantial threat of material disruption" to the university. *Healy v. James*, 408 U.S. at 189-91, 92 S.Ct. 2338. Federal Courts, in reviewing *Healy*, have stated that there are "interesting questions regarding the tension between some students' free-speech rights and other students' Title IX rights to receive an education absent sex discrimination in the form of sexual harassment."

11

*Yeasin v. Durham*, 719 Fed.Appx. 844, 850 (C.A.10 (Kan.), 2018).

  149. Denied. Plaintiffs misstate the holdings in *Rosenberger*.

  150. Defendant admits that the citation from *Chiu* is accurately transcribed. The Fifth Circuit subsequently found however that *Chiu* did not apply when the facts differed substantially from those in *Chiu*, which dealt with the right of an adult to provide "relevant materials to a public forum dedicated to adult dialogue" on mathematics instruction. *Morgan v. Swanson*, 755 F.3d 757, 761 (C.A.5 (Tex.),2014). Defendant denies the remaining allegations in this paragraph.

  151. Defendant admits that the citation from *Papish* is accurately transcribed. That same opinion however recognized "a state university's undoubted prerogative to enforce reasonable rules governing student conduct." *Papish v. Board of Curators of University of Missouri*, 93 S.Ct. 1197, 1199, 410 U.S. 667, 669–70 (U.S.Mo. 1973). Defendant denies the remaining allegations in this paragraph.

  152. Denied.

  153. Denied.

  154. Denied.

  155. Defendant admits that the citation from *Robinson* is accurately transcribed. The facts of that case however differed substantially from those in the present matter and the Fifth Circuit did not find that the plaintiffs' First Amendment rights had been violated. Defendant denies the remaining allegations in this paragraph.

  156. Denied.

  157. Denied.

  158. Denied.

159. Denied. *See* 6.

160. Denied.

161. Denied. And, on information and belief, Plaintiffs were able to hold all of these events.

162. Denied.

163. Denied.

164. Denied. *See* 6.

165. Denied.

166. Defendant admits that Tex. Educ. Code § 51.9315(g) states: "An institution of higher education may not take action against a student organization or deny the organization any benefit generally available to other student organizations at the institution on the basis of a political, religious, philosophical, ideological, or academic viewpoint expressed by the organization or of any expressive activities of the organization." Defendant denies the remaining allegations in this paragraph.

167. Defendant denies that plaintiffs are entitled to any of the relief mentioned herein.

## SECOND CAUSE OF ACTION

168. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

169. Admit.

170. Denied. Defendant notes that *Widmar* was a Free Exercise case, not a Free Speech case. And, in his dissent. Justice Byron White wrote that "compliance with the regulation would require them to meet "about a block and a half" from campus under conditions less comfortable

13

than those previously available on campus. I view this burden on free exercise as minimal." *Widmar v. Vincent*, 102 S.Ct. 269, 284, 454 U.S. 263, 288–89 (U.S.,1981)

 171. Denied. Legacy Hall and other JBK Student Center Spaces are deemed "limited public forums" under West Texas A&M Policy No. 08.99.99.R1 ("Expressive Activity on Campus").

 172. Denied. Legacy Hall and other JBK Student Center Spaces are held out as "limited public forums" under West Texas A&M Policy No. 08.99.99.R1 ("Expressive Activity on Campus ").

 173. Denied.

 174. Denied. Legacy Hall and other JBK Student Center Spaces are deemed "limited public forums" under West Texas A&M Policy No. 08.99.99.R1 ("Expressive Activity on Campus ").

 175. Defendant admits that the citation from *Se. Promotions, Ltd.* is accurately transcribed. Defendant maintains that the citation however is not dispositive and that subsequent justices have held a different view. *See* 170. Defendant denies the remaining allegations in this paragraph.

 176. Denied.

 177. Denied.

 178. Denied.

 179. Denied.

 180. Denied.

 181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied. Plaintiffs have not shown that they were unable to hold any planned events during the Fall 2023 semester.

