# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*, <br>               Plaintiffs, <br> v. <br> WALTER WENDLER, *et al.*, <br>               Defendants. | Case No.: 2:23-cv-00048-Z <br><br> Hon. Matthew J. Kacsmaryk <br><br> **JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN** |

Plaintiffs Spectrum WT, Barrett Bright, and Lauren Stovall ("Plaintiffs") and Defendants Walter Wendler, Christopher Thomas, and John Sharp in their official capacities ("Defendants") (together, the "Parties"), pursuant to Federal Rule of Civil Procedure 26(f), hereby submit the following Rule 26(f) Report and Discovery Plan.

Plaintiffs conducted an initial Rule 26(f) conference by telephone on May 9, 2023, with Defendants Walter Wendler in his individual and official capacities as President of West Texas A&M University, Christopher Thomas in his official capacity as Vice President of Student Affairs at West Texas A&M University, and John Sharp in his official capacity as Chancellor of the Texas A&M University System (collectively, "Defendants").[1]

Following this Court's memorandum opinion of September 21, 2023 (ECF No. 59) and Orders of October 3, 2023 (ECF No. 63) and October 13, 2023 (ECF No. 68) relating to Plaintiffs' unopposed motion for partial judgment under Rule 54(b) (ECF

---

[1] This Court dismissed the remaining defendants—Robert L. Albritton, James R. Brooks, Jay Graham, Michael A. Hernandez III, Tim Leach, Bill Mahomes, Elaine Mendoza, Michael J. Plank, Cliff Thomas, and Demetrius L. Harrell, Jr. in their official capacities as members of the Board of Regents of the Texas A&M University System—on September 21, 2023. (ECF No. 59.)

1

No. 60), the Parties held a continued Rule 26(f) conference on January 25, 2024. Plaintiffs were represented at this conference by Conor Fitzpatrick, JT Morris, and Jeff Zeman. Defendant Wendler was represented by David Bryant, Jr., Munera Al-Fuhaid, and Zachary Berg. Defendants Thomas and Sharp were represented by Allison M. Collins.

The Parties propose the following Joint 26(f) Report and Discovery Plan.

**Initial Disclosures.**

The Parties agree to exchange initial disclosures by February 28, 2024.

**Discovery Subjects.**

Discovery will be needed related to the claims and defenses in this lawsuit. These include without limitation:

    A. Plaintiffs' claims that Defendants have infringed and are continuing to infringe their First Amendment rights to host a drag show on the campus of West Texas A&M University, and that Defendants are maintaining an unconstitutional prior restraint over Plaintiffs' protected expression.

    B. Plaintiffs' claims of ongoing injury and irreparable harm.

    C. Plaintiffs' standing, including discovery over whether their injuries are traceable to and redressable by Defendants.

    D. Whether Plaintiffs' requests for injunctive and declaratory relief are ripe for adjunction, and whether they are moot.

    E. Each Defendants entitlement to sovereign immunity, including discovery regarding whether each Defendant has some connection with the enforcement of the conduct Plaintiffs' challenge as unconstitutional.

    F. Plaintiffs' applications, communications, and documentation regarding the 2023 drag show and the 2024 drag show.

**Electronically Stored Information.**

The Parties are likely to request and produce electronically stored information (ESI) in discovery. Production of ESI will be made in the manner and format that the documents are kept, except for emails which will be produced using image and data load files. To the extent reasonably possible, the Parties agree to ensure that all documents produced in electronic format are searchable (with Optical Character Recognition), readable, and with metadata intact. For ESI that does not translate readily to images or PDF (like audiovisual data, spreadsheets, and databases), the Parties agree to produce those in native format. When such a file is produced in native format, it will receive a single Bates number that represents the content of the entire file. The native file is given the Bates number as the file name along with the respective file extension (E.g. ".xlsx" or ".wav"). Additionally, a single TIFF image should be included in the IMAGES folder. The placeholder image is branded with the corresponding Bates number and the image file is also given the Bates number as the file name followed by the ".tif" file extension.

ESI will be produced with a delimited, data load file (DAT) that contains the metadata fields listed in the below table, to the extent each field is available:

| Metadata Field Name: | Description: |
|---|---|
| BEGBATES | Beginning Bates number |
| ENDBATES | Ending Bates number |
| BEGATTACH | Beginning Attachment number |
| ENDATTACH | Ending Attachment number |
| DOCTYPE | Example values: Email, Attachment, File, Hard Copy |
| CUSTODIAN | Populated with Lastname, Firstname of the identified Custodian |
| ALL CUSTODIANS | Populated with the value(s) for all custodians following deduplication |
| SUBJECT | The subject value from the email message |
| FROM | The sender of the email message |
| TO | The "TO" recipients of the email message |
| CC | The carbon copied recipients of the email message |
| BCC | The blind carbon copied recipients of the email message |
| DATESENT | The date the email message was sent formatted as mm/dd/yyyy |
| TIMESENT | The time the email message was sent formatted as hh:mm am/pm |
| FILENAME | The file name of the item including the file extension |
| FILE_EXTENSION | The file extension of the item (without the "." dot) |
| FILE_SIZE | An integer - the size of the item in bytes |
| FILEPATH | The file path where the item was located within the original discovery |
| TITLE | The Title of the item from Windows properties |
| AUTHOR | The Author of the item from Windows properties |
| APPLICATION | The Program name of the item from Windows properties |
| CREATEDATE | The date the item was created formatted as mm/dd/yyyy |
| CREATETIME | The time the item was created formatted as hh:mm am/pm |
| LASTMODDATE | The date the item was last modified formatted as mm/dd/yyyy |
| LASTMODTIME | The time the item was last modified formatted as hh:mm am/pm |
| MD5HASH | Hexadecimal value used for de-duplication (calculated from the native item) |
| NATIVEPATH | The relative path to the native file within the production volume |
| TEXTPATH | The relative path to the extracted/OCR text file within the production volume |

The Parties agree to work in good faith to narrow any dispute over the scope and production of ESI, including the preparation of necessary confidentiality agreements, if any. Should either party inadvertently produce privileged information, that information shall immediately be returned to the producing party pursuant to the clawback provision set forth below. The Parties agree to take reasonable measures to preserve potentially discoverable ESI from alteration or destruction.

