

February 2, 2024

The Honorable Matthew J. Kaczmaryk
United States District Judge
205 SE 5th Avenue, Room 123
Amarillo, Texas 79101-1559

Re: *Spectrum WT, et al. v. Wendler, et al.*, Case No. 2:23-cv-48-Z, United States District Court for the Northern District of Texas

Dear Judge Kaczmaryk:

On behalf of Defendant Walter Wendler, I write regarding Plaintiffs' Rule 62(d) Motion for Preliminary Injunction Pending Appeal in the above action (ECF No. 82) (the "62(d) Motion") filed in this Court on January 31, 2024.

Defendant Wendler respectfully suggests that this Court lacks jurisdiction to determine this 62(d) Motion. This is because of the pendency in the Fifth Circuit Court of Appeals of Plaintiffs' interlocutory appeal from this Court's Memorandum Opinion and Order dated September 21, 2023 (ECF. No. 59), which among other things denied Plaintiffs' motion for a preliminary injunction as to the same proposed March 22, 2024, drag show that is the subject of Plaintiffs' 62(d) Motion filed on January 31. Plaintiffs' pending appeal (Case No. 23-10994) is fully briefed, but has not yet been set for oral argument.

Defendant Wendler acknowledges that a pending appeal of a denial of a preliminary injunction does not generally divest a district court of jurisdiction over a case, but it does divest the district court of jurisdiction over "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Clower v. Wells Fargo Bank, N. A.,* 381 F. App'x 450 (5th Cir. 2010); *Ahmed v. Roy*, 2017 U. S. Dist. LEXIS 175686 (W. D. La. 2017). The district court generally cannot "alter the status of the case as it rests before the Court of Appeals." *Dayton Ind. Sch. Dist. v. U. S. Mineral Products*, 906 F.2d 1059, 1063 (5th Cir. 1990).

In *Akebia Therapeutics, Inc. v. Azar*, 2020 U. S. Dist. LEXIS, 175197, 2020 WL 5732331 (D. Mass. 2020), the court's denial of a preliminary injunction was on appeal and the court declined to decide a pending motion to dismiss the plaintiff's complaint. The court noted the rule that the appeal "divests the district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal," and that "allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy." *Id.* at *2 (quoting *United States v. Brooks*, 145 F.3d 446, 446 (1st Cir. 1998)). The court noted the potential for inconsistent adjudications if the appeals court reversed the denial of the preliminary injunction and the district court granted the motion to dismiss.

Plaintiffs' pending 62(d) Motion is in the nature of a motion for reconsideration of the Court's ruling now pending review in the Court of Appeals. Indeed, the Brief and Appendix filed by Plaintiffs with the 62(d) Motion are very similar to those they filed with the motion for preliminary injunction the Court denied on September 21. (Compare ECF Nos. 31 and 32 to ECF No. 83). If the 62(d) Motion were to be granted, it would render a portion of the pending appeal moot and would certainly "alter the status of the of the case as it rests before the Court of Appeals." *See also Kansas Dept. for Children and Families v. United States*, 2017 U. S. Dist. LEXIS 115767 (D. Kans. 2017) (court lacked jurisdiction to determine whether preliminary injunction on appeal had dissolved on its own or should be vacated).

Under Federal Rule of Civil Procedure 62.1, this Court has three options if it deems the 62(d) Motion timely and concludes that the Court lacks authority to grant the motion because of a pending appeal:

> [T]he court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

If, on the other hand, the Court believes it does have jurisdiction to determine the Plaintiffs' 62(d) Motion despite the pending appeal, Defendant Wendler respectfully asks for a fair opportunity to respond to the 62(d) Motion. Defendant

Wendler is required to respond within 21 days after January 31 as provided in Local Rule 7.1.e, absent a contrary direction from the Court. Plaintiffs have not moved to shorten the time for Defendants' response, but state in the 62(d) Motion they want their 62(d) Motion expedited so as to require the Court to *rule* on the Motion by February 9, just a week from now.

      Defendant Wendler opposes such a radical shortening of the consideration of the 62(d) Motion. This would allow Defendant Wendler very little time to respond, even though the date of the proposed drag show is about 50 days in the future. Defendant Wendler will of course respond to the 62(d) Motion by any deadline the Court may set, but absent such a deadline will respond within 21 days in accordance with Local Rule 7.1.e.

      Very truly yours,

*/s/ David Bryant*
David Bryant
Special Counsel
Texas Bar No. 03281500
Counsel for Defendant Walter Wendler

cc:    Clerk of Court
       Counsel of Record