IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*, | |
| Plaintiffs, | |
| v. | 2:23-CV-048-Z |
| WALTER WENDLER, *et al.*, | |
| Defendants. | |

## ORDER

Plaintiffs are a registered student organization ("Spectrum WT") at West Texas A&M University ("WT") and two of Spectrum WT's officers. ECF No. 28 at 4–6. Plaintiffs sued WT President Walter Wendler and other Texas A&M System officials (collectively, "Defendants") after President Wendler canceled a scheduled drag show on WT's campus in Canyon, Texas. *See id.*

Plaintiffs alleged that the cancelation violated their First Amendment rights and asked this Court to enjoin Defendant Wendler from canceling the show. *See id.* at 32–33. On September 21, 2023, this Court denied preliminary injunctive relief. *See* ECF No. 59. Plaintiffs filed an interlocutory appeal of this denial under 28 U.S.C. Section 1292(a)(1). *See* ECF No. 61 at 1. On August 18, 2025, the Fifth Circuit affirmed in part and reversed in part. *Spectrum WT v. Wendler*, --- F.4th ----, 2025 WL 2388306, at *13 (5th Cir. Aug. 18, 2025) (No. -23-10994). By order dated August 19, 2025, the Fifth Circuit withheld issuance of the mandate. *See* Order, *Spectrum WT v. Wendler*, --- F.4th ---- (5th Cir. 2025) (No. 23-10994) (mandate withheld).

PROCEDURE

Generally, "[a] notice of appeal from an appealable order divests the district court of jurisdiction." *In re Ft. Wor. Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024); *see also id.* at 538 (Oldham, J., concurring) (noting that "[u]nder the 'one-court-at-a-time rule,' a notice of appeal generally transfers the case to [the appellate court] until [it is sent] back to the district court"). Certainly, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

However, a lower court's jurisdiction is divested only as to the aspects of the case involved in the appeal: "Although appeals transfer jurisdiction from the district court to the appellate court concerning 'those aspects of the case involved in the appeal,' the district court is nonetheless free to adjudicate matters that are not involved in that appeal." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) (quoting *Griggs*, 459 U.S. at 58); *see also* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.1 (5th ed. 2025) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" (emphasis added)). Thus, matters not involved with the pending appeal, and that do not alter the status of the case as it rests before the Fifth Circuit, are not excluded from the purview of this Court.

Just so here. As the Fifth Circuit noted in its August 18th opinion, "[o]nly the denial of the preliminary injunction is at issue in this appeal." *Spectrum WT*, 2025 WL 2388306, at *2; ECF No. 61 ("Notice of Interlocutory Appeal"). The merits of the case therefore remain pending before this Court—and "[i]nterlocutory, appellate review of a preliminary injunction order pursuant to 28 U.S.C. § 1292(a)(1) will not divest the district court of its jurisdiction to

act on the merits of the case pending appeal." *United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1169 (D. Colo. 1998); *see also* 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3921.2 (3d ed. 2025) ("Ordinarily an interlocutory injunction appeal under § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case."); *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" (quoting *Griggs*, 459 U.S. at 58)); *Dayton Indep. Sch. Dist. v. U.S. Min. Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case."); *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) (approving the district court's dismissal of the plaintiff's claims while an interlocutory appeal from denial of a preliminary injunction remained pending).

**MERITS**

The Court **ORDERS** the parties to appear for a Status Conference on **Wednesday, September 10, 2025, at 10:00 a.m. (CDT)** at the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, 205 East Fifth Street, Amarillo, Texas 79101. At the Status Conference, the parties must state their readiness to proceed to trial on the merits. Additionally, the Court **ORDERS** the parties to present argument and evidence on the following:

- WT and Texas A&M System rules, regulations, policies, customs, and practices relevant to Legacy Hall's use by registered student organizations, invitees of registered student organizations, and the general public.

- The application of WT and Texas A&M System rules, regulations, policies, customs, and practices vis-à-vis approval or denial of Facility Use Requests specific to Legacy Hall.

- Relevant to facility use generally and Legacy Hall specifically, WT and Texas A&M System rules, regulations, policies, customs, and practices specific to "sexualized" material or content.

- Any intervening legislation or jurisprudence regarding Defendants' authority to exclude minors from sexualized material or content—including "accessing content that is obscene only to minors." *See, e.g., Free Speech Coal., Inc. v. Paxton*, 606 U.S. ----, 145 S. Ct. 2291, 2303–04 (2025); *United States v. Skrmetti*, 605 U.S. ----, 145 S. Ct. 1816 (2025); S.B. 12, 89th Leg. (Tex. 2025).

**SO ORDERED.**

August 26, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE