UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*,<br>    Plaintiffs,<br>v.<br>WALTER WENDLER, *et al.*,<br>    Defendants. | No. 2:23-cv-00048 |

**PRIORITY MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

Table Of Contents .................................................................................................................... ii

Index of Authorities ................................................................................................................ iii

Introduction ...............................................................................................................................1

     I.   Basis For Priority ........................................................................................................1

     II.  Background Of Motion ............................................................................................... 2

     III. Claims Remaining in this Action.................................................................................5

     IV. All Remaining Claims Of Plaintiffs Bright And Stovall Are Moot and Should Be Dismissed......................................................................................................................5

     V.  All Claims Of "Spectrum WT" Should Be Dismissed For Mootness, Lack Of Standing, and Lack Of Legal Capacity To Sue.............................................................................. 6

Conclusion ................................................................................................................................ 8

Certificate Of Service................................................................................................................ 9

## INDEX OF AUTHORITIES

**Cases** **Page(s)**

*Arizonans for Official English v. Arizona*,
  520 U. S. 43 (1997) ..................................................................................................................1

*Bd. of School Commissioners of Indianapolis v. Jacobs*,
  420 U. S. 128 (1975) ................................................................................................................5

*Carver v. Atwood*,
  18 F.4th 494 (5h Cir. 2021) ................................................................................................. 2, 8

*City of Dallas*,
  529 F.3d 519 (5th Cir. 2008) ...................................................................................................7

*Clapper v. Amnesty Int'l USA*,
  568 U. S. 398 (2013) ............................................................................................................... 8

*Ctr. for Ind. Freedom v. Carmouche*,
  449 F.3d 655 (5th Cir. 2006) ...................................................................................................7

*DeFunis v. Odegaard*,
  416 U. S. 312 (1974) ................................................................................................................5

*Ermuraki v. Cuccinelli*,
  987 F.3d 384 (5th Cir. 2021) ................................................................................................... 2

*George v. Barbers Hill Ind. Sch. Dist.*,
  2025 U. S. App. LEXIS 18349 (5th Cir. July 22, 2025) ..............................................................5

*Giannakos v. M/V Bravo Trader*,
  762 F.2d 1295 (5th Cir. 1985) ..................................................................................................1

*Hernandes v. El Pasoans Fighting Hunger*,
  2023 U. S. Dist. LEXIS 12454 (W. D. Tex. 2023) ................................................................... 2

*In re Gee*,
  941 F.3d 153 (5th Cir. 2019) ....................................................................................................1

*In re GenOn Mid-Atl. Dev., L.L.C.*,
  42 F.4th 523 (5th Cir. 2022) .....................................................................................................1

*In re Paxton*,
   60 F.4th 252 (5th Cir. 2023) ...................................................................................................1

*James v. Hegar*,
   86 F.4th 1078 (5th Cir. 2023) ................................................................................................ 8

*Koppula v. Jaddou*,
   72 F.4th 83 ............................................................................................................................ 2

*La Union del Pueblo Entero v. Abbott*,
   2025 U. S. App. LEXIS 22375 (5th Cir. Aug. 29, 2025) ...................................................... 6

*McGowan v. Southern Meth. Univ.*,
   2019 U. S. Dist. LEXIS 3822 (N. D. Tex. 2019) .................................................................. 6

*Mi Familia Vota v. Ogg*,
   105 F.4th 313 (5th Cir. 2024) ................................................................................................1

*Morehouse v. Jackson*,
   614 Fed. Appx. 159, 2015 U. S. App. LEXIS 9431, 2015 WL 3526980 (5th Cir. 2015) ............... 2

*OCA-Greater Houston v. Texas*,
   867 F.3d 604 (5th Cir. 2017) .................................................................................................7

*Pederson v. Louisiana State University*,
   213 F.3d 858 (5th Cir. 2000) .................................................................................................5

*Rosedale Miss. Baptist Church v. New Orleans*,
   641 F.3d 86 (5th Cir. 2011) .................................................................................................. 2

*Sanders v. Boeing Co.*,
   2021 U. S. App. LEXIS 23088 (5th Cir. 2021) .....................................................................1

*Sapp v. Renfroe*,
   511 F.2d 172 (5th Cir. 1975) ................................................................................................ 6

*Sappore v. Arlington Career Inst.*,
   2009 U. S. Dist. LEXIS 124706 (N. D. Tex. 2009) .............................................................. 6

*Satanic Temple, Inc. v. Texas Health & Hum. Servs. Comm'n*,
   79 F.4th 512 (5th Cir. 2023) ................................................................................................. 2

*United States v. Villanueva-Diaz*,
   634 F.3d 844 (5th Cir. 2011) .................................................................................................1

**Statutes**

42 U. S. C. § 1983 ................................................................................................................5

**Rules**

Rule 12(b)(1) of the Federal Rules of Civil Procedure ......................................................1

INTRODUCTION

Defendants Walter Wendler and Christopher Thomas file their priority motion to dismiss (a) the remaining claims of Plaintiffs Barrett Bright and Lauren Stovall in this action and (b) this action as to all parties and claims, for mootness, lack of standing, lack of ripeness, and lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for the reasons set forth hereinafter.

I.  **BASIS FOR PRIORITY**

"Jurisdiction comes first." *E. g., In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). Courts have a non-discretionary obligation to consider a challenge to their subject matter jurisdiction. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023) (citing *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019)). See *Mi Familia Vota v. Ogg*, 105 F.4th 313, 334 (5th Cir. 2024) (district courts "carefully consider . . . jurisdictional challenges before proceeding to the merits"). Accordingly, Defendants respectfully request that the Court consider and determine the issues raised in this motion before proceeding to the merits at or after the scheduled September 10, 2025, Status Conference.

Indeed, Defendants' motion to dismiss is not strictly necessary. Because federal courts are courts of limited jurisdiction, both federal district courts and courts of appeal "have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss an action if such jurisdiction is lacking." *Sanders v. Boeing Co.*, 2021 U. S. App. LEXIS 23088, 2021 WL 3412509 (5th Cir. 2021) (affirming sua sponte dismissal) at *4, quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not just when a complaint is filed, and federal courts have a responsibility to address mootness sua sponte even when the parties fail to raise the issue. *See, e.g., Arizonans for Official English v. Arizona,* 520 U. S. 43, 67 (1997); *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). When the issues in a case are no longer 'live' or parties no longer have a cognizable interest in the outcome, a claim or case becomes moot and the court's jurisdiction must be addressed sua

sponte. *See Ermuraki v. Cuccinelli*, 987 F.3d 384, 386 (5th Cir. 2021).[1]

> If a court discovers at any time that it lacks subject-matter jurisdiction, then "sua sponte dismissal is mandatory." *Carver v. Atwood*, 18 F.4th 494, 497 (5h Cir. 2021).

*Hernandes v. El Pasoans Fighting Hunger*, 2023 U. S. Dist. LEXIS 12454, 2023 WL 417488 (W. D. Tex. 2023) at *2.

In *Satanic Temple, Inc. v. Texas Health & Hum. Servs. Comm'n*, 79 F.4th 512 (5th Cir. 2023), the court of appeals held, sua sponte, that it lost jurisdiction of an interlocutory appeal from a district court's denial of a preliminary injunction when the district court dismissed the underlying case for lack of jurisdiction and failure to state a claim. Such a final judgment in the district court rendered moot the interlocutory appeal. *See Koppula v. Jaddou*, 72 F.4th 83. 84 (5th Cir. 2023).

## II.  BACKGROUND OF MOTION

Plaintiffs Barrett Bright, Lauren Stovall, and a student organization at West Texas A & M University called Spectrum WT brought this action in March 2023. Spectrum WT alleged that it was a recognized student organization at West Texas A & M, but did not allege that it was a corporation, partnership, or other legal entity with capacity to sue under Teas or federal law. First Amended Verified Complaint for Civil Rights Violations ("FAC") (ECF No. 28) at p. 4 ¶ 10. Spectrum WT also failed to make specific allegations as to organizational or associational standing.

Plaintiffs alleged that "Plaintiff Barrett 'Bear' Bright, an undergraduate student enrolled at West Texas A & M, is the President of Spectrum WT and thus is the principal student organizer of the charity drag show" scheduled for the Spring of 2023 that was the subject of the Complaint. FAC at p. 5 ¶14.

Plaintiffs also alleged that "Plaintiff Lauren 'Laur' Stovall is an undergraduate student enrolled at West Texas & A & M. Stovall is the Vice President of Spectrum WT and a primary

---

[1] Like the issue of mootness, a court may consider the issue of lack of ripeness sua sponte. *See Morehouse v. Jackson*, 614 Fed. Appx. 159, 2015 U. S. App. LEXIS 9431, 2015 WL 3526980 (5th Cir. 2015) at **9-10; R*osedale Miss. Baptist Church v. New Orleans*, 641 F.3d 86, 90-91 (5th Cir. 2011).

2

organizer of the charity drag show" scheduled for the Spring of 2023. FAC ¶ 15. Plaintiffs named no other members of "Spectrum WT" as plaintiffs.

Plaintiffs sought injunctive and declaratory relief and damages against:

1. Dr. Walter Wendler, President of West Texas A & M University[2];

2. Dr. Christopher "Chris" Thomas, Vice President of the Division of Student Affairs at West Texas A & M University;

3. John Sharp, then Chancellor of the Texas A & M University System[3]; and

4. ten other named members of the Board of Regents of the Texas A & M University System.

Plaintiffs sought such relief by reason of Defendant Walter Wendler's alleged cancellation of a drag show Plaintiffs sought to hold at Legacy Hall, a building on the West Texas A & M University campus, on March 31, 2023.

The Spring 2023 drag show went forward, but Plaintiffs held it off-campus rather than at Legacy Hall. Thus, the Plaintiffs were free to and did exercise what they alleged were their First Amendment rights of free expression. There is no allegation that President Wendler or anyone else ever disciplined them or visited any adverse consequences on them for their conduct of the Spring 2023 drag show.

Plaintiffs thereafter sought a preliminary injunction against Defendants to bar interference with a drag show Plaintiffs scheduled at Legacy Hall in March 2024. Defendants filed a motion to dismiss. This Court on September 21, 2023, entered its Memorandum Opinion and Order (ECF No. 59).

The Court held that "President Wendler did not violate Plaintiffs' clearly established rights and therefore is entitled to qualified immunity" and dismissed Plaintiffs' damages claim

---

[2] Plaintiffs in the FAC also sought damages against Dr. Wendler in his individual capacity only.

[3] Chancellor Sharp retired as Chancellor on June 30, 2025.

3

against him. *Id.* at 20. The Court also held that Plaintiffs lacked standing to sue the members of the Board of Regents other than Chancellor Sharp and had standing to sue Chancellor Sharp, Dr. Wendler, and Dr. Thomas. *Id*. at 24. The Court therefore granted the motion to dismiss all claims against the members of the Board of Regents (other than Chancellor Sharp).

In the Memorandum Opinion and Order, the Court also denied Plaintiffs' motion for a preliminary injunction with respect to the planned March 2024 drag show. Plaintiffs filed an interlocutory appeal of the denial of a preliminary injunction to the Fifth Circuit Court of Appeals (Case No. 23-10994). Plaintiffs unsuccessfully sought an injunction pending appeal from the District Court (ECF No. 87); from the Fifth Circuit Court of Appeals; and from the United States Supreme Court. Thus, the Plaintiffs did not hold a drag show in Legacy Hall on the West Texas University campus in March 2024.

The Fifth Circuit heard oral argument of the interlocutory appeal on April 29, 2024. The District Court closed this case administratively pending the outcome of the appeal on May 2, 2024 (ECF No. 87). Over fifteen months later, a divided panel of the Fifth Circuit issued its opinion. The panel opinion reversed the denial of a preliminary injunction as to the March 2024 drag show and ordered dismissal of Plaintiffs' claims against Chancellor Sharp for lack of standing. Judge Ho dissented. The mandate has been withheld at the request of a member of the Fifth Circuit.

On August 26, 2025, the District Court set a Status Conference in this action for September 10, 2025. On August 27, 2025, President Wendler determined from the Registrar at West Texas A & M University, Diane Brice, that Plaintiff Barrett Bright had graduated from West Texas A & M University in May 2024 and is no longer enrolled as a student at West Texas A & M University in any capacity. Dr. Wendler also determined from the Registrar at West Texas A & M University that Plaintiff Lauren Stovall is not enrolled at West Texas A & M University in any capacity. See Declaration of Diane Brice. Appendix Exhibit A. Neither Bright nor Stovall have been students at West Texas A & M University since the 2023-2024 school year.

4

### III. CLAIMS REMAINING IN THIS ACTION

In the FAC, the live Complaint in this case, Plaintiffs alleged four causes of action. The first three causes of action alleged were for injunctive and declaratory relief pursuant to the First Amendment and 42 U. S. C. § 1983. These claims were alleged against "all defendants in their official capacities". The fourth and final cause of action (now dismissed) was a claim for damages for alleged First Amendment violations pursuant to the First Amendment and 42 U. S. C. § 1983 and was asserted solely against President Wendler in his individual capacity.

All claims against Chancellor Sharp and the ten other named Defendant members of the Texas A & M University System Board of Regents have now been dismissed for lack of standing. The damages claim against Dr. Wendler in his individual capacity is one for which he has qualified immunity and has been dismissed. Mem Opinion and Order (ECF No. 59) at 8-20. The only remaining claims in this case are the claims of Bright, Stovall, and Spectrum WT for injunctive and declaratory relief.

### IV. ALL REMAINING CLAIMS OF PLAINTIFFS BRIGHT AND STOVALL ARE MOOT AND SHOULD BE DISMISSED.

When a student seeks injunctive and/or declaratory relief against a school or university, his or her claims become moot when the student is no longer enrolled in the school or university. *E.g. DeFunis v. Odegaard*, 416 U. S. 312, 319-20 (1974) (case was moot where student was in final term and would receive diploma "regardless of any decision this Court might make on the merits of this case") ; *Bd. of School Commissioners of Indianapolis v. Jacobs*, 420 U. S. 128, 129 (1975) (per curiam) (when all named plaintiffs have graduated, "a case or controversy no longer exists"). The Fifth Circuit recently made clear that this principle applies not only in the district courts, but also when a case is on interlocutory appeal from a grant or denial of injunctive relief. *See George v. Barbers Hill Ind. Sch. Dist.,* 2025 U. S. App. LEXIS 18349 (5th Cir. July 22, 2025).

The Fifth Circuit, the Northern District of Texas, and other Texas federal courts have applied this mootness principle on numerous occasions. *See Pederson v. Louisiana State University*, 213 F.3d 858, 874 (5th Cir. 2000) (graduation or impending graduation renders claims for injunctive

5

relief moot); *Sapp v. Renfroe*, 511 F.2d 172, 175 (5th Cir. 1975) (claims for declaratory as well as injunctive relief were moot upon graduation).

In *McGowan v. Southern Meth. Univ.*, 2019 U. S. Dist. LEXIS 3822, 2019 WL 142349 (N. D. Tex. 2019) (Godbey, J.), claims by former student-athletes for injunctive and declaratory relief as to the SMU rowing team were moot because plaintiffs had graduated or were otherwise unable to participate on the team. In *Sappore v. Arlington Career Inst.*, 2009 U. S. Dist. LEXIS 124706 (N. D. Tex. 2009), a paralegal's claims for injunctive and declaratory relief became moot after her successful completion of paralegal program.

Similarly, in *Flaming v. Alvin Comm. Coll.*, 2018 U. S. Dist. LEXIS (S. D. Tex. 2018), the plaintiff's claims for injunctive relief were moot after his graduation from ACC. The exception to mootness for cases capable of repetition but evading review did not apply because there was no "immediate threat" that ACC would wrong the plaintiff again. *Id.* at **14-15.

Accordingly, the claims of Bright and Stovall for injunctive and declaratory relief are now moot. As a result, there is no longer subject matter jurisdiction as to those claims and they must be dismissed. The Court properly dismissed the damages claim of Bright and Stovall two years ago by reason of Dr, Wendler's qualified immunity. Thus, Bright and Stovall no longer have any live claims in this case.

## V. ALL CLAIMS OF "SPECTRUM WT" SHOULD BE DISMISSED FOR MOOTNESS, LACK OF STANDING, AND LACK OF LEGAL CAPACITY TO SUE.

Plaintiff Spectrum WT did not allege in the FAC that it was a corporation, limited partnership, partnership, or other legal entity with capacity to sue under the laws of Texas. It alleged only that it was a recognized student organization at West Texas A & M University. Spectrum WT did not allege in the FAC that it had either organizational standing or associational standing in this case. See *La Union del Pueblo Entero v. Abbott*, 2025 U. S. App. LEXIS 22375 (5th Cir. Aug. 29, 2025) at **13-14 (organization may have standing either by showing it can sue on behalf of its members ("associational" standing) or sue in its own right ("organizational" standing). It was Spectrum WT's burden to do so, but it failed to carry that burden.

Bright and Stovall asserted in the FAC that they were officers of Spectrum WT. That arguably provided some basis for an argument that Spectrum WT had associational standing in 2023. Associational standing, however, was dependent on and derivative of the standing of Bright and Stovall as Spectrum WT officers and members. *See La Union,* 2025 U. S. App. LEXIS 22375, quoting *OCA-Greater Houston v. Texas*, 867 F.3d 604, 610 (5th Cir. 2017). Now that Bright and Stovall are no longer students at West Texas A & M, or officers or members of Spectrum WT (and their remaining claims in this case are moot and must be dismissed), Spectrum WT cannot rely on them to claim associational standing.

Moreover, Spectrum WT's claims for injunctive relief as to past drag shows are now moot. The Spring 2023 "Fool's Drag Race" that was the subject of Plaintiffs' original claim for injunctive relief in this case was held off-campus well over two years ago. The proposed March 2024 drag show also is far in the past. Spectrum WT makes no allegation in the FAC as to any specific future drag show as to which it seeks any injunctive relief.

Importantly, today there are no drag shows for which anyone (including Spectrum WT) has reserved or applied to reserve Legacy Hall or other on-campus facilities at West Texas A & M. Declaration of Dr. Christopher Thomas, Appendix Exhibit B. "Mootness is the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness)." *Env. Cons. Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008), quoting *Ctr. for Ind. Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Because Spectrum WT has no scheduled drag shows on the West Texas A & M campus, Spectrum WT has not shown and cannot show a concrete and particularized "injury in fact" that is imminent and reasonably certain to occur absent relief in this case. See *Clapper v. Amnesty Int'l USA*.

Could Spectrum WT potentially apply to reserve Legacy Hall for some future drag show? That is possible, but today it is hypothetical and speculative. Any possible claims by Spectrum WT that might be asserted in this case as to hypothetical future drag shows are not yet ripe. They cannot establish standing or subject matter jurisdiction in this action.

7

"The threat of future injury must be '*certainly* impending'; mere allegations of possible future injury will not suffice." *James v. Hegar*, 86 F.4th 1078, 1081 (5th Cir. 2023); *Clapper v. Amnesty Int'l USA*, 568 U. S. 398, 409 (2013). That simply is not true now. In such circumstances, dismissal, even sua sponte, is mandatory. *Carver v. Atwood*, 18 F.4th 494, 497 (5h Cir. 2021).

This is a lawsuit that time has made moot. The 2023 and 2024 potential drag shows at Legacy Hall never took place there. Past disputes about them are now history. Spectrum WT does not claim that it has scheduled or sought permission for any *future* drag show at Legacy Hall (or the specific content of or conditions for any such hypothetical show). Because it has not done so, Spectrum WT has not pleaded or shown any cognizable "injury in fact." Whether the jurisdictional defect is labelled as mootness, lack of standing, or lack of ripeness, the result is the same. Subject matter jurisdiction does not now exist in this case.

## CONCLUSION

Accordingly, this action should be dismissed for lack of subject matter jurisdiction forthwith. That dismissal should be without prejudice. If, in the future, Spectrum WT or some other individuals who are now or hereafter become students of West Texas A & M wish to assert claims that have commonalities to those asserted in this case, they will not be foreclosed from doing so. But that would be another case, not this one.

Date: September 5, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted.

*/s/ David Bryant*
DAVID BRYANT
Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

### CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

*/s/ David Bryant*
DAVID BRYANT