UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT, *et al.*
                              Plaintiffs,
v.
WALTER WENDLER, *et al.*,
                              Defendants.

No. 2:23-cv-00048

**REPLY IN SUPPORT OF DEFENDANTS' PRIORITY MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants Walter Wendler and Chistopher Thomas, in their respective official capacities,

reply in support of Defendants' Priority Motion to Dismiss for Lack of Subject Matter Jurisdiction

(the "Motion to Dismiss") as follows:

**I.     THE REMAINING CLAIMS OF PLAINTIFF LAUREN STOVALL ARE MOOT
AND MUST BE DISMISSED.**

Although Plaintiffs assert in their Response (ECF No. 109) that Defendants' Motion to

Dismiss should be denied, they "have no basis to dispute Defendants' arguments" that Plaintiff

Lauren Stovall's remaining claims in this case, which are for injunctive and declaratory relief, are

now moot because she is no longer a student at West Texas A & M University. See Plaintiffs' Brief

in Opposition to Defendants' Priority Motion to Dismiss for Lack of Subject Matter Jurisdiction

(ECF No. 110) ("Plaintiffs' Brief") at 12. Because Ms. Stovall's remaining claims are moot, there

is no subject matter jurisdiction as to such claims and they must be dismissed. *E.g., Pederson v.*

*Louisiana State University*, 213 F.3d 858 5th Cir. 2000); *Doe v. Marsha*ll, 622 F.2d 118, 119 (5th Cir.

1980), cert. denied, 451 U. S. 993 (1981); *Bean v. Tulia I. S. D.*, 2003 U. S. Dist. LEXIS 14617, 2003

WL 22004511 (N. D. Tex. 2003 (Robinson, J.).

## II.    THE REMAINING CLAIMS OF PLAINTIFF BARRETT BRIGHT ARE MOOT AND MUST BE DISMISSED.

Plaintiff Barrett Bright admits that he "has graduated from West Texas A & M.". Plaintiffs Brief at 10.  He admits he is no longer a student at West Texas A & M University. Bright also does not dispute the longstanding principle that when student plaintiffs graduate, their claims against their school or university for injunctive or declaratory relief become moot and must be dismissed.

Bright instead attempts to invent a wholly new theory of standing on the fly in response to the Motion to Dismiss. This theory of standing is that Bright says he wants to perform in some yet-unscheduled drag show that Spectrum WT claims it wants to hold at Legacy Hall on the West Texas A & M campus.  Plaintiffs cite no relevant authority for this impromptu "I want to dance" theory of standing."[1]

A bedrock requirement of standing is that a plaintiff must *plead* the facts that show his or her standing. And every plaintiff has the *burden* to plead the facts that show the plaintiff's standing. Both the original Complaint in this case and the First Amended Verified Complaint – the live complaint in this case after almost two and a half years of litigation meet this requirement.  The First Amended Verified Complaint alleged that Bright had standing because (a) he was an enrolled student at West Texas A & M and (b) he was the President of Spectrum WT, a recognized student organization at WT.

It is undisputed, however, that neither of those facts on which Bright relied to carry his burden to plead standing is true today. There is no pleading by Plaintiffs in which Bright alleges his

---

[1]    Plaintiffs offer a "Cf." cite to *303 Creative LLC v. Evans*, 600 U. S. 570. 583 (2023), a "compelled speech" case brought by a wedding website designer. Plaintiffs' Brief at 10. But the defects in Bright's new standing theory go far beyond the fact that he has not yet actually debuted as a drag performer at Legacy Hall.

newly concocted standing theory (likely because it was only invented after Defendants filed their Motion to Dismiss). Because Plaintiffs have not pleaded facts that show Bright's standing, there is no subject matter jurisdiction as to his remaining claims for injunctive and declaratory relief. Those claims by a non-student are moot and they must be dismissed.

Even if – contrary to fact – Bright had amended his pleading in this case shortly after he graduated from West Texas A & M in 2024, his new standing theory would be without merit and would not create subject matter jurisdiction. To properly allege standing, a plaintiff must plead that he has suffered an injury in fact to a *legally protected interest*. But Bright, as a non-student, has no legally protected interest in performing in a drag show in Legacy Hall on the West Texas A & M campus.  If Defendants were someday to forbid him -- as a person unaffiliated with West Texas A & M -- to perform in such a drag show (which they haven't done) they would not have violated any legal obligations they owe to him as a student or as a member of a recognized student organization.

Moreover, a plaintiff who seeks standing to seek prospective injunctive or declaratory relief must also show he is imminently threatened with legal injury, and that the threat is "concrete and particularized, not hypothetical or speculative". Plaintiffs allegedly "intend" to request to hold a drag show at Legacy Hall, and Bright allegedly "intends" to perform at it, but there is no concrete plan to do so. Any threatened alleged legal injury to Bright's desire to perform in a drag show at West Texas A & M, is speculative and hypothetical at best. Because standing must exist at all points in a care, not just at the beginning, Bright's remaining claims should be dismissed.

## III.    SPECTRUM WT'S CLAIMS ARE MOOT AND/OR NOT YET RIPE AND SHOULD BE DISMISSED.

Spectrum WT in its Brief attacks several straw men and ultimately fails to refute

Defendants' central points. Those are that the proposed drag shows in 2023 and 2024 that were the subject of Plaintiffs' pleadings have passed into history and there is now no prospective scheduled drag show at West Texas A & M. Because of this, claims for injunctive or declaratory relief as to the 2023 or 2024 proposed drag shows is moot, and any possible claims for injunctive or declaratory relief as to an unscheduled hypothetical future drag show are not yet ripe.

The first straw man that Plaintiffs attack is that Spectrum WT can never have standing because it is not a legal entity, but an association. Defendants did not argue that point, but did point out that the *only* members of Spectrum WT that Plaintiffs even referred to in its live pleadings were now non-students, and therefore non-members of Spectrum WT. Plaintiff Spectrum WT could have potentially cured that defect with an amended pleading, but it has not yet done so. Accordingly, Spectrum WT currently lacks standing.

Plaintiffs' next straw man to attack is the claim that Defendant Wendler has issued some "edict" or continuing "ban" on every drag show of every kind on the West Texas campus. The facts as actually alleged are that Dr. Wendler cancelled a drag show scheduled for March 31, 2023, and did not permit a drag show scheduled – after this litigation was filed -- for March 2024. There is no forever "edict" or "ban" as Plaintiffs now portray.

And as Plaintiffs know through their counsel, the Texas A & M University System Board of Regents passed a resolution in February 2025, as to on-campus drag shows that was applicable to all Texas A & M University campuses, including West Texas A & M. That intervening fact meant that, at that point, Dr. Wendler had no discretion as to future requests for on-campus drag shows and was bound to follow Texas A & M System policy. That policy is under legal challenge, and its outcome is uncertain. But what is certain is that any future attempt by Spectrum WT to

hold a drag show on the West Texas A & M will be governed by a very different set of policies and rules than those in effect in 2023 or 2024.

At this point, the considerations applicable to approval or non-approval of a hypothetical future drag show are uncertain. Will the proposed drag show include or exclude minors, including minors who are or are not enrolled students at West Texas A & M? What will be the level of sexually explicit content to be included in that proposed show? What will be the status of the preliminary injunction now in effect as to the the February 2025 Texas A & M System policy on drag shows on campus?

All of these currently unknown factors relevant to approval of any future on-campus drag show at Texas A & M make any claims in this case for prospective injunctive or declaratory relief not ripe at this time. Like standing, "ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks and citation omitted). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation omitted).

Here, the relevant facts as to any hypothetical drag show Spectrum WT may (or may not) seek to hold on the West Texas A & M campus are not yet known. Accordingly, the claims of Spectrum WT for such relief should be dismissed without prejudice.

Date: September 11, 2025                    Respectfully submitted.

KEN PAXTON                                  /S/ David Bryant
Attorney General of Texas                   _____

                                            DAVID BRYANT
BRENT WEBSTER                               Senior Special Counsel
First Assistant Attorney General            Tex. State Bar No. 03281500
                                            ATTORNEY IN CHARGE

RALPH MOLINA                                MUNERA AL-FUHAID
Deputy First Assistant Attorney General     Special Counsel
                                            Tex. State Bar No. 24094501
RYAN D. WALTERS
Deputy Attorney General for Legal Strategy  ZACHARY BERG
                                            Special Counsel
RYAN G. KERCHER                             Tex. State Bar No. 24107706
Chief, Special Litigation Division

                                            OFFICE OF THE ATTORNEY GENERAL
                                            P.O. Box 12548 (MC-009)
                                            Austin, Texas 78711-2548
                                            Tel.: (512) 463-2120
                                            Fax: (512) 320-0667
                                            david.bryant@oag.texas.gov
                                            munera.al-fuhaid@oag.texas.gov
                                            zachary.berg@oag.texas.gov

                                            ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/S/ David Bryant
_____
DAVID BRYANT

6