IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER WENDLER, *et al.*,<br><br>    Defendants. | 2:23-CV-048-Z |

**ORDER**

This Order's purpose is to facilitate entry of a scheduling order under Federal Rules of Civil Procedure 16(b) and 26(f).

**I. Due Date for Joint Proposed Scheduling Order**

If this case is not settled or otherwise resolved, the parties must submit a Joint Proposed Scheduling Order **on or before October 3, 2025**. Any request for an extension of the Joint Proposed Scheduling Order due date must be made by written motion and be supported by good cause. Joint Proposed Scheduling Orders must be filed with the United States District Clerk's Office.

**II. Initial Disclosure Requirements and Objection Procedure**

Rule 26(a)(1)'s disclosure requirements apply to this case unless Rule 26(a)(1)(B) exempts disclosure, or the parties stipulate otherwise. If, during the Rule 26(f) process, a party objects that the initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the objection.

**III. Rule 26(f) Discovery Planning Conference**

Lead counsel for each party (or a designee attorney with appropriate authority) and

any unrepresented party must confer at a scheduling conference as soon as practicable, but in any event **no later than October 2, 2025**. The names of any lead counsel, lead-counsel designee, or unrepresented persons named in the case who did not participate in the conference must be identified in the Joint Proposed Scheduling Order.

The Rule 26(f) conference may be conducted in person (preferred) or by phone, email, fax, mail, or any other means that will result in a Joint Proposed Scheduling Order and accomplish the conference requirement.

### IV. Contents of Joint Proposed Scheduling Order

If the Parties disagree on a specific proposal, they must provide their respective recommendations and explain their disagreement. The parties must submit their proposals in the form of a pleading rather than as an order for the Court to sign. Unless a scheduling conference is set, the Court will enter its own Scheduling Order after reviewing the Joint Proposed Scheduling Order. The Court will enter a Scheduling Order even if a party fails to participate.

#### A. Required Contents

The Joint Proposed Scheduling Order must contain:

1. a brief but specific description of the nature of the case and the contentions of the parties, including specific identification of: (a) the core disputed issues from each claim or defense; and (b) the specific relief each party seeks, including the amount or form of each type of relief sought and the basis on which that party seeks the relief;

2. a brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties, including any action for which 28 U.S.C. Section 1332 is alleged to provide the basis for subject matter jurisdiction, a specific description of the citizenship of each entry and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional removal defects;

3. a statement as to the likelihood that other parties will be joined;

4. proposed deadlines:

a. to join other parties;

b. for parties seeking affirmative relief to designate expert witnesses;

c. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);

d. for parties opposing affirmative relief to designate expert witnesses;

e. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);

f. for all parties to designate rebuttal expert witnesses;

g. to object to experts (*i.e.*, *Daubert* and similar motions);

h. to amend the pleadings;

i. to mediate the case;

j. to complete discovery;

k. to file dispositive motions,[1] including motions for summary judgment;

l. to file other motions except motions in limine; and

m. to file Rule 26(a)(3) disclosures.

5. the parties' positions and proposals on each of the matters listed in Rule 26(f)(3)(A)–(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26; and

6. under separate headings, the parties shall include:

a. the status of settlement negotiations and a statement regarding if and when to refer the case for alternative dispute resolution or conduct a court-supervised settlement conference;

b. a "ready-for-trial date" that the Court may consider as instructive when setting this case on the docket, an estimate of the number of trial days, and whether a jury has been demanded;

---

[1] The deadline cannot be fewer than 30 days before trial. Absent good cause, the dispositive-motion deadline should come after the deadline to complete discovery.

    c. if a party is required under Local Rule 83.10(a) to have local counsel, the date local counsel appeared or that the party moved for leave to proceed without local counsel;

    d. the date a certificate of interested persons under Local Rules 3.1(c), 3.2(e), or 81.1(a)(4)(D) was filed by a party or the party adopted another party's certificate of interested persons; and

    e. specific categories of evidence the parties expect to be relevant during discovery or trial, such as handbooks, manuals, policies, flyers, and other materials relevant to similar events held in Legacy Hall or past performances by Myss Myka.

**B. Permitted Contents**

The Joint Proposed Scheduling Order may contain:

    1. proposed modifications for the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

    2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

    3. proposals for disclosure, discovery, or preservation of electronically stored information;

    4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502;

    5. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial; and

    6. proposals pertaining to any other appropriate matters.

A scheduling order may be modified "only for good cause" and with the Court's consent. FED. R. CIV. P. 16(b)(4); *see S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (considering factors). Requests to extend deadlines in the Scheduling Order shall address Rule 16 and the factors considered when determining if good cause exists to modify a scheduling order. A failure to address good cause in a modification motion will result in the denial of said motion.

The deadlines in this Order are for filing or delivery and are not mailing dates. The parties are warned that failing to comply with any part of this Order may result in sanctions. *See* FED. RS. CIV. P. 16(f), 37(f).

**SO ORDERED.**

September 15, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE