UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*,<br>        Plaintiff,<br>v.<br>WALTER WENDLER, *et al.*,<br>        Defendants. | Case No.: 2:23-cv-00048-Z<br><br>Hon. Matthew J. Kacsmaryk<br><br>**JOINT PROPOSED<br>SCHEDULING ORDER** |

Plaintiff Spectrum WT ("Plaintiff") and Defendants Walter Wendler, Christopher Thomas, in their official capacities ("Defendants") (together, the "Parties"), pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order of September 25, 2025, hereby submit the following Joint Proposed Scheduling Order.[1]

Plaintiff conducted an initial Rule 26(f) conference by telephone on May 9, 2023, with Defendants Walter Wendler in his individual and official capacities as President of West Texas A&M University, Christopher Thomas in his official capacity as Vice President of Student Affairs at West Texas A&M University, and John Sharp in his official capacity as Chancellor of the Texas A&M University System (collectively, "Defendants").[2]

---

[1] The Fifth Circuit's recent decision in this matter also determined Plaintiff lacks standing to pursue prospective relief against the Texas A&M System Chancellor, which at this time of this lawsuit, was Defendant John Sharp. *Spectrum WT v. Wendler*, No. 23-10994, 2025 WL 2388306, at *12–13 (5th Cir. Aug. 18, 2025). While mandate has yet to issue, Plaintiff does not intend to challenge the Fifth Circuit's determination. Plaintiff does reserve the right to seek discovery from the current Chancellor and former Chancellor John Sharp, consistent with the Federal Rules of Civil Procedure.

[2] This Court dismissed the remaining defendants—Robert L. Albritton, James R. Brooks, Jay Graham, Michael A. Hernandez III, Tim Leach, Bill Mahomes, Elaine Mendoza, Michael J. Plank,

Following this Court's memorandum opinion of September 21, 2023 (ECF No. 59) and Orders of October 3, 2023 (ECF No. 63) and October 13, 2023 (ECF No. 68) relating to Plaintiff's unopposed motion for partial judgment under Rule 54(b) (ECF No. 60), and following Plaintiff's September 26, 2023, notice of interlocutory appeal from the denial of the motion for a preliminary injunction (ECF No. 61), the Parties held a continued Rule 26(f) conference on January 25, 2024. Plaintiff was represented at this conference by Conor Fitzpatrick, JT Morris, and Jeff Zeman. Defendant Wendler was represented by David Bryant, Jr., Munera Al-Fuhaid, and Zachary Berg. Defendants Thomas and Sharp were represented by Allison M. Collins.

The Parties jointly submitted a proposed scheduling and discovery order on January 31, 2024. (ECF No. 81.) On May 2, 2024, the Court directed the Clerk to administratively close the case. (ECF No. 98.)

On August 18, 2025, a divided panel of the Fifth Circuit reversed the denial of a preliminary injunction and *sua sponte* rendered a judgment of dismissal against Chancellor Sharp. On August 19, 2025, a judge of the Fifth Circuit withheld issuance of the mandate in that appeal. This Court then held a status conference on September 10, 2025, at which the Court and parties discussed the likely scope of discovery and further proceedings. (ECF Nos. 113, 117.) By Order dated September 25, 2025, this Court directed the parties to conduct a Rule 26(f) conference and submit this Joint Proposed Scheduling Order.

---

Cliff Thomas, and Demetrius L. Harrell, Jr. in their official capacities as members of the Board of Regents of the Texas A&M University System—on September 21, 2023. (ECF No. 59.)

2

After conferring via email, the Parties propose the following amended Joint 26(f) Report, Discovery Plan, and Scheduling Order.

## I. Nature of the Case and Contentions of the Parties.

### A. Plaintiff's Statement.

This is a challenge to a public university president's imposition of a prohibition on student-hosted drag performances on the campus of West Texas A&M University. Citing his personal views that no drag performance could be "harmless" and that drag shows "diminish[]" women through "misogynistic" exaggerations "of womanhood (sexuality, femininity, gender)" that "stereotype women in cartoon-like extremes for the amusement of others," Defendant Wendler pledged that the university would not allow a recognized student organization—Plaintiff Spectrum WT, an LGTBQ+ advocacy group—to hold any drag performance on its campus.

In cancelling Spectrum WT's charity drag performances, Defendants Wendler and Vice President Christopher Thomas have imposed a viewpoint-discriminatory prior restraint on expression protected by the First Amendment. West Texas A&M University's campus and stages are designated public forums by policy and practice. These spaces have long been used to host a variety of performances, including drag shows, and any member of the public can rent campus venues for expressive use.

Plaintiff Spectrum WT seeks injunctive and declaratory relief under the First Amendment, alleging three causes of action: (1) Wendler's edict is viewpoint discrimination under the First Amendment; (2) Wendler's edict violates the First Amendment by excluding Plaintiff from a public forum (including on a content-based

3

restriction); and (3) Wendler's edict imposes a prior restraint in violation of the First Amendment.[3]

### B. Defendants' Statement.

Defendants Wendler and Thomas deny that they have imposed a prior restraint on Plaintiff's First Amendment-protected speech, engaged in viewpoint discrimination, or that they have violated the First Amendment by excluding Plaintiff from a public forum. Defendants assert that their interest in cancelling Spectrum WT's 2023 planned drag show was informed by their concerns regarding the possibility of performers' engaging in lewd, potentially sexually explicit behavior that is inappropriate for minors to witness; the cancellation comported with university policies, the First Amendment, and the purpose of the forum. Defendants deny that permanent injunctive or declaratory relief should issue.

## II. Basis for Jurisdiction.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the claims arise under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. The Court has personal jurisdiction over all Defendants because they reside in the State of Texas. The Parties do not anticipate any challenges to jurisdiction or venue.

---

[3] This Court dismissed Plaintiffs' fourth cause of action, seeking damages against Defendant Wendler, on September 21, 2023. (ECF No. 59.). Plaintiffs restate that they may appeal that dismissal upon final judgment, and expressly reserve the right to do so.

### III. Likelihood of Joinder.

Plaintiff is evaluating whether to add one or more students as a plaintiff because dismissed Plaintiffs Bright and Stovall are no longer enrolled at West Texas A&M University.

### IV. Proposed Deadlines.

| | |
|---|---|
| Joinder of other parties | November 14, 2025 |
| Designation of expert witnesses by parties seeking affirmative relief | December 1, 2025 |
| Expert disclosures by parties seeking affirmative relief, as required by Rule 26(a)(2) | December 15, 2025 |
| Designation of expert witnesses by parties opposing affirmative relief | December 1, 2025 |
| Expert disclosures by parties opposing affirmative relief, as required by Rule 26(a)(2) | December 15, 2025 |
| Designation of rebuttal expert witnesses by all parties | January 16, 2026 |
| Objections to experts (*i.e.*, *Daubert* and similar motions) | February 6, 2026 |
| Amendment of pleadings | November 14, 2025 |
| Mediation (if any) | N/A |
| Completion of discovery | February 9, 2026 |
| Filing of dispositive motions, including motions for summary judgment | February 20, 2026 |
| Filing of motions except motions in limine | March 1, 2026 |
| Filing of Rule 26(a)(3) pretrial disclosures | March 16, 2026 |
| Ready-for-trial date | April 15, 2026 |

V. **Positions on Fed. R. Civ. P. 26(a)(3)(A)–(F) Matters.**

   A. **Initial Disclosures.**

   The Parties exchanged initial disclosures on February 28, 2024.

   B. **Discovery Subjects.**

   Discovery will be needed as it relates to the claims and defenses in this lawsuit.

These include without limitation:

1. Plaintiff's claims that Defendants have infringed and are continuing to infringe their First Amendment rights to host a drag show on the campus of West Texas A&M University, and that Defendants are maintaining an unconstitutional prior restraint over Plaintiff's protected expression.

2. Plaintiff's claims of ongoing injury and irreparable harm.

3. Plaintiff's standing, including discovery over whether their injuries are traceable to and redressable by Defendants.

4. Whether Plaintiff's requests for injunctive and declaratory relief are ripe for adjunction, and whether they are moot.

5. Each Defendant's entitlement to sovereign immunity, including discovery regarding whether each Defendant has some connection with the enforcement of the conduct Plaintiff's challenge as unconstitutional.

6. Plaintiff's applications, communications, and documentation regarding the 2023 drag show, the 2024 drag show, and future drag shows.

7. Communications and documentation by Defendants (and West Texas A&M University) regarding the 2023 drag show, the 2024 drag show, and future drag shows.

8. West Texas A&M University's asserted interests in regulating drag performances and whether the regulations are narrowly tailored to those interests.

9. West Texas A&M University's dual-enrollment programs.

10. The Defendants' contemporaneous knowledge, understanding, and questions concerning the content of drag performances.

11. Contextual cues contributing to viewers' understanding that the drag performance was expressive in nature, including flyers, posters, placards, e-mails, advertisements, and other communications; materials pertaining to the uses of and events held in Legacy Hall and the JBK Student Center, or otherwise contributing to students' understanding of the uses of these spaces, including policies, signage, websites, registration processes, advertisements, records pertaining to prior and subsequent uses of the spaces, and other communications to students and the general public about the availability and use of these spaces.

12. Texas A&M University System and West Texas A&M University policies, procedures, rules, and practices concerning expressive conduct and forums, including policies, manuals, handbooks, and records concerning prior events and applications to hold events.

13. Information concerning prior uses of Legacy Hall and other campus spaces as that information may relate to classification of the forum, including policies, handbooks, flyers, posters, placards, advertisements, e-mails, and other communications concerning the availability of Legacy Hall and other spaces, the suitability of Legacy Hall and other spaces for use for expressive activity, and the actual or proposed uses of Legacy Hall and other spaces by students, student organizations, faculty, staff, and members of the public.

14. Texas A&M University System and West Texas A&M University policies, procedures, rules, and practices concerning approval, denial, or the application process concerning campus events.

15. West Texas A&M University standards, customs, and practices by which officials determine whether to permit or refuse an event.

16. Defendants' reasons, both past and present, for deciding to refuse to allow students to host drag performances at West Texas A&M University, and the identity of all persons involved in making that decision.

**C. Electronically Stored Information.**

The Parties are likely to request and produce electronically stored information (ESI) in discovery. Production of ESI will be made in the manner and format that the documents are kept, except for emails which will be produced using image and data load files. To the extent reasonably possible, the Parties agree to ensure that all

7

documents produced in electronic format are searchable (with Optical Character Recognition), readable, and with metadata intact. For ESI that does not translate readily to images or PDF (like audiovisual data, spreadsheets, and databases), the Parties agree to produce those in native format. When such a file is produced in native format, it will receive a single Bates number that represents the content of the entire file. The native file is given the Bates number as the file name along with the respective file extension (E.g. ".xlsx" or ".wav"). Additionally, a single TIFF image should be included in the IMAGES folder. The placeholder image is branded with the corresponding Bates number and the image file is also given the Bates number as the file name followed by the ".tif" file extension.

ESI will be produced with a delimited, data load file (DAT) that contains the metadata fields listed in the below table, to the extent each field is available:

| Metadata Field Name: | Description: |
|---|---|
| BEGBATES | Beginning Bates number |
| ENDBATES | Ending Bates number |
| BEGATTACH | Beginning Attachment number |
| ENDATTACH | Ending Attachment number |
| DOCTYPE | Example values: Email, Attachment, File, Hard Copy |
| CUSTODIAN | Populated with Lastname, Firstname of the identified Custodian |
| ALL CUSTODIANS | Populated with the value(s) for all custodians following deduplication |
| SUBJECT | The subject value from the email message |
| FROM | The sender of the email message |
| TO | The "TO" recipients of the email message |
| CC | The carbon copied recipients of the email message |
| BCC | The blind carbon copied recipients of the email message |
| DATESENT | The date the email message was sent formatted as mm/dd/yyyy |
| TIMESENT | The time the email message was sent formatted as hh:mm am/pm |
| FILENAME | The file name of the item including the file extension |
| FILE EXTENSION | The file extension of the item (without the "." dot) |
| FILE SIZE | An integer - the size of the item in bytes |
| FILEPATH | The file path where the item was located within the original discovery |
| TITLE | The Title of the item from Windows properties |
| AUTHOR | The Author of the item from Windows properties |
| APPLICATION | The Program name of the item from Windows properties |
| CREATEDATE | The date the item was created formatted as mm/dd/yyyy |
| CREATETIME | The time the item was created formatted as hh:mm am/pm |
| LASTMODDATE | The date the item was last modified formatted as mm/dd/yyyy |
| LASTMODTIME | The time the item was last modified formatted as hh:mm am/pm |
| MD5HASH | Hexadecimal value used for de-duplication (calculated from the native item) |
| NATIVEPATH | The relative path to the native file within the production volume |
| TEXTPATH | The relative path to the extracted/OCR text file within the production volume |

The Parties agree to work in good faith to narrow any dispute over the scope and production of ESI, including the preparation of necessary confidentiality

agreements, if any. Should either party inadvertently produce privileged information, that information shall immediately be returned to the producing party pursuant to the clawback provision set forth below. The Parties agree to take reasonable measures to preserve potentially discoverable ESI from alteration or destruction.

      **D.**    **Claims of Privilege and Protection.**

The Parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P. 26(b)(5), except that redaction of student names (with initials visible) or student personally identifiable information (PII) does not have to be included on a privilege log, without prejudice to Plaintiff to seek more information about those redactions, request an unredacted version, or seek a Court order for an unredacted version (or to file the same) for good cause or as applicable law and rules allow. In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 30 days after the answers to interrogatories are served or documents are produced. Communications after the filing date of the lawsuit do not need to be included on a party's privilege log.

Any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request, (1) immediately return all inadvertently produced information; (2) shall refrain from using or relying on such information absent a Court order to the contrary; and (3) shall destroy all copies or versions of the information. The Parties

9

agree that this clawback procedure does not limit or waive the ability of the non-producing party to challenge the claim of privilege with the Court.

### E. Changes on Limitations of Discovery.

**Plaintiff's position:** Plaintiff acknowledges that the Court has dismissed the damages claims against Defendant Wendler in his individual capacity under qualified immunity. But Plaintiff's claims for prospective relief against Defendants Wendler and Christopher Thomas in their official capacities are currently pending. And the Court concluded on October 3, 2023, and October 13, 2023, that Plaintiff's "fact-intensive" allegations "merit further exploration." (ECF Nos. 63, 67).

For those reasons, Plaintiff has a right to seek discovery from the remaining official capacity Defendants on their prospective relief claims. Plaintiffs (including Bright and Stovall) reserve the right to seek discovery on the damages claim if the Court's September 21, 2023, Order is reversed and remanded.

**Defendants' position**: Chancellor Glenn Hegar is the highest ranking official for the Texas A&M University System (TAMUS). Chancellor Hegar and former chancellor Sharp might be entitled to protection from deposition under the apex doctrine. The parties will confer in good faith regarding whether their depositions are necessary after deposing lower-level officials, including any appropriate limitations on the scope and length of his deposition.

### F. Other Orders Pursuant to Fed. R. Civ. P. 26(f)(3)(F).

None at this time. The parties will evaluate the need for a protective order upon evaluating discovery requests, including without limitation to address student records protected by FERPA or the confidentiality of documentation and

communications relating to or pertaining to non-plaintiff students. If either party desires a protective order, the parties will negotiate in good faith over the terms of that order and submit it to the Court for approval.

## VI. Miscellaneous Matters.

### A. Status of Settlement Negotiations.

The Parties have not held settlement negotiations and do not require referral to Alternative Dispute Resolution or a court-supervised settlement conference.

### B. Ready-for-Trial Date.

The Parties estimate the case will be ready for trial on April 15, 2026, and that trial will require at most three days. No party has demanded a jury for Plaintiff's claims for injunctive and declaratory relief.

### C. Local Counsel Requirement.

Plaintiff sought and was granted leave to proceed without local counsel. (ECF Nos. 5, 12.)

### D. Certificate of Interested Persons.

Plaintiff filed a Certificate of Interested Persons on March 24, 2023. (ECF No. 2.) Defendants are sued in their official capacities and are not required to file a Certificate of Interested Persons.

E. **Specific Categories of Evidence Relevant During Discovery or Trial.**

*See* § V(B), above.

Dated: October 3, 2025

Respectfully submitted,

| | |
|---|---|
| /s/ Adam Steinbaugh | Ken Paxton |
| Adam B. Steinbaugh* | Attorney General of Texas |
| CA Bar No. 304829 | |
| Jeffrey D. Zeman* | Brent Webster |
| MI Bar No. P76610 | First Assistant Attorney General |
| FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION | Ralph Molina |
| 510 Walnut St.; Ste. 900 | Deputy First Assistant Attorney |
| Philadelphia, PA 19106 | General |
| Tel: (215) 717-3473 | |
| Fax: (267) 573-3073 | Ryan D. Walters |
| adam@thefire.org | Deputy Attorney General for Legal |
| jeff.zeman@thefire.org | Strategy |
| JT Morris | Ryan G. Kercher |
| TX Bar No. 24094444 | Chief, Special Litigation Division |
| Conor T. Fitzpatrick* | |
| MI Bar No. P78981 | /s/ David Bryant |
| Foundation for Individual Rights and Expression | DAVID BRYANT |
| | Special Counsel |
| 700 Pennsylvania Ave., SE; Ste. 340 | Tex. State Bar No. 03281500 |
| Washington, DC 20003 | |
| Tel: (215) 717-3473 | MUNERA AL-FUHAID |
| Fax: (267) 573-3073 | Special Counsel |
| conor.fitzpatrick@thefire.org | Tex. State Bar No. 24094501 |
| jt.morris@thefire.org | |
| | ZACHARY BERG |
| * Admitted *Pro Hac Vice* | Special Counsel |
| | Tex. State Bar No. 24107706 |
| Counsel for Plaintiff | |
| | OFFICE OF THE ATTORNEY GENERAL |
| | P.O. Box 12548 (MC-009) |
| | Austin, Texas 78711-2548 |

                                           Tel.: (512) 463-2120
                                           Fax: (512) 320-0667
                                           david.bryant@oag.texas.gov
                                           munera.al-fuhaid@oag.texas.gov
                                           zachary.berg@oag.texas.gov

                                           Counsel for Defendants

Case 2:23-cv-00048-Z   Document 119   Filed 10/03/25   Page 13 of 14   PageID 1377

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2025, a true and correct copy of the foregoing document was transmitted via using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ Adam Steinbaugh  
Adam Steinbaugh  
FOUNDATION FOR INDIVIDUAL  
   RIGHTS AND EXPRESSION
