IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT,<br><br>    Plaintiff,<br><br>v.<br><br>WALTER WENDLER, *et al.*,<br><br>    Defendants. | 2:23-CV-048-Z |

**CIVIL SCHEDULING ORDER**

1. This case has been pending since March 2023. Because the parties worked diligently via pre-trial briefing, the Status Conference, and the Joint Proposed Scheduling Order, relatively few factual issues remain that require in-depth discovery. *See* ECF No. 119 at 6–7. To bring this matter to a swift resolution, this case is set for trial on this Court's three-week civil trial docket beginning **Tuesday, February 3, 2026, at 10:00 a.m. (CST)**. Counsel and parties must be ready for trial on three days' notice at any time during this three-week period, unless the Court orders otherwise. The trial date will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Local Rule 40.1.

2. **Counsel and their staff are directed to read this Order before contacting the Court, as it contains basic instructions that address many inquiries received by the Court.**

SUMMARY OF IMPORTANT DEADLINES AND DATES

| | |
|---|---|
| Joinder of Parties (¶ 6) | Friday, October 24, 2025 |
| Amendment of Pleadings (¶ 7) | Friday, October 24, 2025 |
| Initial Expert Designation & Report (Plaintiff and Defendant) (¶ 9) | Friday, November 7, 2025 |
| Responsive Expert Designation & Report (¶ 10) | Friday, November 21, 2025 |

| Rebuttal Expert Designation (¶ 11) | Friday, November 28, 2025 |
| --- | --- |
| Expert Objections (¶ 12) | Friday, December 12, 2025 |
| Completion of Discovery (¶ 16) | Friday, December 26, 2025 |
| Consent Decree (¶ 21) | Friday, January 2, 2026 |
| Dispositive Motions (¶ 13) | Friday, January 2, 2026 |
| Pretrial Disclosures (¶ 22) | Friday, January 9, 2026 |
| Pretrial Objections (¶ 23) | Friday, January 16, 2026 |
| Motions in Limine (¶ 24) | Friday, January 16, 2026 |
| Pretrial Order – *Pretrial Materials* (¶ 26) | Friday, January 23, 2026 |
| Witness List – *Pretrial Materials* (¶ 27) | Friday, January 23, 2026 |
| Exhibit List and Deposition-Testimony Designations – *Pretrial Materials* (¶ 28) | Friday, January 23, 2026 |
| Exchange of Exhibits (¶ 29) | Friday, January 23, 2026 |
| **Pretrial Conference** (¶ 30) | **Tuesday, January 27, 2026 at 10:00 a.m. (CST)** |
| Trial Brief (¶ 31) | Thursday, January 29, 2026 |
| Trial Binder (¶ 32) | Thursday, January 29, 2026 |
| Daily Synopses and Pretrial Joint Exhibit List (¶ 34) | Friday, January 30, 2026 |
| **Trial Date** (¶ 1) | **Tuesday, February 3, 2026 at 10:00 a.m. (CST)** |

GENERAL INSTRUCTIONS AND INITIAL DEADLINES

**3. Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**4. Modification of Scheduling Order:** Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court, the Court finds that the following schedule should govern the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause—even if the motion is agreed or unopposed. Parties must observe all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules unless otherwise ordered. The Court assumes parties thoroughly discussed scheduling

issues prior to submitting their proposed scheduling order (ECF No. 119) and that the parties understand the deadlines imposed in this order are firmly in place, absent the Court's intervention.

**5. Formatting and Citations:** All briefs filed with the Court shall comply with the most recent editions of: (1) The Bluebook: A Uniform System of Citation; and (2) the Greenbook: Texas Rules of Form. Specifically, counsel is directed to provide, where applicable, the subsections of cited statutes and pinpoint case citations, i.e., provide the page where the stated legal proposition can be found. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B10.1.2, at 13 (Columbia L. Rev. Ass'n et al. eds., 22nd ed. 2025) (regarding pinpoint citations); *id.* R. 3.3(a), at 76 (regarding subsections). Furthermore, if a brief contains citations to unpublished opinions or to slip-copy versions only available on Westlaw or Lexis, counsel must attach copies of those cases to the brief.

**6. Joinder of Parties:** By **Friday, October 24, 2025**, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment, parties may be joined only upon motion to the Court.

**7. Amendment of Pleadings:** By **Friday, October 24, 2025**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. The amending party shall attach a redlined version of the amended complaint specifying any changes. The deadline to file a response to an amended pleading is **twenty-one (21) days** after the date the amended pleading is filed, notwithstanding expiration of the amended-pleading deadline.

**8. Stays and Administrative Closure:** Administrative closure of a civil case terminates all pending motions unless the parties request that any or all pending motions

revive with reopening. Any motion for stay **must include a request specific to each pending motion**. If requested, the Court will instruct the Clerk of the Court not to terminate each requested motion.

EXPERT WITNESSES

**9. Initial Designation of Experts**: Unless otherwise stipulated or directed by Court order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **Friday, November 7, 2025**. Each designation must contain a brief statement of the subject matter to be covered by each expert witness and include as an exhibit any relevant resume and/or curriculum vitae for each proposed expert witness. Changing a witness's status during trial—from expert to fact witness—constitutes a significant alteration and will not be permitted. *See, e.g., Downey v. Denton Cnty.*, 119 F.3d 381, 386 (5th Cir. 1997) (holding that the changing of a witness's designation at trial came too late). Each designation must contain a brief statement of the subject matter to be covered by each expert witness and include as an exhibit any relevant resume and/or curriculum vitae for each proposed expert witness.

**10. Responsive Designation of Experts**: Each party without the burden of proof on the issue subject to expert designation must file a written designation of the name and address of each expert witness who will testify at trial for that party and must otherwise comply with Rule 26(a)(2) on or before **Friday, November 21, 2025**.

**11. Rebuttal Experts**: If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within thirty (30) days after the disclosure made by the other party and no later than **Friday, November 28, 2025**.

**12. Expert Objections**: Objections to the qualifications or competency of experts—sometimes referred to as *Daubert* motions—must be made in a written motion filed by **Friday, December 12, 2025**. If a party does not meet the deadline for making a challenge to expert designations, the motion is untimely and waived unless the movant shows "good cause" for the delay.

### DISPOSITIVE MOTIONS

**13.** All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **Friday, January 2, 2026**. Any dispositive motion must be accompanied by a separately filed brief, and the motion and the brief may not exceed fifty (50) pages in total length, excluding any table of contents and table of authorities. *See* Local Rules 56.3, 56.5 (regarding summary judgment requirements). Responses to dispositive motions shall be filed **within fourteen (14) days of the date of the filing of the motion, and replies shall be filed within seven (7) days of the response**.

In a separate section at the beginning of the brief, the party filing a dispositive motion must identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, the moving party must notify the Court within **three business days**.

**Additionally, any brief supporting or responding to a motion for summary judgment must be accompanied by and include citations to a separately-filed appendix of evidence sufficient to support a reasonable jury finding on any relevant jurisdictional facts**, and such brief must directly (1) state whether the filing party invokes or opposes subject-matter jurisdiction of this Court and (2) address the

questions of fact and law that pertain to subject-matter jurisdiction in this case. *See, e.g., Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th Cir. 2024) (noting that at the pleading state, the appropriate party must invoke the subject-matter jurisdiction of the court with distinct, affirmative allegations "required at the successive stages of the litigation").

**14. Dispositive Motion Evidence:** Any affidavits, depositions, written discovery materials, or other summary-judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a nondocumentary or oversized exhibit must be numbered as if it were a single page. *See* Local Rule 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

**15. Number of Dispositive Motions:** No party may file more than one motion for summary judgment without leave of court. *See* Local Rule 56.2(b). Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* Local Rule 56.7. Cross-motions for summary judgment must not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

DISCOVERY

**16. Completion of Discovery:** By **Friday, December 26, 2025**, all discovery must be completed. The Court expects the parties to work in good faith to resolve discovery disputes.

**17. Motion to Compel Discovery or Protective Order:** Any motion to compel discovery or for a protective order must be filed by **seven (7) days** after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid uncompleted depositions, service of discovery responses, or production of documents or electronically stored information ("ESI") must be filed by **seven (7) days** after the discovery response at issue was served or due to be served.

**18. Motion to Quash or Protective Order Relating to Deposition:** Any motion to quash or for protective order relating to a deposition that is filed less than **five (5) business days** before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

**19. Attorney-Client Privilege and Work-Product Protection:** Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information—whether inadvertent or otherwise—is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received information of the claim and the basis for it. After being notified, a

party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**20. Filing Under Seal:** Local Rule 79.3 states a "party may file under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. TEX. CIV. R. 79.3(a)–(b). A party may file such a motion under seal and must include the proposed sealed document as an exhibit. N.D. TEX. CIV. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge." N.D. TEX. CIV. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C.R. Bard, Inc.*, No. 2:19-CV-180, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). The Fifth Circuit recently admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Fifth Circuit explained in *Binh Hoa Le* the two distinct legal standards related to sealed documents:

> The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies once a document is filed on the public record—when a document becomes a judicial record. Under both standards, the working presumption is that judicial records should not be sealed.

*Id.* at 418–19 (internal quotations and footnotes omitted); *see also June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (explaining that "[d]ifferent legal standards govern protective orders and sealing orders").

The Fifth Circuit further explained that under the stricter balancing test for sealing records at the filing stage:

> [J]udges, not litigants must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure. Sealings must be explained at a level of detail that will allow for this Court's review. And a court abuses its discretion if it makes no mention of the presumption in favor of the public's access to judicial records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le*, 990 F.3d at 419 (internal quotations and footnotes omitted); *see also June Med.*, 22 F.4th at 520 (holding that "[p]ublicly available information cannot be sealed").

**If a party does not first request leave, anything filed under seal will be stricken and unfiled.** If a party files a motion for leave to file under seal but fails to meet the appropriate standard outlined in *Binh Hoa Le*, the motion will be denied. The Court will deny any motions simply stating in broad terms that the party seeks to file a document(s) under seal under an agreement between the parties.

The Court's electronic filing system only allows parties to either file an entire document (including any attachments or exhibits) under seal or not under seal. Thus, if a party wishes to file a document with multiple parts (e.g., an appendix with several exhibits), and only some of those parts may be filed under seal, the party must file the sealed portions together and the nonsealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three nonsealed exhibits, that party must:

> 1. File part one of the appendix, with all the nonsealed exhibits, not under seal (e.g., ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first nonsealed exhibit), ECF 40-2 (second nonsealed exhibit), and ECF 40-3 (third nonsealed exhibit)); and

9

2. File a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, under seal (e.g., ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (e.g., Exhibit A in an appendix) may not be sealed in full but rather only contains specific sections that may be sealed, then the party must divide that document into multiple documents to ensure that only the document's portions that may be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (e.g., redacting[1] protected portions of the document before filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

### CONSENT DECREE AND SETTLEMENT

**21.** The parties may settle this case, including by consent decree. As an example, a decree might specify that Plaintiff's intended show may take place at an agreed-upon place and time, subject to restrictions consistent with the agreed forum category, such as restrictions on the show's content, attendees' age, and other matters important to the parties. The parties must notify the Court of any proposed decree by **Friday, January 2, 2026**.

### PRETRIAL DISCLOSURES AND OBJECTIONS

**22. Pretrial Disclosures:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by **Friday, January 9, 2026**. Regarding deposition witnesses, the parties must identify the portions of the deposition transcript they intend to use. Identification should be done by highlighting the relevant testimony. Parties' highlights should be specific to the relevant testimony only.

---

[1] Some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her Social Security number before filing a document in her appendix in support of her motion for summary judgment. *See* FED. R. CIV. P. 5.2(a).

**23. Pretrial Objections:** Before **Friday, January 16, 2026**, a party must serve and file a list disclosing any objections to the use of a deposition designated by another party under Rule 26(a)(3)(A)(ii) and the admissibility of materials identified under Rule 26(a)(3)(A)(iii). The list must identify the nature of the objection. Each objection must identify the specific objectionable portion of the exhibit and explain in detail the basis of the objection. Other than exhibits on file with the Court, the objecting party must attach the materials at issue to the objections. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause.

Counsel must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial order and pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

MOTIONS IN LIMINE

**24.** Motions in limine must be filed with the Court and served on the opposing party by **Friday, January 16, 2026**. Parties may file motions in limine on no more than **five (5) discrete topics** (no subparts) that are actually in dispute. Filing more than five (5) discrete topics is not permitted except by leave of court. Boilerplate requests that are not tailored to a case-specific matter will not be tolerated. Parties may not raise an issue in a motion in limine in an effort to obtain a substantive ruling that should have been requested in advance of trial by appropriate motion.

Responses must be filed with the Court and served on the opposing party by **Friday, January 23, 2026**. Responses must contain legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that supports the respondent's position. Replies to responses are due **Wednesday, January 28, 2026**.

Motions in limine are subject to good-faith compliance with the conference requirements of Local Rule 7.1(a). This conference will help the parties to narrow issues and determine the topics that are actually in dispute. If no topics are disputed after the Rule 7.1 conference, the parties must file a joint advisory with the Court by **Friday, January 16, 2026**. The joint advisory must confirm that the parties engaged in a Rule 7.1 conference in good faith, no disputed topics exist, and a motion in limine is unnecessary.

PRETRIAL MATERIALS

**25. Pretrial Materials:** All pretrial materials shall be filed by **Friday, January 23, 2026**, unless otherwise noted.

**26. Pretrial Order**: A joint pretrial order must be submitted by the Plaintiff's counsel covering each matter listed in Local Rule 16.4 and state the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order, meaning failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings. The proposed pretrial order should be addressed to **Kacsmaryk_Orders@txnd.uscourts.gov**.

**27. Witness List**: Each party must file a list of witnesses who may be called by each party in its case in chief. Each witness list must contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable or possible. The witness list should also state whether the witness will offer testimony as an expert, record custodian, or fact

witness. If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

28. **Exhibit List and Deposition-Testimony Designations**: A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial must be filed by each party. The list of exhibits must describe with specificity the documents or things in numbered sequence (*i.e.*, include line, page, and/or paragraph designation). The documents or things to be offered as exhibits must be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list must be accompanied by a written statement, signed by counsel for each party, and must state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, **specifically identifying the nature and legal basis of any objection and the objected-to portions of the exhibit as well as the name of the objecting party or parties**.

All parties must cooperate in preparing such statements in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been timely filed. In addition, objections not adequately identified in the statement may be waived. **A list of each party's exhibits to which no objection will be lodged (pre-admitted) must be submitted at the Pretrial Conference**. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**In order to promote a fair and expeditious trial, the Court intends to hear and *decide* objections to exhibits during the Pretrial Conference**. The Court's decision on objections during the pretrial conference will not preclude Parties from making a

13

running objection on the record once for each witness and may do so when the Party proffering the evidence calls these witnesses or attempts to admit and exhibit relevant to the Party's objection through another witness.

### EXCHANGE OF EXHIBITS

**29.** Counsel for each party intending to offer exhibits must exchange a set of marked exhibits with opposing counsel **no later than Friday, January 23, 2026** and must deliver **two like sets** of marked exhibits to the Amarillo Division's Clerk's Office, marked to the attention of Judge Kacsmaryk's chambers. Exhibits are to be placed in three-ring binders. The front of the binder is to be labeled with the style of case, case number, name of the party, and volume number. The spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench—the Court prefers each binder to contain no more than approximately 300 pages.

### PRETRIAL CONFERENCE

**30.** A pretrial conference will be held at **10:00 a.m. (CST)** on **Tuesday, January 27, 2026,** in person at 205 Southeast Fifth Street, Amarillo, Texas 79119 in the First Floor Courtroom. Here, the Court will discuss and finalize the time limits on the presentation of evidence to reduce the estimated trial length. Lead counsel for each party must attend. FED. R. CIV. P. 16(c)(1). Lead counsel must have the authority to enter into stipulations and admissions to facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All undecided pretrial motions will be resolved at that time, and procedures for trial will be discussed. The Court will hear and decide objections on exhibits. At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket.

**TRIAL PROCEDURES AND MATERIALS**

**31. Trial Briefs**: A short trial brief, not to exceed five (5) pages (excluding any table of contents and table of authorities), is **required** of each party and must be filed on or before **Thursday, January 29, 2026.** The trial briefs should briefly explain and address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

**32. Trial Binders**: On or before **Thursday, January 29, 2026**, each party must deliver to the Court, after allowing an inspection by the opposing party, a three-ring, tabbed trial binder that contains: (1) a table of contents; (2) all attorneys' contact information; (3) witness lists; (4) exhibit lists; (5) relevant pretrial motions and orders expected to be addressed during trial; (6) relevant bench briefs and caselaw; (7) the trial brief; (8) any motions in limine; and (9) any other relevant documents that will assist the Court and the parties during trial.

The exhibits that will be sent to the Amarillo Division Clerk's Office in a separate binder, as stated in subsection 8(C) of this order, should not be included in the trial binder.

The binders must be three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled as "Trial Binder—[Party Name]". The parties should make sure that the size of the trial binders is not overly cumbersome for the Court to utilize on the bench— the Court prefers each binder to contain no more than approximately three-hundred (300) pages.

**33. Trial Procedures:** Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of

15

cross-examination as outlined in Federal Rule of Evidence 611(b). Local Rule 83.4 governs the conduct of counsel at trial.

**34. Trial Requirements—Daily Synopses and Pretrial Joint Exhibit List:** To ensure a fair and efficient trial, the Court **ORDERS** that, **starting on Friday, January 30, 2026**, and continuing through the duration of trial, parties must provide the Court with daily requirements according to the following instructions:

> a. The party presenting evidence the following day must email the Court (Victoria_Shrewsbury@txnd.uscourts.gov), as well as all counsel, **by 6:30 p.m. (CST)** identifying: (1) witnesses it intends to present; (2) exhibits it intends to cover; (3) demonstratives it intends to use the following day; and (4) a summary of the testimony it intends to elicit from each witness.
>
> b. The opposing side must email the Court, as well as all counsel, **by 8:00 p.m. (CST) the same day** specifying what, if any, objections it has to those exhibits or demonstratives. Each objection must contain the concise written basis for the objection with a citation to the relevant authority. Explanations should be in plain English. A mere citation to a rule number is insufficient. The Court will rule on those objections at **8:30 a.m. (CST)** the next morning, time permitting, or at sidebars throughout trial.

**SO ORDERED.**

October 8, 2025

                                                      MATTHEW J. KACSMARYK  
                                                      UNITED STATES DISTRICT JUDGE