**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| SPECTRUM WT, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> WALTER WENDLER, *et al.*, <br><br> *Defendants.* | No. 2:23-cv-00048 <br><br> **Hon. Matthew J. Kacsmaryk** |

**JOINT MOTION FOR MODIFICATION OF AMENDED**
**SCHEDULING ORDER**

Plaintiff Spectrum WT ("Plaintiff") and Defendants Walter Wendler and Christopher Thomas, in their official capacities ("Defendants"), together the "Parties", hereby jointly move, pursuant to Federal Rule of Procedure 16(b)(4) and Local Rule 40.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, for modification of the Amended Scheduling Order (ECF No. 122) entered by the Court on October 28, 2025. As good cause for such modification, the Parties respectfully state as follows:

## I. BACKGROUND OF MOTION

The Parties share the Court's wish to proceed to a bench trial in this case at the earliest practicable date. However, the Fifth Circuit Court of Appeals on October 27, 2025, determined on its own motion to vacate the panel opinion in Case No. 23-10994 and to rehear that interlocutory appeal in this case *en banc*. The Fifth Circuit has directed that a supplemental brief is due to be filed by Plaintiff-Appellant by November 24, 2025, and a supplemental brief is due to be filed by Defendants-Appellees by December 22, 2025. Oral argument before the *en banc* Court of Appeals is scheduled for January 23, 2026. These developments have made the scheduling order currently in effect impractical and create good cause for its modification.

Although this case was filed in March 2023, the parties have not completed substantial discovery in this case, as the Court closed the case in May 2024 (ECF No. 98) and did not enter a

1

scheduling order until October 2025 (ECF No. 120). Before the case was reopened, the parties' discovery was limited to the exchange of initial disclosures.

Despite this, the Parties actively litigated in 2023 the Plaintiffs' motions for a temporary restraining order and preliminary injunction. This culminated in this Court's Memorandum Opinion and Order dated September 21, 2023 (ECF No. 59), and Plaintiffs' Notice of Interlocutory Appeal to the Fifth Circuit dated September 26, 2023 (ECF No. 61) (appeal docketed as Case No. 23-10994).

A divided panel of the Fifth Circuit issued its opinion in the interlocutory appeal in Case No. 23-10994 on August 18, 2025. The panel opinion reversed the denial of a preliminary injunction, affirmed the Court's holding that Plaintiffs had standing to sue Defendant Thomas, and reversed the Court's holding that Plaintiffs had standing to sue Defendant Sharp. Although the mandate was withheld at the request of a Judge of the Fifth Circuit, none of the Parties moved for rehearing or rehearing *en banc* of the panel decision in Case No. 23-10994.

Accordingly, the Parties reasonably regarded the law as set forth in the panel opinion in Case No. 23-10994 as the law of the case binding on the Parties in the trial on the merits in this case at the time they filed their Joint Proposed Scheduling Order on October 3, 2025. (ECF No. 119). The Parties proposed a February 9, 2026, date for completion of discovery. The Parties proposed a ready-for-trial date of April 15, 2026.

The Court entered its initial Scheduling Order on October 8, 2025. (ECF No. 120). That Scheduling Order provides for completion of discovery by December 26, 2025, the day after Christmas. It sets the case for trial on the merits on February 3, 2026. The Court's Amended Scheduling Order (ECF No. 122) maintains these dates.

The Parties have commenced discovery. Plaintiff has served on Defendants Wendler and Thomas two sets of Rule 34 Requests for Production of Documents and two sets of Interrogatories. Defendants have served on Plaintiff a Rule 34 Request for Production of Documents, a set of

2

Interrogatories, and a set of Requests for Admissions. Anticipating document production in late November, the Parties have requested of each other dates for seven depositions in the first two weeks of December.

On October 27, 2025, the Fifth Circuit sua sponte granted *en banc* rehearing, vacating the panel decision. To that end, the posture of this case is now largely the same as it was when the Court closed the case in May 2024, stating it "will reopen this case upon resolution of Plaintiffs' appeal." (ECF No. 98).

## II.   THERE IS GOOD CAUSE FOR MODIFICATION OF THE AMENDED SCHEDULING ORDER.

### A.   The Applicable Law of the Case is Unknown Until the *En Banc* Court Rules.

The *en banc* rulings of law of the Fifth Circuit[1] in Case No. 23-10994 likely will provide the applicable "law of the case" for the trial on the merits. *See, e.g.*, *Lewis Brisbois Bisgaard & Smith, L.L.P. v. Bitgood*, No. 24-20458, 2025 U.S. App. LEXIS 27791 (5th Cir. Oct. 23, 2025), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988), *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993), & *Gaala v. Brown*, 460 F.App'x 469, 476 (5th Cir. 2012); *see also United States v. Abbott*, 92 F.4th 570, 573 n.2 (5th Cir. 2024) (Willett, J., concurring) ("Just to be clear, any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the trial court in a subsequent trial on the merits"); *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010). The Parties (and this Court) should have a fair opportunity to know the applicable law of the case when they prepare for trial and actually try this case on the merits. If Case No. 23-10994 is argued to the *en banc* Fifth Circuit on January 23, 2026, as currently scheduled, it is not realistic to expect an *en banc* decision by February 2026.

If this case is tried on the merits in February 2026 and a final judgment is thereafter entered by this Court before the *en banc* decision is entered by the Fifth Circuit in Case No. 23-10994, that would render Case No. 23-10994 moot. *See Satanic Temple, Inc. v. Tex. Health & Hum. Serv.*

---

[1]   Of course, it is possible that the *en banc* decision of the Fifth Circuit in Case No. 23-10994 will be further reviewed in the Supreme Court of the United States.

*Comm'n*, 79 F.4th 512, 514–15 (5th Cir. 2023); *Koppula v. Jaddou*, 72 F. 4th 83, 84 (5th Cir. 2023). Such a result would make all the efforts of the Fifth Circuit and the Parties in the *en banc* proceeding in Case No. 23-10994 futile, unnecessarily wasting the *en banc* Fifth Circuit's resources. It could even lead to unfortunate and mistaken perceptions that this Court had pressed forward to a final judgment on the merits for the purpose of rendering the *en banc* proceedings in Case No. 23-10994 moot. *See Abbott*, 92 F.4th at 575 (trial proceedings expedited "in an obvious and transparent attempt to thwart our *en banc* proceedings") (Ho, J., dissenting).

It is also possible that this Court could proceed to try this case on the merits in February 2026, but then take the case under advisement and not render a decision in this case and enter a final judgment until *after* the *en banc* Fifth Circuit rules in Case No. 23-10994. In that event, the Parties would have been required unnecessarily to prepare for trial and to try the case without knowledge of the applicable law of the case. Moreover, the February 2026 trial would not have significantly advanced the date of final judgment.

All of the above circumstances flowing from the *en banc* Fifth Circuit's October 27 decision—over which neither the Parties nor this Court had any control—provide good cause for the modification of the Amended Scheduling Order.

**B. The Parties and Counsel are Required to Devote Significant Time and Effort to Briefing and Arguing the *En Banc* Appeal at the Same Time They Must Prepare for Trial.**

Since the Court entered its Scheduling Order on October 8, 2025, the time demands on the Parties and Counsel have significantly increased during the limited period available for discovery and pre-trial preparation. Plaintiff and its counsel must prepare and file a supplemental brief in Case No. 23-10994 by November 24. Defendants and their counsel must prepare and file a supplemental brief in Case No. 23-10994 by December 22, during the heart of the remaining discovery period ending on December 26.

Under the Amended Scheduling Order, all Parties must prepare for and conduct oral argument before the *en banc* Fifth Circuit during the period of most intense pretrial activity. Under the Amended Scheduling Order, dispositive motions are due January 2, with responses due seven days later. Pretrial Disclosures and Pretrial Objections are due by January 9 and 16, respectively. During the same week of January 23 that *en banc* oral argument is scheduled in Case No. 23-10994, the Amended Scheduling Order requires the Parties to file the Pretrial Order, Witness Lists, Exhibit Lists (and Exchange of Exhibits), and Deposition Designations. The Pretrial Conference is scheduled for the following Tuesday, January 27.

The Parties and their counsel respectfully suggest that the combination of the requirements of the Amended Scheduling Order and the requirements of the *en banc* Fifth Circuit in Case No. 23-10994 during the next ninety days constitute good cause for modification of the Amended Scheduling Order. Allowing the parties adequate time to focus on *en banc* briefing and argument will serve the interests of justice. Not only will it serve the interests of ensuring the parties present helpful and thorough briefing to the *en banc* Fifth Circuit, it will also ensure the parties can devote the time necessary to complete discovery and complete pre-trial obligations to help this Court try the issues. *See Abbott*, 92 F.4th at 574 (observing that when Fifth Circuit *en banc* review conflicts with an expedited trial, "[p]rompt resolution, while important, cannot come at the expense of *painstaking* resolution.") (Willett, J., concurring); *id.* at 571 (opining that the district court abused its discretion in setting an expedited trial pending *en banc* review, explaining, "if the district court thought that going to trial during en banc briefing by the parties and preparation by this court's judges somehow expedites ultimate resolution of this case, it makes no sense.") (Jones, J., concurring).

### C. The Parties' Counsel have Significant Additional Conflicting Obligations in the Immediate Future.

This case, whether in this Court or the Fifth Circuit, is not the only source of significant obligations of counsel for the Parties in the next ninety days. Counsel for both Plaintiff and Defendants have substantial obligations to other clients during that period that they believe are

5

inconsistent with the requirements of the Amended Scheduling Order. A summary of these obligations is as follows:

1. **Plaintiff's Counsel** – Plaintiff's lead attorney, Mr. Morris, is counsel of record in *Villarreal v. Alaniz*, No. 25-29, in the Supreme Court of the United States. Mr. Morris will have primary responsibility for drafting and filing a reply in support of a petition for certiorari on or around November 21, 2025, days before Plaintiff's *en banc* brief is due at the Fifth Circuit. Mr. Morris will also be responsible for presenting *en banc* argument at the Fifth Circuit in Case No. 23-10994 on January 23 in New Orleans.

Plaintiff's counsel of record Mr. Fitzpatrick and Mr. Zeman are scheduled for a January 2026 jury trial in *I.P. v. Tullahoma City Schools*, Case No. 4:23-cv-26, in the Eastern District of Tennessee. The pre-trial conference is set for December 30, 2025. Trial is set to start January 13, 2026, and expected to last no fewer than three days. Mr. Fitzpatrick also is lead attorney in *Stanford Daily v. Rubio*, Case No. 5:25-cv-06618, in the United States District Court for the Northern District of California. On November 19, he will be arguing at an in-person hearing in that case on cross-motions for summary judgment involving First Amendment issues of first impression.

Plaintiff's counsel of record Mr. Steinbaugh is scheduled for a medical procedure in January, 2026, which will require him to take time off from work.

2. **Defendants' Counsel** - Defendants' counsel Mr. Bryant is attorney-in-charge, and Ms. Al-Fuhaid is counsel of record, for Plaintiff State of Texas in *State of Texas v. U.S. Department of Homeland Security, et al.*, Case No. 2:23-cv-55-AM in the United States District Court for the Western District of Texas. See *Texas v. U.S. Dept. of Homeland Security*, 123 F.4th 186 (5th Cir. 2024). The District Court has scheduled a Docket Call in that case for December 2025. The State of Texas expects to request at that time that the Court schedule that case for bench trial or a final hearing.

Defendants' counsel Mr. Bryant also is attorney-in-charge, and Ms. Al-Fuhaid is counsel of record, for Defendants Governor Greg Abbott, Attorney General Ken Paxton, Acting

Comptroller of Public Accounts Kelly Hancock, Commissioner Dr. Jennifer Shuford of the Texas Department of State Health Services, and Phil Sorrells, District Attorney of Tarrant County, in *Vapor Technology Ass'n, et al. v. Hancock, et al.,* Case No. 4:25-cv-3955 in the United States District Court for the Southern District of Texas. Plaintiffs filed this case on August 20, 2025, and moved for a preliminary injunction against enforcement by Defendants of a 2025 Texas statute prohibiting sales in Texas of vaping products partially or wholly manufactured in China or other foreign adversaries of the United States. Plaintiffs challenge the Texas statute under the Foreign Commerce Clause of the United States Constitution, and seek to amend to add a First Amendment challenge. Defendants moved to dismiss for lack of subject matter jurisdiction. The District Court has scheduled a hearing on those motions to dismiss and a motion to amend on November 18. If the Court denies any of the motions to dismiss, the Court likely will be asked by Plaintiffs to hear the motion for preliminary injunction as soon as practicable.

Defendants' Counsel Mr. Bryant and Ms. Al-Fuhaid are attorneys of record for Appellants Governor Greg Abbott, Director Freeman Martin of the Texas Department of Public Safety, and the State of Texas in *United States v. Texas*, Case No.-24-50149 in the Fifth Circuit Court of Appeals. The Fifth Circuit on August 29, 2025, granted Appellants' petition for rehearing *en banc* and vacated the earlier panel opinion. *United States v. Texas*, 150 F.4th 656 (5th Cir. 2025) (panel opinion at 144 F.4th 632 (July 3, 2025)). The Fifth Circuit has scheduled oral argument to the *en banc* Fifth Circuit in that case on January 22, 2026, the day before Case No. 23-10994 is scheduled for *en banc* oral argument.

### D. The Amended Scheduling Order Should be Modified to Provide for Trial and at Least Some Discovery *After* the *En Banc* Fifth Circuit Ruling.

The Parties believe there is ample good cause to modify the Amended Scheduling Order, but recognize that trial and pretrial scheduling are matters that are within this Court's broad discretion. The Parties therefore do not presume to tell the Corrt specifically how they believe the Amended Scheduling Order should be modified. However, the Parties believe the key elements of modification are that:

1) This case should be tried on the merits, and there should be an opportunity for dispositive motions, *after* the Fifth Circuit renders its *en banc* decision in Case No. 23-10994; and

2) There should be at least some modest opportunity for discovery by the Parties *after* the Fifth Circuit renders its *en banc* decision in Case No. 23-10994, although the parties intend to continue conducting discovery while the *en banc* proceedings are pending.

To that end, the Parties suggest three alternative modifications to the scheduling order:

a) Trial, pre-trial, and dispositive motion deadlines are stayed pending final resolution of Case No. 23-10994. The parties may continue conducting discovery, and have 30 days after resolution of Plaintiff's appeal for discovery on any new issues raised by the resolution of Plaintiff's appeal;

—OR—

b) All current deadlines are stayed pending final resolution of Case No. 23-10994;

—OR—

c) All deadlines in the Amended Scheduling Order are extended by 90 days.

The Parties appreciate the Court's consideration of this Joint Motion and respectfully ask that the Court modify the Amended Scheduling Order as it deems appropriate.

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/S/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

*Counsel for Defendants*

_____
WALTER WENDLER
*Defendant*

_____
CHRISTOPHER THOMAS
*Defendant*

Respectfully submitted.

/s/ *JT Morris*
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

*Counsel for Plaintiff*

_____
JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
*Plaintiff*

Date: October 31, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ David Bryant
DAVID BRYANT
Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

**Counsel for Defendants**


_____
WALTER WENDLER
*Defendant*

_____
CHRISTOPHER THOMAS
*Defendant*

Respectfully submitted.

/s/ JT Morris
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

**Counsel for Plaintiff**

_____
JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
*Plaintiff*

9

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

*Counsel for Defendants*

WALTER WENDLER
*Defendant*

CHRISTOPHER THOMAS
*Defendant*

Respectfully submitted.

/s/ *JT Morris*
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

*Counsel for Plaintiff*

JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
*Plaintiff*

9

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

***Counsel for Defendants***


WALTER WENDLER
***Defendant***

CHRISTOPHER THOMAS
***Defendant***

Respectfully submitted.


/s/ *JT Morris*
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
  AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

***Counsel for Plaintiff***


JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
***Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ David Bryant
DAVID BRYANT