IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

      Plaintiff,

v.                                                                    2:23-CV-048-Z

WALTER WENDLER, *et al.*,

      Defendants.

## ORDER

Before the Court is Plaintiff Spectrum WT and Defendants Walter Wendler and Christopher Thomas's Joint Motion for Modification of Amended Scheduling Order ("Joint Motion"), filed November 3, 2025. ECF No. 124. For the following reasons, the Joint Motion is **DENIED**.

### BACKGROUND

Following entry of the Court's Amended Scheduling Order (ECF No. 122) on October 28, 2025, the parties filed this Joint Motion seeking modification of the Court's Amended Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Northern District of Texas Local Rule 40.1. ECF No. 124 at 1. The parties believe good cause for modification exists for three reasons. First, the parties argue that "[t]he *en banc* rulings of the Fifth Circuit in Case No. 23-10994 likely will provide the applicable 'law of the case' for the trial on the merits." *Id.* at 3. Relatedly, the parties express concern that if a final judgment is entered "by this Court before the *en banc* decision is entered by the Fifth Circuit," this could render Plaintiff's interlocutory appeal moot. *Id.* Second, the parties "respectfully suggest that the combination of the requirements of the Amended Scheduling Order and the requirements of the *en banc* Fifth Circuit in Case No. 23-10994 during the next ninety days constitute good cause for modification of the Amended Scheduling Order." *Id.* at 5. Third, the parties note

that counsel "for both Plaintiff and Defendants have substantial obligations to other clients during [the next ninety days] that they believe are inconsistent with the requirements of the Amended Scheduling Order." *Id.* at 5–6.

### LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Whether a party has met the good cause standard of Rule 16(b)(4) is "an issue committed to the Court's 'sound discretion.'" *Pruneda v. Bexar Cnty.*, No. SA-22-CV-104, 2024 WL 3934209, at *4 (W.D. Tex. July 29, 2024) (quoting *S&W Enters.*, 315 F.3d at 537).

### ANALYSIS

### I. Joint Motion

The parties state that they "share the Court's wish to proceed to a bench trial in this case at the earliest practicable date." ECF No. 124 at 1. "However," they write, the Fifth Circuit's decision to grant *en banc* rehearing of Plaintiff's interlocutory appeal creates "good cause" to modify the Amended Scheduling Order because "the *en banc* rulings of law of the Fifth Circuit in Case No. 23-10994 likely will provide the applicable 'law of the case' for the trial on the merits." *Id.* at 1, 3. For support, the parties rely on *United States v. Abbott*, 92 F.4th 570, 572 n.2 (5th Cir. 2024) (Willett, J., concurring) ("Just to be clear, any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the trial court in a subsequent trial on the merits.").

That reliance is misplaced. In *Abbott*, the United States sued Texas in the Western District of Texas, asking the court to order the removal of a floating barrier Texas had installed in the Rio Grande River to prevent illegal border crossings. 92 F.4th at 571 (Willett, J., concurring). "The district court granted a preliminary injunction in favor of the United States, ordering Texas to cease any work on the floating barrier and to reposition it on the Texas side of the riverbank." *Id.* "Over a dissent, a panel of this court affirmed the district court's preliminary injunction." *Id.* Then, a mere two days after the Fifth Circuit granted rehearing *en banc*, vacating the panel opinion and staying the preliminary injunction pending appeal, the district court held a status conference with trial counsel. *Id.* The district court wanted to try the case "soon, very soon," and set trial for just two months later. *Id.* These "questionable" actions evinced a clear desire to end-run the Fifth Circuit's *en banc* proceedings in order to enter a permanent injunction against Texas—even as the preliminary injunction remained stayed on appeal. *Id.* at 573; *see also id.* at 576 (Ho, J., dissenting) (describing the district court's actions as a "transparent effort to moot our en banc proceedings").

The posture of this case is exactly the opposite of *Abbott*. In *Abbott*, the district court accelerated trial on the merits to *thwart* appellate review by the *en banc* Fifth Circuit. Here, the Court has set an expedited schedule in order to *facilitate* Fifth Circuit review. *See, e.g.*, *Mayor of Baltimore v. Azar*, 973 F.3d 258, 266 (4th Cir. 2020) ("In these consolidated appeals, we address the propriety of the district court's preliminary and permanent injunctions. The district court first issued a preliminary injunction, and the Government appealed. While the appeal of the preliminary injunction was pending and after discovery, the district court issued a permanent injunction, and the Government appealed from that judgment as well. We

consolidated the appeals, and a majority of the full court voted to hear both cases en banc." (citation modified)).

As the parties and this Court have already discussed *ad nauseam*, very limited discovery took place in the six months between the Complaint (March 2023) and the Memorandum Opinion and Order (September 21, 2023). This is because Plaintiff made two crucial decisions when deciding how to litigate this case. First, Plaintiff initially sought a temporary restraining order, which later converted to a preliminary injunction. *See* ECF Nos. 8, 30. This meant the parties had few opportunities to pursue discovery or otherwise develop this case's factual record. Second, Plaintiff filed an interlocutory appeal of this Court's denial of the preliminary injunction rather than allow this case to proceed to final judgment. *See* ECF No. 124 at 2 ("Before the case was reopened, the parties' discovery was limited to the exchange of initial disclosures. Despite this, the Parties actively litigated in 2023 the Plaintiffs' motions for a temporary restraining order and preliminary injunction. This culminated in this Court's Memorandum Opinion and Order dated September 21, 2023 . . . ."). Even on rehearing *en banc*, the record before the Fifth Circuit remains essentially unchanged, even though two years have passed since Plaintiff filed its interlocutory appeal. By moving expeditiously to a bench trial in early 2026, the Court will provide the full Fifth Circuit with a more complete record on appeal—exactly the opposite of *Abbott*, where the district court rushed to trial to *frustrate* appellate review. It is well within this Court's power to do this. *See, e.g.*, *Abbott*, 92 F.4th at 574–75 (Douglas, J., concurring) (noting that a district court may "expedite trial on the merits to 'provide a complete and full factual as well as legal record' for both [the Fifth Circuit] and the Supreme Court to review, if necessary").

Lastly, by its own terms, *Abbott* does not apply to this case. Judge Willett's concurrence makes clear that "the district court has jurisdiction to proceed to trial while we

review *en banc* the factual, historical, and legal issues on appeal from the preliminary injunction." *Abbott*, 92 F.4th at 573 (Willett, J., concurring); *see also Satanic Temple Inc. v. Tex. Health & Human Servs. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) ("An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." (citing *Ry. Lab. Execs.' Ass'n v. City of Galveston ex rel. The Bd. of Trs. of the Galveston Wharves*, 898 F.2d 481, 481 (5th Cir. 1990))); *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (per curiam) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits."). Judge Willett describes a district court's power to proceed on the merits as "critical[]." *Abbott*, 92 F.4th at 573. And he notes that "the district court's decision to expedite trial, despite our impending *en banc* rehearing, is within its jurisdiction, does not tread on the dominion of other branches of government, and will not permanently close our courthouse doors to the parties." *Id.* at 574. Even in the footnote the parties quote in their Joint Motion, Judge Willett wrote only that "any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the district court in a *subsequent* trial on the merits." *Abbott*, 92 F.4th at 572 n.2 (Willett, J., concurring) (emphasis added). Here, by contrast, the Court intends to hold a trial on the merits *before* the *en banc* Fifth Circuit has made any conclusions of law. This accelerated schedule will provide the Fifth Circuit a more robust record on appeal, replete with findings of fact and conclusions of law based on discovery scheduled to close well in advance of the Fifth Circuit's rehearing *en banc*.

## II. Second Amended Scheduling Order

For the above reasons, the Court declines to stay or otherwise extend the deadlines currently governing this case. However, the Court notes the parties' concerns about the

current Amended Scheduling Order presenting potential conflicts with Christmas and other end-of-year holidays. *See, e.g.*, ECF No. 124 at 2 ("The Court entered its initial Scheduling Order on October 8, 2025. (ECF No. 120). That Scheduling Order provides for completion of discovery by December 26, 2025, the day after Christmas."). The parties have also worked diligently in conducting discovery in this case since the Court issued its initial Scheduling Order in early October. *See id.* at 2–3 ("The Parties have commenced discovery. Plaintiff has served on Defendants Wendler and Thomas two sets of Rule 34 Requests for Production of Documents and two sets of Interrogatories. Defendants have served on Plaintiff a Rule 34 Request for Production of Documents, a set of Interrogatories, and a set of Requests for Admissions."). Lastly, the Fifth Circuit recently issued an opinion in *Woodlands Pride, Inc. v. Paxton*, in which it vacated an injunction against the Texas law known as S.B. 12. *Compare* 2025 WL 3096979, at *7 n.9 (5th Cir. Nov. 6, 2025) ("We have genuine doubt, however, that pulsing prosthetic breasts in front of people, putting prosthetic breasts in people's faces, and being spanked by audience members are actually constitutionally protected—especially in the presence of minors."), *with Spectrum WT v. Wendler*, 693 F. Supp. 3d 689, 698 (N.D. Tex. 2023) ("But the newer cases retained older rules relevant to protests, forums, time, place, and manner—plus an important outer limit on 'expressive conduct,' especially *sexualized* 'expressive conduct': When children are involved, the calculation changes.").

All of these developments may help to streamline this case. Accordingly, the Court will issue a Second Amended Scheduling Order, which will consolidate several deadlines and shifts other deadlines away from Christmas, New Year's Eve, and New Year's Day.

CONCLUSION

For the foregoing reasons, the Joint Motion is **DENIED**. The Court will issue a Second

Amended Scheduling Order that reflects the new deadlines governing this case.

**SO ORDERED**.

November 10, 2025

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE