IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

    Plaintiff,

v.                                                       2:23-CV-048-Z

WALTER WENDLER, *et al.*,

    Defendants.

**ORDER**

Before the Court is Plaintiff Spectrum WT's Unopposed Motion to Partially Reconsider Amending the Scheduling Order ("Motion"), filed November 13, 2025. ECF No. 127. For the following reasons, the Motion is **DENIED**.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Whether a party has met the good cause standard of Rule 16(b)(4) is "an issue committed to the Court's 'sound discretion.'" *Pruneda v. Bexar Cnty.*, No. SA-22-CV-104, 2024 WL 3934209, at *4 (W.D. Tex. July 29, 2024) (quoting *S&W Enters.*, 315 F.3d at 537).

**ANALYSIS**

Plaintiff asks the Court "for partial reconsideration and modification of the Second Amended Scheduling Order." ECF No. 127 at 1. The Second Amended Scheduling Order, entered on November 10, 2025, set a bench trial date of January 14, 2026. *See* ECF No. 126.

This is approximately three weeks earlier than the previous bench trial date of February 3, 2026. *See* ECF No. 122. As the Court noted in its accompanying November 10th Order denying the parties' Joint Motion for Modification of Amended Scheduling Order (ECF No. 125), the Second Amended Scheduling Order accelerated the bench trial in this case for three main reasons.

First, the Court sought to address the parties' concerns about deadlines falling during the holidays. *See, e.g.*, ECF No. 124 at 2 ("The Court entered its initial Scheduling Order on October 8, 2025. (ECF No. 120). That Scheduling Order provides for completion of discovery by December 26, 2025, the day after Christmas."). The Second Amended Scheduling Order shifted deadlines away from the holidays, such as providing for completion of discovery by December 19, 2025, rather than the day after Christmas. Second, the Court's November 10th Order lauded the parties for their "diligen[ce] in conducting discovery in this case." ECF No. 125 at 6. The Court quoted from the parties' Joint Motion, where the parties wrote that they are rapidly moving toward the completion of discovery. *See id.* ("The Parties have commenced discovery. Plaintiff has served on Defendants Wendler and Thomas two sets of Rule 34 Requests for Production of Documents and two sets of Interrogatories. Defendants have served on Plaintiff a Rule 34 Request for Production of Documents, a set of Interrogatories, and a set of Requests for Admissions." (quoting ECF No. 124 at 2)). Third, the Fifth Circuit recently decided *Woodlands Pride, Inc. v. Paxton*, vacating an injunction against the Texas law known as S.B. 12. The Court noted that "[a]ll of these developments may help to streamline this case." ECF No. 125 at 6.

Plaintiff now asks the Court to reconsider the Second Amended Scheduling Order because the new bench trial date "conflicts with the January 13, 2026 federal jury trial that two of Plaintiff's counsel are set to try." ECF No. 127 at 1. Plaintiff correctly notes that it relayed this date to the Court "in the parties' joint motion to amend the scheduling order."

2

*Id.* (citing ECF No. 124 at 6). Plaintiff also notes that while "Plaintiff can meet the Court's pre-trial submission deadlines absent" these two attorneys, Plaintiff "cannot effectively try this case without them." *Id.* at 2. This is so, Plaintiff argues, because "(a) Plaintiff's lead counsel, Mr. Morris, is also responsible for presenting oral argument to the en banc Fifth Circuit on January 23, and (b) Plaintiff's only other counsel of record, Mr. Steinbaugh, is undergoing a medical procedure in January." *Id.*

The Court recognizes that setting cases for trial often presents significant scheduling difficulties for counsel. Even so, the Court was aware of each of the arguments Plaintiff raises in its Motion before issuing the Second Amended Scheduling Order. Nothing has materially changed since that Scheduling Order was entered on November 10, 2025.

And Plaintiff's requested relief—a return to the previous bench trial date of February 3, 2026—would undermine another key reason the Court moved up the bench trial in this case: to "provide the Fifth Circuit a more robust record on appeal, replete with findings of fact and conclusions of law based on discovery scheduled to close well in advance of the Fifth Circuit's rehearing *en banc*." ECF No. 125 at 5. This is well within district courts' power. *See, e.g., United States v. Abbott*, 92 F.4th 570, 573 (5th Cir. 2024) (Willett, J., concurring) (describing a district court's power to proceed on the merits while an interlocutory appeal remains pending as "critical[]"); *Mayor of Baltimore v. Azar*, 973 F.3d 258, 266 (4th Cir. 2020) ("While the appeal of the preliminary injunction was pending and after discovery, the district court issued a permanent injunction, and the Government appealed from that judgment as well. We consolidated the appeals, and a majority of the full court voted to hear both cases *en banc*." (citation modified)).

Lastly, the Court wishes to assuage Plaintiff's concerns that the bench trial in this case may be an intensive, multi-day affair. Not so. It is more likely that the bench trial will

take the form of a single-day permanent injunction hearing, where the parties will have an opportunity to present argument and evidence on a few discrete issues. The Court made this clear at the Status Conference held on September 10, 2025. *See, e.g.*, ECF No. 117 at 64 ("I use the phrase trial on the merits, but I perceive that this is more like an evidentiary hearing before the Court to finally resolve permanent injunction . . . .").

CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. The Second Amended Scheduling Order remains in place.

**SO ORDERED**.

November 14, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE