IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, <br><br> Plaintiff, <br><br> v. <br><br> WALTER WENDLER, *et al.*, <br><br> Defendants. | 2:23-CV-048-Z |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Spectrum WT's Motion to Compel Further Responses to Interrogatories and the Production of Documents ("Motion"), filed November 14, 2025. ECF No. 130. For the following reasons, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

### LEGAL STANDARD

Federal Rule of Civil Procedure Rule 26(b)(1) explains that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The scope of discovery is broad. *See United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022, 2022 WL 19010334, at *2 (N.D. Tex. Aug. 25, 2022). Indeed, Rule 26's only limitations are that discovery requests need to be "(1) relevant to a claim or defense in the case; and (2) proportional to the needs of the case." *Id.* The threshold for relevance at the discovery stage is distinctly lower than the threshold for admissibility at trial. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted). At this stage, relevance is construed broadly enough to include any "matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.* (internal marks omitted). Thus, discovery should be

allowed unless "the information sought can have no possible bearing on the claim or defense of a party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

If a party fails to produce documents or answer an interrogatory under Federal Rules of Civil Procedure 33 and 34, then Rule 37(a)(3)(B) allows the other party to "move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The party resisting the compulsion "must show specifically how each discovery request is not relevant or otherwise objectionable." *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (N.D. Tex. 2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Similarly, "[s]erving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 582 (N.D. Tex. 2018).

However, courts should protect a resisting party if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i). Even though discovery is broad, and a resisting party bears the burden of proof to avoid court compulsion, Rule 26 "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010) (citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.")).

ANALYSIS

Broadly speaking, Plaintiff seeks two forms of relief. First, Plaintiff asks the Court to compel Defendants to produce additional documents under Federal Rule of Civil Procedure

2

34. Plaintiff also asks the Court to compel amended responses to interrogatories under Federal Rule of Civil Procedure 33.

### I. Requests for Production

Plaintiff seeks to compel Defendants to produce several types of documents by November 26. The Court will address each of Plaintiff's arguments in turn.

#### A. Second Record Search

Plaintiff first contends that "[a]lthough Defendants' rolling production has produced only a handful of documents, Plaintiff has evidence that Defendants' search has been inadequate." ECF No. 130 at 116. Plaintiff accordingly asks the Court to "order Defendants to conduct an adequate search and disclose steps taken to locate responsive records." *Id.*

"As a general matter, it is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility." *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (citation modified). To make this showing, the moving party must point to a "specific or material deficiency in the other party's production" that "allows the Court to make 'a reasonable deduction that other documents may exist or did exist and have been destroyed' or must 'point to the existence of additional responsive material.'" *Id.* (quoting *Hubbard v. Potter*, 247 F.R.D. 27, 29, 31 (D.D.C. 2008)).

Plaintiff offers three alleged deficiencies. The first is that in response to Request for Production No. 16, Defendant Wendler "stated he 'conducted a diligent search and has no' communications with David Rejino, the Texas A&M University System Assistant Vice Chancellor for Governmental Relations, concerning drag shows." ECF No. 130 at 16. However, "before this litigation began, Plaintiff's counsel obtained records from West Texas A&M University in response to a public records request. Among these was an email from Wendler alerting Rejino to the drag ban." *Id.* Plaintiff's second example focuses on Defendant

Wendler's response to Request for Production No. 15, which asked Wendler to "[p]roduce all communications to or from" a major donor to West Texas A&M University initiatives. *Id.* at 17; ECF No. 131 at 42. Defendant Wendler responded that he "has conducted a diligent search and has no documents that are responsive to this request," even as Plaintiff directs the Court to a March 2023 email exchange between Wendler and the donor about Plaintiff's planned drag show. ECF No. 131 at 42, 160. Plaintiff also asks the Court to consider "the sparse nature of Defendants' production of 165 documents" to be "itself evidence of Defendants' inadequate production." ECF No. 130 at 18. Plaintiff compares these 165 documents with a 2023 television interview in which Defendant Wendler stated that he had received "two thousand emails" about the drag show and that he had "catalogued" each of these emails. *Id.* Plaintiff states that it requested these emails, but claims that Defendants have so far failed to produce them.

Plaintiff has made a sufficient showing of the type of "specific or material deficiency" in Defendants' production that warrants requiring a new document search. Defendants are therefore **ORDERED** to perform a second, more thorough record search and to provide Plaintiff and the Court with a sworn declaration as to the search methodology used to carry out that search. However, Defendants may still rely on applicable privileges and other defenses to exempt information from this search, such as donors' right to anonymity under certain conditions.

### B. Privilege Log

Plaintiff also argues that Defendants' failure to produce a privilege log "violates Rule 26's requirement that if a party 'withholds information otherwise discoverable by claiming that the information is privileged,' it must do more than make that claim, but must also 'describe the nature of' the withheld information 'in a manner that . . . will enable other parties to assess the claim.'" ECF No. 130 at 14–15 (quoting FED. R. CIV. P. 26(b)(5)(A)).

4

Privilege logs are useful because they require the party resisting production to specifically "identify each document and provide basic information, including the author, recipient, date and general nature of the document." *Jolivet v. Compass Grp. USA, Inc.*, 340 F.R.D. 7, 21 (N.D. Tex. 2021) (quoting *S.E.C. v. Thrasher*, No. 92-6987, 1996 WL 125661, at *1 (S.D.N.Y. Mar. 20, 1996)). This log can be organized either "categorically" or "document-by-document." *Id.* (citing *Mfrs. Collection Co., LLC v. Precision Airmotive, LLC*, No. 3:12-CV-853, 2014 WL 2558888, at *2 (N.D. Tex. June 6, 2014)). Regardless of how it is organized, "the log must still provide information needed to evaluate claims of privilege, including the category, date range, authors and recipients, privilege asserted, and representations that the materials fall within the scope of the privilege." *Id.* (quoting *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-CV-00463, 2018 WL 3628890, at *1 (M.D. Tenn. Mar. 29, 2018)). This is because without this information, courts cannot adequately assess a party's claim to privilege.

At the other end of the spectrum are recycled, stock objections that do not specifically identify why the party resisting production believes a document is privileged. These are especially disfavored. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) ("General or boilerplate objections are invalid, and objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." (citing *OrchestrateHR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) (citation modified))). Defendants served many such objections here. For example, in response to Plaintiff's Requests for Production Nos. 5 and 6, respectively, Defendants lodged the following nearly identical objections:

> Defendant incorporates by reference the recurring objections described above. Defendant objects to this request because it calls for the production of documents subject to attorney-client, attorney work product, or deliberative process privilege or protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501.

5

> In particular, "all documents" would necessarily include documents on fulfilling Defendant's legal obligations and internal deliberations on how best to implement policies in compliance with the law.

> Defendant incorporates by reference the recurring objections described above. Defendant objects to this request because it calls for the production of documents and communications subject to the attorney-client, attorney work product, or deliberative process privileges or protected from disclosure by Texas Government Code § 323.017, which are therefore privileged under Federal Rule of Evidence 501. In particular, "documents and communications" would necessarily include documents and communications on fulfilling Defendant's legal obligations and internal deliberations on how best to implement its policies in compliance with the law.

ECF No. 131 at 77–78. Defendants served these stock objections even though some of the information Plaintiff seeks is plainly relevant to this case. For example, as Plaintiff notes, "information pertaining to Wendler's involvement in cancelling other events on campus—for example, his cancellation of a rap performance due to its anticipated lyrics—is relevant in evaluating how Defendants decide what expression is offensive." ECF No. 130 at 20 (citing ECF No. 131 at 109 (discussing Defendant Wendler's cancelation of "a 'rap' or 'hip-hop' performance because he 'understood the group's concerts, performances and/or recordings to advocate or describe gun violence' or might 'employ lyrics that are misogynistic'")).

The Court accordingly **GRANTS** Plaintiff's Motion as to its request for a privilege log and **ORDERS** Defendants to produce a privilege log or similar document that specifically identifies the privilege or privileges they are relying on to withhold each document. The generic responses Defendants previously served will not do.

### C. Legislative, Anticipation of Litigation, and Deliberative Process Privileges

Plaintiff notes that in response to "[r]equests unrelated to any legislation, Defendants invoke the statutory legislative privilege which protects only communications 'between' *legislative* officials." ECF No. 130 at 19 (quoting TEX. GOV'T CODE § 323.017 (emphasis in

original)). Plaintiff contends that because "neither Defendant is a lawmaker," this privilege should not apply.

> Section 323.017(a) provides:
>
> Communications, including conversations, correspondence, and electronic communications, between a member of the legislature or the lieutenant governor, an officer of the house or senate, a legislative agency, office, or committee, or a member of the staff of any of those officers or entities and an assistant or employee of the council that relate to a request by the officer or entity for information, advice, or opinions from an assistant or employee of the council are confidential and subject to legislative privilege.

TEX. GOV'T CODE § 323.017(a). This provision plainly protects only communications where at least one party is a "member of the legislature" or an individual employed in some capacity by the Texas Legislature. *Id.* More than this, it seems to protect only communications between those individuals "and an assistant or employee of the [Texas Legislative] [C]ouncil that relate to a request" for the advice or opinions of the Council. *Id.*[1] As Plaintiff points out, neither Defendant Wendler nor Defendant Thomas meet this definition. Accordingly, Section 323.017 seems to protect neither Defendant's communications with non-legislative parties.

Defendants also invoke broad "anticipation of litigation" and "deliberative process" privileges. Neither appears to apply to much of the information Plaintiff seeks. For example, many of Defendants' responses to requests for production incorporate by reference several "recurring objections." Several of those recurring objections take issue with Plaintiff's requests "to the extent that [Plaintiff] seeks information that was prepared for or in anticipation of litigation, constitutes attorney work product, [or] contains attorney-client privileged communications." ECF No. 131 at 31–32. Of course, Defendants may withhold

---

[1] *See also Confidentiality Policy*, TEX. LEGIS. COUNCIL (last visited Nov. 19, 2025), https://tlc.texas.gov/confidentiality ("Under Section 323.017, Government Code, communications between a member of the legislature or the lieutenant governor and a council employee that relate to a request by the official for information, advice, or opinions from a council employee are confidential . . . .").

7

information that is in fact protected by these and other applicable privileges. But they may not rely on abstract "anticipation of litigation" or "deliberative process" privileges to shield relevant information from production. Going forward, Defendants must specifically identify any information they believe to be actually protected by these and other privileges and articulate the precise way in which they believe the privilege applies.

### D. Deadline for Production

Plaintiff asks the Court to order Defendants to "complete their production by November 26." ECF No. 130 at 15. Pointing to Rule 34's "specified time" requirement, Plaintiff contends that the Court should compel Defendants to "provide further responses committing to complete their production by November 26, produce their documents by that date, and permit Plaintiff an adequate opportunity to evaluate the production and move to compel further responses if necessary." *Id.* at 9–10. Otherwise, Plaintiff argues, little time will remain "to evaluate those documents before the summary judgment, pre-trial submission, and trial deadlines." *Id.* at 10.

Plaintiff rightly notes that Rule 34 requires parties to specify the "end dates" for document production. FED. R. CIV. P. 34(b)(2)(B) advisory committee's note to 2015 amendment; *see also Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, No. 2:23-CV-155-Z, 2024 WL 4895882, at *1 (N.D. Tex. Nov. 26, 2024) (Kacsmaryk, J.) (citing *Torsh, Inc. v. Audio Enhancement, Inc.*, No. 22-2862, 2023 WL 7688583, at *14 (E.D. La. Nov. 15, 2023)). November 26, however, is only a week away. It is also the day before Thanksgiving, when counsel may be traveling to visit friends and family.

Accordingly, the Court **DENIES** Plaintiff's Motion as to Plaintiff's requested deadline for production. However, Defendants are **ORDERED** to complete their rolling production **on or before Monday, December 1, 2025**. This date will allow for nearly three weeks between Defendants' deadline for production and the close of discovery on December 19.

**II. Responses to Interrogatories**

Separately, Plaintiff argues that Defendant Wendler's responses to interrogatories have so far been "woefully deficient." ECF No. 130 at 26. Plaintiff contends that "Wendler's responses do not satisfy Federal Rule of Civil Procedure 33 because he broadly identifies hundreds of policies across multiple university campuses rather than identifying the facts and policies he contends justify his unilateral decision." *Id.* at 27. And his "evasive responses are all the more improper," Plaintiff continues, "because the Court identified these specific questions, including the application of policies to drag performances, as central to this case. And rightly so." *Id.* (citation omitted).

Federal Rule of Civil Procedure 33(d) permits a party to produce business records in response to an interrogatory, but only where "the burden of deriving or ascertaining the answer will be substantially the same for either party." FED. R. CIV. P. 33(b). And the responding party must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Id.* It is not enough to simply direct the party making the interrogatory to large, unspecific categories of evidence, as Defendant Wendler has done so far. *See, e.g.*, ECF No. 131 at 112 ("President Wendler considered A&M System policies and regulations, as well as WTAMU rules and procedures. Defendant is providing a copy of the WT Student Handbook, Campus Organizations Handbook, JBK Student Center Policies Manual, JBK Procedures and Guidelines, and other documents." (citation modified)).

Accordingly, the Court **ORDERS** Defendants to provide complete, specific responses to Interrogatories 1–2, 4–8, and 14 **on or before December 1, 2025**. These responses must be signed and verified under oath, as Rule 33(b) requires. FED. R. CIV. P. 33(b)(3), (5) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in

writing under oath. . . . [and the] person who makes the answers must sign them, and the attorney who objects must sign any objections.").

CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part**. Defendants are **ORDERED** to complete production **on or before December 1, 2025**. Defendants are further **ORDERED** to provide amended responses to Interrogatories 1–2, 4–8, and 14 **on or before December 1, 2025**.

SO ORDERED.

November 19, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE