**Exhibit A**

United States District Court

Northern District of Texas

Amarillo Division

| | |
|---|---|
| Spectrum WT, <br><br> Plaintiff, <br><br> v. <br><br> Walter Wendler, *et al.*, <br><br> Defendants. | No. 2:23-cv-00048 |

### **[PROPOSED] [STIPULATED] PROTECTIVE ORDER**

The Parties hereby stipulate to, and move the Court to enter, the following Protective Order

Accordingly, it is ORDERED:

**I.    Scope.**

This Protective Order ("Order") shall govern the production and exchange of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information produced, disclosed, given or exchanged by and among the parties and/or third parties (collectively "Producing Parties") to another party or parties ("Receiving Parties") in the course of this action. Persons who are not parties to this Action, but who are required to produce documents in response to a subpoena in connection with this Action, shall be entitled to invoke the provisions of this Order as if such non-party were a party to this Action.

**II.    Protected Material.**

Materials designated as Confidential are collectively referred to herein as "Protected Material." The parties may not designate as Protected Material any material which is available to the public.

    **A.    Confidential Information.**

The following may be designated "Confidential," provided the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality:

1. The names and other personally identifying information of current or former non-officer members of Spectrum WT.
2. Financial information of or relating to Spectrum WT or its current or former members.

3. Information pertaining to the health and familial relationships of Spectrum WT's current or former members.
4. The names and other personally identifying information of current or former students at West Texas A & M University.

### III. Designation of Protected Material.

The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order. A Party shall designate as "Confidential" only such information or documents or things or portions thereof that it reasonably and in good faith believes constitute or contain information that falls within these definitions.

#### A. Designation by a Producing Party

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

#### B. Designation by a Non-Producing Party

A Non-Producing Party may designate as "Confidential" information produced by Producing Party by serving on the Producing Party a list of the Bates-stamped documents containing the information to be designated as "Confidential" together with copies of the identified documents marked with the appropriate marking (*i.e.,* "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER").

### IV. Protections Afforded Protected Material.

Protected Material shall be maintained in confidence by the persons to whom it is furnished and may be disclosed by such persons only to other persons entitled to have access to the Protected Material under the provisions of this Order. Any person who makes a disclosure of Protected

Material permitted under this Order shall advise the person to whom Protected Material is to be disclosed of the contents of the Order.

    **A.    Confidential Information.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons for any purpose whatsoever other than in this litigation, including any appeal thereof. Materials designated "Confidential" shall not be given, shown, made available, communicated, or disclosed to anyone other than, to the extent necessary for this litigation.

The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1. <u>Counsel.</u> Counsel for the parties and employees of counsel who have responsibility for the action;
2. <u>Parties.</u> Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;
3. <u>The Court and its Personnel.</u>
4. <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions;
5. <u>Contractors.</u> Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;
6. <u>Consultants and Experts.</u> Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;
7. <u>Witnesses at depositions.</u> During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8. <u>Author or recipient.</u> The author or recipient of the document (not including a person who received the document in the course of litigation); and

9. <u>Others by Consent.</u> Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**B.    Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Protected Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Protected Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

**C.    Filing of Protected Material.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file any document, or any portion of a document, designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with N.D. Ind. L.R. 5-3. **Use of Protected Material.**

**D.    Purposes for Which Protected Material May Be Used.**

Documents designated as Protected Material shall be used solely for the preparation, trial, appeal, mediation and/or settlement of this action. All compilations, notes, copies, electronic images, or databases containing information designated as Protected Material shall be subject to the terms of this Order to the same extent as the Protected Materials themselves.

**E.    Use of Protected Materials in Pleadings or Other Submissions.**

This Order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with N.D. Ind. L.R. 5-3 and the provision of Section IV(C) of this Order.

**F.    Use of Protected Material at Trial or Hearings.**

This Order shall not prevent any Protected Material from being used by the Court or counsel at any hearing in this action, or from being offered and received into evidence at trial, provided that

such use is made only in accordance with such appropriate procedures as may be approved by the Court. The parties shall confer to reach an agreement regarding the procedures to be recommended to the Court.

## V.     Use by Persons Producing the Protected Material.

Nothing in this Order is intended to limit the rights of any party which designated Protected Material to use the designated Protected Material in any way such party sees fit.

## VI.    Previously Produced Information.

A Producing Party shall have 20 days from the entry on this Order to designate any information previously produced in this litigation as Confidential. Documents designated in this manner shall be subject to this Order to the same extent as if the information had been designated at the time of the initial production, and such information shall be treated by the Receiving Party as if it had been inadvertently produced with an error in designation, subject to Section VIII.

## VII.   Procedures for Challenging Designations.

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nor shall any party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Protective Order, (b) applying to the Court for an Order permitting the disclosure or use of information or documents otherwise prohibited by this Protective Order, or (c) applying for a further Order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

On any motion concerning a challenge to the designation of any information, the burden of proof shall lie with the producing party to establish that the information is, in fact, Confidential information. Any challenge to the designation of a document shall contain a specific statement of the basis of the challenge and the parties agree not to challenge confidentiality designations without a good faith reason to do so. If a party seeks declassification or removal of particular items from a designation on the ground that such designation is not necessary to protect the interests of the party claiming confidentiality of the designated information, the following procedure shall be utilized:

    a.    The party seeking such declassification or removal shall give counsel of record for the producing party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request; and

    b.    If the challenge is addressed to less than 30 pages or 10 separate documents (whichever is greater in length), the producing party shall be required to move the

Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, unless the parties agree otherwise, and failure to do so shall constitute a termination of the restricted status of each item. If the challenge is addressed to more than 30 pages or 10 separate documents (whichever is greater in length), the burden to move shall be on the challenging party, but the burden to support the confidentiality designation shall remain on the party claiming confidentiality of the designated information.

**VIII.   Obligations on Conclusion of Litigation.**

    **A.   Order Continues in Force.**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **B.   Obligations at Conclusion of Litigation.**

Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    **C.   Retention of Work Product and one set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**IX.   No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

X.  **Modifications.**

The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

XI. **Nature of Order and Jurisdiction.**

This Order shall, absent written consent of the parties hereto, continue to be binding after the conclusion of this action. After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana.

**SO ORDERED.**

                                                MATTHEW J. KACSMARYK
                                          UNITED STATES DISTRICT JUDGE