IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, <br><br> Plaintiff, <br><br> v. <br><br> WALTER WENDLER, *et al.*, <br><br> Defendants. | 2:23-CV-048-Z |

**ORDER**

Before the Court is the parties' Joint Motion for Entry of Agreed Protective Order ("Joint Motion"), filed December 9, 2025. ECF No. 136. The Joint Motion is **GRANTED in part**.

"Under Federal Rule of Civil Procedure 26(c), the Court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *R2 Sols. LLC v. Databricks, Inc.*, No. 4:23-CV-1147, 2024 WL 4753314, at *1 (E.D. Tex. Nov. 12, 2024) (quoting FED. R. CIV. P. 26(c)(1)). The "Fifth Circuit has recognized that 'at the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information.'" *June Med. Servs., LLC v. Phillips*, No. CV 14-525, 2022 WL 1481791, at *3 (M.D. La. May 10, 2022) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). "The Court has broad discretion in determining whether to grant a motion for protective order because it is 'in the best position to weigh fairly the competing needs and interests of parties affected by discovery.'" *R2 Sols. LLC*, 2024 WL 4753314, at *1 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Having reviewed the Joint Motion and applicable law, the Court finds good cause to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c). The Joint Motion is accordingly **GRANTED in part**.[1] The Court will separately enter an Agreed Protective Order in this case.

**SO ORDERED.**

December 9, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[1] The Court adopts the substance of the parties' proposed Protective Order in its entirety. However, the parties inadvertently included several references to the Northern District of Indiana rather than to this Court. *See, e.g.*, ECF No. 136-1 at 5 (requiring parties who wish to file documents under seal to comply with "N.D. Ind. L.R. 5-3"); *id.* at 8 ("After the conclusion of this action, the parties may bring an action to enforce this order only in a state or federal court of competent jurisdiction within the Northern District of Indiana."). The Court has amended the Protective Order to refer to the Local Rules of the Northern District of Texas.