UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT,<br><br>    Plaintiff,<br><br>  v.<br><br>WALTER WENDLER,<br><br>    Defendant. | Case No.: 2:23-cv-00048-Z<br><br>Hon. Matthew J. Kacsmaryk |

## JOINT FINAL PRE-TRIAL ORDER

Under this Court's Second Amended Scheduling Order (ECF No. 126 at ¶ 26) and Local Rule 16.4, Plaintiff Spectrum WT and Defendant Walter Wendler submit this joint pretrial order.

  **A. Counsel for the Parties.**

Plaintiff:

  JT Morris
  Conor T. Fitzpatrick
  Foundation for Individual Rights and Expression (FIRE)
  700 Pennsylvania Ave., SE
  Ste. 340
  Washington, DC 20003
  Tel: (215) 717-3473
  jt.morris@fire.org
  conor.fitzpatrick@fire.org

  Adam B. Steinbaugh
  Jeffrey D. Zeman
  Samuel Rudovsky
  Foundation for Individual Rights and Expression (FIRE)
  510 Walnut St.; Ste. 1250
  Philadelphia, PA 19106
  Tel: (215) 717-3473
  adam@fire.org
  jeff.zeman@fire.org
  sam.rudovsky@fire.org

1

    <u>Defendant:</u>

        David Bryant
        Munera Al-Fuhaid
        Zachary Berg
        Alexia Baker
        Office of the Attorney General
        P.O. Box 12548 (MC-009)
        Austin, Texas 78711-2548
        Tel.: (512) 463-2120
        Fax: (512) 320-0667
        david.bryant@oag.texas.gov
        munera.al-fuhaid@oag.texas.gov
        zachary.berg@oag.texas.gov
        alexia.baker@oag.texas.gov

**B.    Statement of Jurisdiction.**

Plaintiff contends this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleges federal causes of action under the First and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. *See also* ECF 116 at 8–13 (denying Rule 12(b)(1) motion to dismiss Plaintiff's claims). The Court has personal jurisdiction over Defendant Wendler because he resides in the State of Texas and within this Court's territorial jurisdiction.

Defendant contends that Plaintiff now lacks standing and there is no subject matter jurisdiction as a result. A plaintiff seeking forward-looking relief must show at all stages of the case that it is threatened with irreparable harm to a legally protected interest. Plaintiff is not now threatened with harm by Defendant to any constitutionally protected right of free speech and thus has no injury in fact.

### C. Summary of the Claims and Defenses of Each Party.

#### i. Nature of the Action.

Plaintiff's Amended Complaint (ECF No. 28) alleges three causes of action, each seeking prospective injunctive and declaratory relief against Defendant: (1) Viewpoint Discrimination in Violation of the First Amendment; (2) Exclusion from a Public Forum in Violation of the First Amendment; and (3) Prior Restraint on Freedom of Speech in Violation of the First Amendment.[1]

Defendant Wendler denies that Plaintiff is entitled to relief. (ECF No. 80).

#### ii. Contentions of the Parties.

Plaintiff Spectrum WT contends that Defendant Walter Wendler, president of West Texas A&M University, has instituted a viewpoint-discriminatory prior restraint on student expression he believes is offensive to members of the campus and broader community. Plaintiff, a recognized student organization dedicated to raising awareness of LGBTQ+ students at the public university, contends that Wendler has twice prohibited it from staging drag performances because he believes they will advance an ideological perspective he finds offensive to women. Plaintiff credibly fears Defendant Wendler will again refuse to allow Plaintiff to stage a student drag performance, scheduled for April 17, 2026, in Legacy Hall, a campus theatre West Texas A&M, by policy and regular practice, has opened to student organizations and members of the public for expressive activity, including stage performance events.

---

[1] The Court dismissed the fourth cause of action, for damages, on September 21, 2023. ECF No. 59 at 20. There are no live damages claims.

3

Plaintiff contends Legacy Hall is a designated public forum in which content-based restrictions like Defendant Wendler's trigger strict scrutiny, which he cannot satisfy. Plaintiff contends that even if Legacy Hall were a limited public forum, Wendler's restriction is viewpoint-discriminatory and a blanket, unbounded prior restraint, both of which the First Amendment prohibits in any public forum.

Defendant Wendler denies the material allegations of Plaintiff. Defendant contends that Plaintiff's proposed 2023 and 2024 drag performances at Legacy Hall did not involve inherently expressive conduct or speech protected by the First Amendment. Dr. Wendler concluded in good faith that Plaintiff's proposed drag performances in 2023 and 2024 at Legacy Hall would have been inappropriate and inconsistent with the educational mission of WTAMU, including its core value of respect.

Dr. Wendler therefore cancelled the proposed 2023 and 2024 drag performances at Legacy Hall in good faith, not banning or censoring any constitutionally protected free speech but imposing a reasonable restriction on place and leaving Plaintiff free to hold such drag performances at off-campus venues without any repercussions from WTAMU. The proposed 2023 and 2024 drag performances at Legacy Hall were ones to which minors were invited and were to feature,"Myss Myka",a non-student whose drag performances generally featured lewd and sexualized conduct inappropriate for an audience including minors and inconsistent with the educational mission and values of West Texas A&M University because they demean and denigrate women.

4

Legacy Hall is a limited public forum. West Texas A&M University has allowed registered student organizations the privilege of using Legacy Hal for events that are not inappropriate or inconsistent with the university's educational mission and core values. However, WTAMU has reserved the right to cancel or interrupt any events proposed for Legacy Hall that are inappropriate or inconsistent with WTAMU's educational mission. Dr. Wendler exercised that clearly reserved right of WTAMU on use of a limited public forum.

Plaintiff very recently proposed a drag show to occur at Legacy Hall in April 2026. However, Plaintiff has only a general intention to hold such a drag show and no details have yet been worked out. Plaintiff has determined that the expressive message to be communicated by the drag show performers, if any, will be whatever message they choose; however, no drag performers for the proposed 2026 drag show have been selected so Plaintiff cannot show a particularized message the yet-unidentified drag performers would seek to express, Plaintiff has no specific message it intends to communicate through the 2026 drag show, The proposed event is at a nascent stage and Dr. Wendler has not denied permission to use Legacy Hall for the proposed 2026 drag show.

Dr. Wendler has not denied any constitutionally protected right of free speech to Plaintiff and Dr. Wendler is entitled to prevail on the merits. Plaintiff is not threatened with irreparable harm by reason of any likely future action by Dr. Wendler. The public interest and the balance of the equities warrant denial of the relief sought by Plaintiff. The public interest lies in upholding the right of public

5

education officials to control use of campus facilities that are limited public forums as to time, place and manner and to further the educational mission and values of their institutions. The public interest also lies in protecting minors and K-12 students from lewd and/or sexualized conduct and gender ideology, especially on public property. The Court should use its equitable discretion to deny any permanent injunctive or declaratory relief to Plaintiff, because such relief would be impractical and unworkable and would enmesh this federal court in overseeing public university officials" judgments as to educational policy.

### D. Stipulations and Uncontested Facts.

The parties stipulate or do not otherwise contest:

1. West Texas A&M University ("WT") is a public university within the Texas A&M University System.

2. Approximately 9,000 students attend WT.

3. WT is not a secondary school, public school district, or charter school.

4. Secondary school students are enrolled at WT, and were enrolled in 2023 and 2024 at WT, through the PUP and dual enrollment programs.

5. Secondary school students enrolled at WT through the PUP program take classes on WT's campus.

6. Most secondary school students are minors (under eighteen years of age).

7. WT offers only postsecondary courses.

8. Legacy Hall is an enclosed venue in the Jack B. Kelley Student Center (the "JBK") located on WT's campus.

9. Legacy Hall is a multipurpose venue capable of hosting staged performances using lights and music before a seated theatre audience.

10. Legacy Hall has no windows.

11. Student organizations, students, faculty departments, administrative departments, and the general public may seek to reserve Legacy Hall for expressive activities.

12. Student organizations are not required to pay usage fees for a reservation of Legacy Hall.

13. Reservations for Legacy Hall are considered on a first-come, first-served basis, while WT provides priority access for certain, regular campus events (such as graduation).

14. In July 2025, WT proposed a revision of its "Expressive Activity on Campus" policy and submitted it to the Texas A&M University System Board of Regents for approval, but the revision has not yet been approved.

15. Spectrum WT is a recognized student organization in good standing at WT.

16. Spectrum WT's stated mission is to "provide a safe space for LGBTQ+ students and allies to come together," to "raise awareness of the LGBTQ+ community," and to "promote diversity, support, and acceptance on campus and in the surrounding community."

17. Spectrum WT began planning a charity drag show in 2022.

18. Spectrum WT applied to hold a charity drag show in Legacy Hall on March 31, 2023 (the "March 2023 Show").

19. Spectrum WT's social media promotion of the March 2023 Show included the hashtags "#pride #lgbt #gay #trans[.]"

20. Spectrum WT described its March 2023 drag show as "PG-13."

21. WT Director of Communications and Media Relations Chip Chandler and Professor Kristina Drumheller assisted Spectrum WT in organizing and preparing the March 2023 drag show.

22. WT staff issued "tentative approval" of the March 2023 Show on or about February 23, 2023.

23. President Wendler is the President and chief executive officer of West Texas A&M University.

7

24. But for Wendler's decision to cancel the March 2023 Show, Spectrum WT would have been permitted to host the March 2023 Show in Legacy Hall as planned.

25. Spectrum WT held an alternative drag show at Sam Houston Park in Amarillo, Texas on March 31, 2023 (the "Sam Houston Park Show").

26. Spectrum WT raised $8,690 via GoFundMe in connection with the Sam Houston Park Show.

27. Spectrum WT raised $941 in cash in connection with the Sam Houston Park Show.

28. Spectrum WT paid $1,250 to the City of Amarillo for use of the stage in connection with the Sam Houston Park Show.

29. Spectrum WT paid $1,129.93 to Off-Duty Management for off-duty police officers in connection with the Sam Houston Park Show.

30. Spectrum WT donated $7,000 to the Trevor Project following the Sam Houston Park Show.

31. Myss Myka and other non-student Amarillo drag queens performed at the Sam Houston Park Show.

32. Spectrum WT requested use (on March 22, 2024) of Legacy Hall to hold a "Don't Be A Drag Drag Show" (the "March 2024 Show").

33. On March 18, 2024, President Wendler sent a message to the campus community announcing he would not allow the March 2024 Show to move forward at Legacy Hall (the "March 2024 Statement"). President Wendler alone made the decisions to cancel Spectrum's proposed 2023 and 2024 drag shows at Legacy Hall.

34. Spectrum WT has applied to hold a drag show in Legacy Hall on or about April 17, 2026 (the "April 2026 Show").

35. Stage performances and movies advertised as containing "PG-13" and "R"-rated content, including a 2024 screening of the film "Friday the 13th" have taken place in the JBK Center.

E. **Contested Issues of Fact.**

The parties contest:

1. Whether West Texas A&M's consistent practices establish that it has opened Legacy Hall to expression from students and the public.

2. Whether West Texas A&M's policies limit Legacy Hall uses to particular speakers or topics.

3. Whether President Wendler will cancel Plaintiff's 2026 proposed on-campus drag performance at Legacy Hall.

4. Whether an audience member at Plaintiff's 2023 proposed drag performance at Legacy Hall would have understood Plaintiff was expressing something.

5. Whether an audience member at Plaintiff's 2024 proposed drag performance at Legacy Hall would have understood Plaintiff was expressing something.

6. Whether an audience member at Plaintiff's 2026 proposed drag performance at Legacy Hall will understand that Plaintiff is expressing something.

7. Whether Plaintiff's 2023 proposed drag performance at Legacy Hall would have expressed a particularized expressive message of Plaintiff.

8. Whether Plaintiff's 2024 proposed drag performance at Legacy Hall would have expressed a particularized expressive message of Plaintiff.

9. Whether Plaintiff's 2026 proposed drag performance at Legacy Hall will express a particularized expressive message of Plaintiff.

10. Whether President Wendler had any empirical evidence that Spectrum's planned campus drag shows for 2023 and 2024 would amount to actionable harassment or discrimination under university policy or federal law.

11. Whether President Wendler had any empirical evidence that Spectrum's planned campus drag shows for 2023 and 2024 would involve "lewd" or "sexualized" conduct in violation of any university policy, federal law, or state law.

9

12. Whether President Wendler had any empirical evidence that Spectrum's planned campus drag shows for 2023 and 2024 would violate any university policy.

13. Whether President Wendler has any empirical or tangible evidence supporting any future decision to cancel Spectrum's planned campus drag shows in 2026.

14. Whether President Wendler believed in good faith that Plaintiff's proposed 2023 drag performance at Legacy Hall would have included lewd or sexualized conduct.

15. Whether President Wendler believed in good faith that Plaintiff's proposed 2024 drag performance at Legacy Hall would have included lewd or sexualized conduct.

16. Whether President Wendler believed in good faith that Plaintiff's proposed 2023 drag show at Legacy Hall was inappropriate or inconsistent with the educational mission of WTAMU.

17. Whether President Wendler believed in good faith that Plaintiff's proposed 2024 drag show at Legacy Hall was inappropriate or inconsistent with the educational mission of WTAMU.

18. **Defendant only (Plaintiff contends this is an issue of law):** Whether Plaintiff's proposed 2026 drag show at Legacy Hall will be constitutionally protected First Amendment conduct by Plaintiff.

19. Whether there are reasonably available alternate places at which Plaintiff could conduct its proposed 2026 drag show other than Legacy Hall

20. Whether Plaintiff is threatened with irreparable harm by any likely action of President Wendler with respect to Plaintiff's proposed 2026 drag show at Legacy Hall?

**F.    Contested Issues of Law.**

The parties contest:

**Joint:**

1. Whether Legacy Hall is a designated or limited public forum.

10

2. Whether Defendant Wendler has violated the First Amendment in 2023 and 2024 by prohibiting Plaintiff's planned performances on the basis of viewpoint.

3. Whether Defendant Wendler has imposed and is imposing a content based restriction on speech in a designated public forum.

4. Whether Defendant Wendler has singled out Plaintiff or drag performances from a campus public forum the University has opened generally for expressive activities, and has opened generally for recognized student organizations to use.

5. Whether Spectrum WT will likely suffer or will suffer irreparable harm by reason of any action of President Wendler.

6. Whether the public interest would be disserved by injunctive and/or declaratory relief in this case.

7. Whether the balance of equities in this case favors Plaintiff or Defendant.

8. Whether the Court in its equitable discretion should grant any injunctive or declaratory relief to Plaintiff.

9. Whether Plaintiff has carried its burden of proof to show injury-in-fact.

**Plaintiff:**

1. Whether Spectrum WT's proposed performances must convey a particularized message to the audience for First Amendment protection, and if so, whether they do.

2. Whether Defendant Wendler is violating the First Amendment by prohibiting campus drag performances on the basis of viewpoint, including by banning any of Spectrum's future performances on the basis of viewpoint.

3. Whether Defendant Wendler has violated and is violating the First Amendment by imposing an unconstitutional prior restraint on drag performances, including Plaintiff's, at West Texas A&M University.

4. Whether Defendant Wendler can satisfy the requisite constitutional scrutiny to justify his restrictions on Plaintiff's planned performances.

11

**Defendant**

1. Whether Spectrum WT's proposed 2026 performance at Legacy Hall must convey Spectrum WT's particularized message to the audience for First Amendment protection, and if so, whether there is a likelihood that the audience will understand Spectrum WT's particularized message.

2. Whether the audiences at Spectrum WT's 2023 and 2024 proposed drag performances at Legacy Hall likely would have understood the performances to communicate Spectrum WT's particularized message.

3. Whether Defendant Wendler has violated the First Amendment by imposing an unconstitutional prior restraint on Plaintiff's 2023 and 2024 proposed drag performances at Legacy Hall, including Plaintiff's, at West Texas A&M University.

4. Whether Defendant Wendler can justify his restrictions on Plaintiff's planned performances at Legacy Hall in 2023 or 2024.

### G.  Pending Motions

This motion remains pending:

1. Plaintiff's Motion for Summary Judgment (ECF Nos. 143, 144, 145).

### H.  Estimated Length of Trial.

The Court has suggested it is "likely" the "bench trial will take the form of a single-day permanent injunction hearing, where the parties will have an opportunity to present argument and evidence on a few discrete issues." (ECF No. 129 at 3–4.) Defendant believes a one-day trial likely will be sufficient. Plaintiff respectfully submits that the trial may require two days unless the Court narrows the triable issues through summary judgment.

## I. Trial Management Procedures.

The parties have agreed that all exhibits are admissible except those to which a party specifically objects.

The parties have agreed that all exhibits introduced in the court record to date, and all exhibits introduced at any deposition in this case, are authentic.

The parties have agreed to streamline the live testimony required for trial by relying on deposition designations to introduce testimony, except for those witnesses in the parties' witness lists not specifically indicated to testify by deposition designation. The parties propose that they submit their deposition designations and counter-designations (subject to any specific objections to specific deposition designations) to the Court and they be admitted in full, in lieu of the parties reading those designations in open court.

The parties do not anticipate the use of any demonstratives, except enlargements or excerpts of documents admitted into evidence .

The parties have submitted witness and exhibit lists, and have conferred in order to narrow any objections related to those lists.

## J. Witness Lists.

Plaintiff's witness list is attached. Defendant's witness list is filed at ECF No. 155-1.

## K. Deposition Designations.

The parties' deposition designations are attached as exhibits. The parties have included highlighted copies of the transcripts to facilitate a speedy trial.

**L.   Exhibit Lists.**

Plaintiff's exhibit list and objections to exhibits in Defendant's exhibit list are attached. Defendant's exhibit list is filed at ECF No. 155-2.

**M.   List of Additional Matters that May Aid in the Disposition of this Case.**

Additional matters that may aid the Court and the parties in resolving this matter:

**N.   Certifications.**

The undersigned counsel for each of the parties in this action certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:

(a) is in existence;

(b) is numbered; and

(c) has been disclosed and shown to opposing counsel.

Dated: January 7, 2026

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ralph Molina
Deputy First Assistant Attorney General

Ryan D. Walters
Deputy Attorney General for Legal Strategy

Ryan G. Kercher
Chief, Special Litigation Division

*/s/ David Bryant*
David Bryant
Special Counsel
Tex. State Bar No. 03281500

Munera Al-Fuhaid
Special Counsel
Tex. State Bar No. 24094501

Zachary Berg
Special Counsel
Tex. State Bar No. 24107706

Alexia K. Baker
Assistant Attorney General
Tex. State Bar No. 24149596

Office of the Attorney General
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
alexia.baker@oag.texas.gov

Respectfully submitted,

/s/ JT Morris
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights and Expression
700 Pennsylvania Ave., SE Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@fire.org
conor.fitzpatrick@fire.org

Adam B. Steinbaugh*
PA Bar No. 326475
Jeffrey D. Zeman*
Samuel Rudovsky
Pa. Bar No. 328570
Foundation for Individual Rights and Expression
510 Walnut St.; Ste. 1250
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@fire.org
jeff.zeman@fire.org
sam.rudovsky@fire.org

* Admitted *Pro Hac Vice*

**Attorneys for Plaintiff Spectrum WT**

*Counsel for Defendant Wendler*

**SO ORDERED.**

January \_\_\_\_, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, a true and correct copy of the foregoing document was transmitted using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

/s/ JT Morris
JT Morris
FOUNDATION FOR INDIVIDUAL
  RIGHTS AND EXPRESSION