IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

        Plaintiff,

v.                                                                              2:23-CV-048-Z

WALTER WENDLER,

        Defendant.

**ORDER ON PRETRIAL CONFERENCE PROCEDURES**

A Pretrial Conference in this case is scheduled for **10:00 a.m. (CST) on Friday, January 9, 2026**. The Pretrial Conference will be held in person at 205 Southeast Fifth Avenue, Amarillo, Texas 79119 in the First Floor Courtroom. To ensure that the Pretrial Conference runs as efficiently as possible, the Court issues the following Order.

The Court reminds the parties that the Second Amended Scheduling Order states as follows:

> [At the Pretrial Conference], the Court will discuss and finalize the time limits on the presentation of evidence to reduce the estimated trial length. Lead counsel for each party must attend. FED. R. CIV. P. 16(c)(1). Lead counsel must have the authority to enter into stipulations and admissions to facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All undecided pretrial motions will be resolved at that time, and procedures for trial will be discussed. The Court will hear and decide objections on exhibits.

ECF No. 126 at 14–15.[1]

In keeping with the Court's statement that the bench trial in this case "will take the form of a single-day permanent injunction hearing," the Court tentatively intends to allow

---

[1] This does not include Plaintiff's Motion for Summary Judgment, which remains pending. *See* ECF No. 143. The Court will promptly rule on that Motion after Spectrum files its Reply on or before its deadline of Saturday, January 10. *See* ECF No. 126 at 5 ("Responses to dispositive motions shall be filed within seven (7) days of the date of the filing of the motion, and replies shall be filed within four (4) days of the response.") (emphasis omitted). The parties can expect a ruling on Plaintiff's Motion for Summary Judgment before the trial date.

each party to present argument and evidence at the bench trial for up to three hours. ECF No. 129 at 3–4; *see also* ECF No. 156 at 12 (noting that Defendant "believes a one-day trial likely will be sufficient" but that Plaintiff "respectfully submits that the trial may require two days"). This per-party time limit will not include opening and closing statements. After receiving the parties' input at the Pretrial Conference, the Court will finalize the time limit and other matters in a Final Pretrial Order. *See* Fed. R. Civ. P. 16(e) (noting that courts may "hold a final pretrial conference to formulate a trial plan" and issue final pretrial orders following the pretrial conference); N.D. TEX. LOC. R. 16.4.

The parties should bring the following to the Pretrial Conference:

- Two copies of a one-page vocabulary sheet the court reporter may reference during trial, which should define any unusual terms, acronyms, names, titles, and phrases; and

- Any motions the Court should decide *before* trial.

The parties should also be prepared to briefly discuss the arguments and evidence they plan to present at trial, including with regard to the following issues:

- Expressive Conduct;

- Forum Analysis; and

- *Christian Legal Society v. Martinez*, 561 U.S. 661 (2010).

Each party that intends to use electronic equipment in the Courtroom during trial must notify the Court during the Pretrial Conference. Each party that intends to use Courtroom technology must designate an individual to operate that technology during trial. Each party that plans to display video exhibits during trial must provide timestamps of the relevant portions of each video. The parties will have two opportunities to test Courtroom

equipment: after the Pretrial Conference, and again starting one hour before trial begins at

**9:00 a.m. (CST) on Wednesday, January 14, 2026.**[2]

Lastly, the Court received inquiries about whether non-lead counsel may listen to the Pretrial Conference via remote audio link. The Court will coordinate with the Northern District of Texas Information Technology (IT) Department to provide a secure audio link to remote counsel—but said counsel may not interface with the Court during the Pretrial Conference. All attorneys who intend to *participate* in the Pretrial Conference must attend in person.

**SO ORDERED**.

January __, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[2] Upon review of the parties' Proposed Joint Final Pre-trial Order (ECF No. 156), the Court believes a 9:00 a.m. start time will give the parties more time to present their cases in one day.