IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

    Plaintiff,

v.                                              2:23-CV-048-Z

WALTER WENDLER, *et al.*,

    Defendants.

## FINAL PRETRIAL ORDER

This case is set for a bench trial to begin on **Wednesday, January 14, 2026, at 9:00 a.m. (CST)** in the First Floor Courtroom of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, located at 205 Southeast Fifth Avenue, Amarillo, Texas 79101. On January 9, 2026, the Court held a Pretrial Conference with both parties present. The following Order reduces the matters discussed at the Pretrial Conference to writing and addresses specific procedures to be followed at trial.

    PROCEDURES

Trial will begin promptly at 9:00 a.m. (CST). The Courtroom will be open beginning at 8:00 a.m. for the parties to test Courtroom technology and equipment. As the Court noted during the Pretrial Conference, the parties must come to trial with agreed start and stop times for any video exhibits. If the parties cannot agree on start and stop times for any video exhibit, they must be prepared to argue those times before trial begins.

Counsel may speak from the lectern or from counsel's table. Only water is allowed in the Courtroom—no other beverages or food will be permitted. Only counsel or designated assistants may use laptops during court proceedings.

Each party will have three hours to present its case. Each party will have fifteen minutes for opening statements, and the Court will provide a three-minute warning when counsel are approaching the end of their allotted time. Each party will have thirty minutes for closing arguments, and Plaintiff has reserved five minutes for rebuttal.

### EVIDENCE

At the Pretrial Conference, the Court adjudicated Plaintiff's objections to many of Defendant's exhibits. The following is a summary of the Court's rulings:

- Defendant withdrew his Exhibit 30.
- Defendant's Exhibits 80–81, 84, 123, 158–162, 251–252, and 442 are excluded, sustaining Plaintiff's objections.
- Defendant's Exhibits 37–38 and 156–157 are admitted in their entirety, overruling Plaintiff's objections.
- The Court sustained in part Plaintiff's objections as to Defendant's Exhibits 98, 130, 141–144, 155, 179–180, 227, 291–292, 294–296, 298–305, 307–318, 339–342, 363, 381–404, 408, and 433–436; however, these exhibits may still be used for non-hearsay purposes other than those objected to by Plaintiff—specifically, to prove the truth of the matter asserted. *See* FED. R. EVID. 802.
- Defendant's Exhibit 185 is admitted in part.[1]
- All other exhibits were unopposed and are therefore preadmitted for trial.

Lastly, at the end of the Pretrial Conference, the parties brought an oral joint motion to preadmit the parties' joint deposition designations. The Court granted that oral motion.

---

[1] The Court found that Exhibit 185 is largely, but not entirely, admissible. In particular, the pages *Bates*-stamped Def_00043–43 and Def_00045–46 are not relevant to this case. The Court accordingly sustained Plaintiff's objection in part as to this Exhibit.

The parties' agreed deposition designations will be preadmitted into the trial record, so it will not be necessary to read that deposition testimony aloud to get it into the record.

**SO ORDERED.**

January 9, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE