IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

  Plaintiff,

v.                   2:23-CV-048-Z

WALTER WENDLER,

  Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Spectrum WT's Motion for Summary Judgment ("Motion"), filed December 30, 2025. ECF No. 143. Defendant Walter Wendler responded on January 7, 2026. ECF No. 153.[1] Spectrum replied on January 10, 2026. ECF No. 160. The Motion is now ripe. Having considered the Motion, briefing, and relevant law, the Motion is **DENIED**.

BACKGROUND

Plaintiff Spectrum WT is a registered student organization at West Texas A&M University, where Defendant Walter Wendler serves as President. *See* ECF No. 28 at 4; ECF No. 144 at 12. West Texas A&M is a public university within the Texas A&M University System. *See* ECF No. 144 at 15. West Texas A&M maintains several campus spaces that students, registered student organizations, and the public may use to host events. *See id.*

"One of these spaces is Legacy Hall, an enclosed venue" in West Texas A&M's student center. ECF No. 144 at 15. Legacy Hall has hosted a wide variety of events, including "beauty

---

[1] The Second Amended Scheduling Order requires "responses to dispositive motions" to be filed "within seven days of the date of the filing of the motion." ECF No. 126 at 5 (citation modified). Defendant responded on January 7, a day late. However, Defendant did timely file his Brief in Support and Appendix (ECF Nos. 151 and 152), and Spectrum did not raise the untimeliness of Defendant's Response at the Pretrial Conference. Accordingly, the Court perceives that good cause exists to extend the time for filing under Federal Rule of Civil Procedure 6(b)(1).

pageants, singing competitions, concerts, religious worship, banquets, wedding ceremonies, wedding receptions, holiday parties, movie screenings, dance-off competitions, fashion shows, talent shows . . . [and] press conferences." *Id.* at 16. In 2019, West Texas A&M students also used Legacy Hall to hold a drag show. *See id.* But while Legacy Hall has hosted a wide range of activities, West Texas A&M officials may "deny or cancel" reservations "if the proposed use is inconsistent with the educational mission of the University." ECF No. 151 at 20 (citation modified).

"In 2022, Spectrum began planning a charity drag show scheduled for March 31, 2023, at Legacy Hall." ECF No. 144 at 17. According to Spectrum, "[t]he show was to include choreographed dance, lip syncing, character creation, stylized hair, make-up, costumes, and amplified music." *Id.* Spectrum wanted performers to "express themselves through their clothing design and makeup" in order to "challenge gender stereotypes and express the performers' individuality and queer identity." *Id.* "Proceeds from the event would [have] benefit[ed] The Trevor Project, an organization dedicated to suicide prevention among LGBTQ+ young people." *Id.* at 17–18.

Spectrum "instructed performers to avoid profane music or 'lewd' conduct." *Id.* at 18. Even so, the "event was to be emceed" by a man whose drag performer name is "Myss Myka." *Spectrum WT v. Wendler*, 151 F.4th 714, 719 (5th Cir. 2025) (internal marks omitted), *reh'g en banc granted, opinion vacated*, 157 F.4th 673 (5th Cir. 2025). Myss Myka "had performed in a highly sexual drag show off campus in February" 2023, roughly a month before Spectrum's scheduled show at Legacy Hall. *Id.* He was also set to perform during Spectrum's show in Legacy Hall. *See* ECF No. 151 at 13. Despite Myss Myka's highly sexualized repertoire, Spectrum invited children to attend the show. *See* ECF No. 144 at 18 ("[G]iven the broader cultural debate over drag shows, the students barred anyone under the age of 18

2

from attending unless accompanied by a parent or guardian so that performers' family members could attend.").

Spectrum formally applied to reserve Legacy Hall in early 2023, and on February 27, 2023, they received "tentative approval." ECF No. 144 at 19. Then, on March 20, 2023, "Vice President for Student Affairs Christopher Thomas informed Spectrum that President Wendler was canceling the drag show." *Id.* at 19–20. Vice President Thomas "explained that Wendler believes drag shows discriminate against women." *Id.* at 20. Wendler reiterated this view in a letter he emailed to the West Texas A&M community on March 20, 2023:

> Does a drag show preserve a single thread of human dignity? I think not. As a performance exaggerating aspects of womanhood (sexuality, femininity, gender), drag shows stereotype women in cartoon-like extremes for the amusement of others and discriminate against womanhood. . . .
>
> WT endeavors to treat all people equally. Drag shows are derisive, divisive and demoralizing misogyny, no matter the stated intent. Such conduct runs counter to the purpose of WT. . . . I would not support "blackface" performances on our campus, even if told the performance is a form of free speech or intended as humor. It is wrong. I do not support any show, performance or artistic expression which denigrates others—in this case, women—for any reason. . . .
>
> A harmless drag show? Not possible. I will not appear to condone the diminishment of any group at the expense of impertinent gestures toward another group for any reason, even when the law of the land appears to require it. Supporting The Trevor Project is a good idea. My recommendation is to skip the show and send the dough.

Pl.'s App. at 92–94.

On March 24, 2023, Spectrum and two of its student officers brought this case against President Wendler and Vice President Thomas, also naming the Chancellor of the Texas A&M University System and the members of the System's Board of Regents as defendants. *See* ECF No. 144 at 21 (citing ECF No. 1); ECF No. 1 at 6–7. "The same day"—a week before the show was scheduled to take place—the plaintiffs "moved for a temporary restraining order and preliminary injunction." ECF No. 144 at 21 (citing ECF Nos. 8–9). As the day of the show approached, however, the plaintiffs "withdrew their TRO to avoid simultaneously

3

planning two events—one on-campus if the Court granted the TRO, and another off-campus if the Court denied relief." *Id.* (citing ECF No. 16). In the end, Spectrum held its drag show off-campus. *See id.*

Plaintiffs amended their complaint on April 18, 2023. *See* ECF No. 144 at 21 (citing ECF No. 28). They alleged four causes of action: three for "injunctive and declaratory relief (based on First Amendment viewpoint discrimination, exclusion from a public forum, and prior restraint)," and a fourth for "damages against President Wendler." *Id.* at 21–22 (citation modified). In early May 2023, Defendants moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 34, 38.

In a Memorandum Opinion and Order issued September 21, 2023, the Court granted in part the Defendants' Rule 12(b)(6) motion. ECF No. 59; *see also Spectrum WT v. Wendler*, 693 F. Supp. 3d 689 (N.D. Tex. 2023), *aff'd in part, rev'd in part and remanded*, 151 F.4th 714 (5th Cir. 2025), *reh'g en banc granted, opinion vacated*, 157 F.4th 673 (5th Cir. 2025). In the same Order, the Court denied the Plaintiffs' motion for a preliminary injunction, holding that the Plaintiffs were not "substantially likely to succeed" on the merits. ECF No. 59 at 25. The Court also found that President Wendler was entitled to qualified immunity and accordingly dismissed Plaintiffs' damages claim. *See id.* at 20. Plaintiffs appealed the Court's denial of their motion for preliminary injunction. ECF No. 61.

Nearly two years later, on August 18, 2025, a divided Fifth Circuit panel reversed in part and remanded for entry of a preliminary injunction against President Wendler and Vice President Thomas. *Spectrum WT*, 151 F.4th 714. Judge Ho dissented. The next day, however, the Fifth Circuit held the mandate. *See* Order Holding Mandate, *Spectrum WT v. Wendler*, No. 23-10994 (5th Cir. Aug. 19, 2025).

This Court held a status conference on September 10, 2025, to discern the impact of the Fifth Circuit's proceedings on this case. At the conference, the Court determined that it had jurisdiction over the merits of this case while Plaintiffs' interlocutory appeal remained pending, and the parties indicated their readiness to proceed to a final resolution. *See* ECF No. 117.[2] The Court accordingly reopened the case and scheduled a bench trial for February 3, 2026. *See* ECF Nos. 120, 121. After the parties moved to amend the Scheduling Order, the Court entered a Second Amended Scheduling Order that set trial for January 14, 2026. *See* ECF No. 126. And on October 27, 2025, the Fifth Circuit *sua sponte* granted rehearing of the interlocutory appeal *en banc*, vacating its original panel opinion and scheduling rehearing for January 23, 2026. Order Granting Rehearing En Banc, *Spectrum WT v. Wendler*, No. 23-10994 (5th Cir. Oct. 27, 2025).

Ahead of the bench trial scheduled for January 14, 2026, Spectrum filed this Motion for Summary Judgment. Spectrum writes that it still intends to hold a drag show in Legacy Hall and "has applied to hold a performance" there on April 17, 2026. ECF No. 144 at 24. Spectrum "fear[s]" that without this Court's intervention, President Wendler "will again cancel" this performance. *Id.*

### LEGAL STANDARD

"[S]ummary judgment is warranted only when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Cooper Indus., Inc. v. Tarmac Roofing Sys., Inc.*, 276 F.3d 704, 711 (5th Cir. 2002) (citing FED. R. CIV. P. 56(c)). A fact is "material" if its existence or non-existence "might affect the outcome of the

---

[2] After the Fifth Circuit's panel opinion but before this Court's status conference, Defendants moved to dismiss this case for lack of subject-matter jurisdiction. *See* ECF No. 105. The Court granted the motion in part, dismissing the two student plaintiffs who are no longer enrolled at West Texas A&M. ECF No. 116 at 8. But the Court rejected Defendants' arguments as to Spectrum WT, finding that Spectrum had organizational standing to sue in its own right. *Id.* at 11.

suit under the governing law," and disputes about a material fact are "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Brown v. City of Hou., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." (citing *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003))). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009) (citing *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 325 (5th Cir. 2004)).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting FED. R. CIV. P. 56(e)). While the moving party is not required to negate each element of the nonmoving party's case, it can meet its burden by demonstrating the "absence of facts supporting the elements" of the nonmoving party's causes of action. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986)).

"[E]ven in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'" *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting

*Anderson*, 477 U.S. at 255); *see also id.* ("A district court 'has the discretion to deny a motion for summary judgment even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.'" (quoting *Veillon v. Exploration Servs.*, 876 F.2d 1197, 1200 (5th Cir. 1989) (citation modified))); *Kunin v. Feofanov*, 69 F.3d 59, 62 (5th Cir. 1995) (per curiam) ("[E]ven if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment . . . ."); 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2728 (4th ed. 2025) (noting that "the court retains some discretion to deny a Rule 56 motion" even "in situations in which the moving party seems to have discharged its burden of demonstrating that no genuine issue of fact exists").

ANALYSIS

The parties agree that Spectrum's remaining claims center on a drag show Spectrum plans to hold in Legacy Hall in April 2026. *See* ECF No. 156 at 3 (noting that Spectrum's three remaining causes of action seek only "prospective injunctive and declaratory relief"). But they do not agree on what that show will entail. Spectrum writes that the "show's purpose [will be] to communicate support for the LGBTQ+ community, facilitate self-expression, and promote students' artistic expression." ECF No. 144 at 24. On the other hand, citing to the deposition of Spectrum's current president, Defendant avers that Spectrum remains "in the very, very early planning stages" for that show and "has not selected any of the performers, performances, costumes, or music." ECF No. 151 at 14 (citing Def.'s App. 198). It is also unclear whether the 2026 show would convey any particular message at all. *See* ECF No. 151 at 18 ("We are not trying to convey a specific message, no." (citing Def.'s App. at 208)). Thus, there remains a factual dispute about the message, if any, the 2026 drag show would communicate.

Spectrum also writes that the 2026 show will not be "inappropriate in any way." ECF No. 144 at 24. That only begs the question: The propriety of the 2026 show is a key remaining fact issue. Spectrum says the show would be "PG-13"; Defendant expects otherwise. ECF No. 160 at 19; ECF No. 151 at 27 ("The parameters of Spectrum WT's proposed 2026 drag show at Legacy Hall are undefined, and any injunctive relief would have to prescribe in a vacuum what type of drag show President Wendler would (or would not) be compelled to permit."). Defendant bases this conclusion, in part, on the 2023 drag show Spectrum held in an Amarillo public park. *See* ECF No. 151 at 13 ("[A]lthough the [2023 off-campus drag show] was advertised to WTAMU students and community members as a PG-13 show, Spectrum admittedly did not preview or preapprove all the drag performers' routines before they took to the stage." (citing Def.'s App. at 400)). Trial is how courts must resolve disputes of fact such as this—not summary judgment.

And even if Spectrum had "discharged its burden of demonstrating that no genuine issue of fact exists," the Court would still deny its Motion. 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2728 (4th ed. 2025). This case is highly fact-bound. It will turn on—among other things—Defendant's motivations for prohibiting Spectrum from holding a drag show in Legacy Hall. It follows that the parties will only benefit from "a full hearing on the merits" rather than summary judgment, even if Spectrum's Motion did "meet[] the technical requirements" Rule 56 sets out for disputes of fact. 10A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2728 n.10 (4th ed. 2025). Spectrum's Motion is therefore **DENIED**.

CONCLUSION

For the foregoing reasons, Spectrum's Motion is **DENIED**.

**SO ORDERED.**

January **13**, 2026

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

9