187. Denied.

188. Defendant denies that plaintiffs are entitled to any of the relief mentioned herein.

189. Denied.

190. Denied.

191. Denied.

### THIRD CAUSE OF ACTION

192. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

193. Defendant admits that the citation from Chiu is accurately transcribed. Defendant however notes that the court states prior restraints are "not per se unconstitutional." *Chiu v. Plano Independent School Dist.*, 339 F.3d 273, 280–81 (C.A.5 (Tex.), 2003). Defendant denies the remaining allegations in this paragraph.

194. Denied.

195. Admit.

196. Admit.

197. Admit.

198. Denied.

199. Denied. Further, *Org. for a Better Austin* dealt with the handing out of pamphlets and not expressive conduct. Courts have found that "(t)he closer the regulated activity is to conduct rather than to pure speech, the wider the scope of permissible regulation." *Klebanoff v. McMonagle*, 552 A.2d 677, 681, 380 Pa.Super. 545, 553 (Pa.Super.,1988)

200. Denied. Plaintiffs misstate the holding in *Gay*. That case also had to do with approval being denied to a student group by the university, whereas in this case the student group has been recognized by the university.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied. *See* 6.

206. Denied.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

211. Denied.

212. Defendant admits that plaintiffs accurately transcribe the quote from *Nebraska*. Defendant denies the remaining allegations in this paragraph.

213. Defendant denies that Plaintiff is require any of the relief requested herein.

214. Denied.

215. Denied.

216. Defendant denies that Plaintiff is require any of the relief requested herein.

## FOURTH CAUSE OF ACTION

217. Defendant incorporates his answers to all preceding paragraphs as if fully set forth herein.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

225. a. Denied.

    b. Denied.

    c. Denied.

    d. Defendant admits that President expressed his concern that plaintiffs' actions could violate the civil rights of other students on campus.

226. Denied.

227. Denied. *See* 6.

228. Denied. *See* 6.

229. Denied.

230. Denied.

231. Denied.

232. Denied.

233. Denied.

234. Denied.

235. Denied.

236. Defendant admits that unconstitutional limits on First Amendment activity were prohibited in March 2023 but denies that the events in question qualify as such.

237. Denied.

238. Denied.

239. Denied.

240. Denied.

241. Denied.

242. Denied.

243. Denied.

244. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

245. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

246. Denied.

247. Denied.

248. Denied.

249. Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**PRAYER FOR RELIEF**

i.     Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

ii.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

iii.   Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

iv.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

v.     Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

vi.    Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

vii.   Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

viii.  Defendant denies that Plaintiffs are entitled to any of the relief requested herein.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

1.     This Court lacks subject-matter jurisdiction to consider all claims asserted in Plaintiffs' Amended Complaint.

2.     Plaintiffs have failed to state a claim upon which relief can be granted.

3.     Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

4.     Pursuant to 42 U.S.C. § 1988(b), Defendant will be entitled to recover his attorney's fees if he is the prevailing parties.

5.     Defendant reserves the right to assert additional affirmative and other defenses as may become apparent in the factual development of this case.

| | |
|---|---|
| Date: January 8, 2024 | Respectfully submitted. |
| | |
| KEN PAXTON | /S/ ZACHARY BERG |
| Attorney General of Texas | MONROE "DAVID" BRYANT |
| | Special Counsel |
| BRENT WEBSTER | Tex. State Bar No. 03281500 |
| First Assistant Attorney General | |
| | JOSEPH N. MAZZARA |
| GRANT DORFMAN | Assistant Solicitor General |
| Deputy First Assistant Attorney General | Tex. State Bar No. 24136521 |
| | |
| RYAN D. WALTERS | MUNERA AL-FUHAID |
| Chief, Special Litigation Division | Special Counsel |
| | Tex. State Bar No. 24094501 |
| | |
| | ZACHARY BERG |
| | Special Counsel |
| | Tex. State Bar No. 24107706 |
| | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |
| | Tel.: (512) 463-2120 |
| | Fax: (512) 320-0667 |
| | david.bryant@oag.texas.gov |
| | joe.mazzara@oag.texas.gov |
| | munera.al-fuhaid@oag.texas.gov |
| | zachary.berg@oag.texas.gov |

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on January 8, 2024, and that all counsel of record were served by CM/ECF.

/S/ ZACHARY BERG
ZACHARY BERG