**Claims of Privilege and Protection.**

The Parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P.

26(b)(5), except that redaction of student names (with initials visible) or student personally identifiable information (PII) does not have to be included on a privilege log, without prejudice to Plaintiffs to seek more information about those redactions, request an unredacted version, or seek a Court order for an unredacted version (or to file the same) for good cause or as applicable law and rules allow. In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 30 days after the answers to interrogatories are served or documents are produced. Communications after the filing date of the lawsuit do not need to be included on a party's privilege log.

Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request, (1) immediately return all inadvertently produced information; (2) shall refrain from using or relying on such information absent a Court order to the contrary; and (3) shall destroy all copies or versions of the information. The Parties agree that this clawback procedure does not limit or waive the ability of the non-producing party to challenge the claim of privilege with the Court.

**Changes on Limitations of Discovery.**

**Plaintiffs' position:** Plaintiffs acknowledge that the Court has dismissed Plaintiffs' damages claims against Defendant Wendler in his individual capacity under qualified immunity. But Plaintiffs' claims for prospective relief against

5

Defendants Wendler, Christopher Thomas and John Sharp in their official capacities are currently pending. And the Court concluded on October 3, 2023, and October 13, 2023, that Plaintiffs' "fact-intensive" allegations "merit further exploration." (ECF Nos. 63, 67).

For those reasons, Plaintiffs have a right to seek discovery from the remaining official capacity Defendants on their prospective relief claims. Plaintiffs reserve the right to seek discovery on their damages claim if the Court's September 21, 2023, Order is reversed and remanded.

**Defendants position**: Defendant Sharp, as the highest ranking official for the Texas A&M University System (TAMUS), might be entitled to protection from deposition since he is the apex of the TAMUS hierarchy. The parties will confer in good faith regarding whether his deposition is necessary after deposing lower-level officials, including any appropriate limitations on the scope and length of his deposition.

**Orders Pursuant to Fed. R. Civ. P. 26(f)(3)(F).**

None at this time. The parties will evaluate the need for a protective order upon evaluating discovery requests, including without limitation to address student records protected by FERPA or the confidentiality of documentation and communications relating to or pertaining to non-plaintiff students. If either party desires a protective order, the parties will negotiate in good faith over the terms of that order and submit it to the Court for approval.

**Proposed Discovery Deadlines.**

- Initial disclosures: February 28, 2024

- Deadline to amend pleadings/add new parties: March 15, 2024

- Plaintiff to designate experts and produce reports: June 5, 2024

- Defendants to designate experts and produce reports: July 8, 2024[2]

- Plaintiff to designate rebuttal experts and produce reports: August 8, 2024.

- Complete discovery: November 15, 2024

- Dispositive motion deadline: December 16, 2024

- All other pretrial motions: February 28, 2025

- Joint pretrial: March 2025

- Jury trial: April/May 2025

---

[2] The parties agree that if any expert depositions are deemed necessary, they will occur after September 15, 2024.

Dated: January 31, 2024

Respectfully submitted,

| | |
|---|---|
| /s/ JT Morris<br>JT Morris<br>TX Bar No. 24094444<br>Conor T. Fitzpatrick*<br>MI Bar No. P78981<br>Foundation for Individual Rights and Expression<br>700 Pennsylvania Ave., SE; Ste. 340<br>Washington, DC 20003<br>Tel: (215) 717-3473<br>Fax: (267) 573-3073<br>jt.morris@thefire.org<br><br>Adam B. Steinbaugh*<br>CA Bar No. 304829<br>Jeffrey D. Zeman*<br>MI Bar No. P76610<br>FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION<br>510 Walnut St.; Ste. 900<br>Philadelphia, PA 19106<br>Tel: (215) 717-3473<br>Fax: (267) 573-3073<br>conor.fitzpatrick@thefire.org<br>adam@thefire.org<br>jeff.zeman@thefire.org<br><br>* Admitted *Pro Hac Vice*<br><br>Counsel for Plaintiffs | */s/ Allison M. Collins*<br>ALLISON M. COLLINS<br><br>Texas Bar No. 24127467<br>Assistant Attorney General<br>Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2120 \| FAX: (512) 320-0667<br>Allison.Collins@oag.texas.gov<br><br>Counsel for Defendants Sharp and Thomas<br><br><br>*/s/ David Bryant*<br>DAVID BRYANT<br>Special Counsel<br>Tex. State Bar No. 03281500<br><br>MUNERA AL-FUHAID<br>Special Counsel<br>Tex. State Bar No. 24094501<br><br>ZACHARY BERG<br>Special Counsel<br>Tex. State Bar No. 24107706<br><br>OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548 (MC-009)<br>Austin, Texas 78711-2548<br>Tel.: (512) 463-2120<br>Fax: (512) 320-0667<br>david.bryant@oag.texas.gov<br>munera.al-fuhaid@oag.texas.gov<br>zachary.berg@oag.texas.gov<br><br>Counsel for Defendant Wendler |

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2024, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ JT Morris
JT Morris
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION