**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

SPECTRUM WT, *et al.*,
    *Plaintiffs*,

v.

WALTER WENDLER, *et al.*,
    *Defendants*.

No. 2:23-cv-00048

### DEFENDANT WALTER WENDLER'S MOTION FOR COSTS

Defendant Walter Wendler files this Motion for Costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920, and requests that costs be awarded against Plaintiff Spectrum WT.

### INTRODUCTION

Federal Rule of Civil Procedure 54 provides that, "[u]nless a federal statute, the [Federal Rules], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Defendant Wendler is the prevailing party in this case and therefore is entitled to recover costs of suit.

### ARGUMENT

**A. Defendant Wendler Should Be Awarded Costs as the Prevailing Party.**

On January 17, 2026, the Court entered a final judgment denying "Spectrum's request for injunctive and declaratory relief" and dismissing its suit with prejudice. Ex. A, ECF No. 169. The final judgment did not expressly award costs of suit to either party, or mention costs of suit. "Generally, the prevailing party should be awarded costs [other than attorney's fees]." *J.V. v. Chertoff*, No. 3:06-CV-0193-P, 2009 U.S. Dist. LEXIS 150894, at *2 (N.D. Tex. Mar. 9, 2009) (citing FED. R. CIV. P. 54(d)(1)). As the prevailing party in this action, Defendant Wendler seeks an award of costs of suit under Rule 54(d) and 28 U.S.C. § 1920.

Through § 1920, Congress clarified the type of expenses considered taxable "costs" under Rule 54(d)(1). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). ("Title 28 U.S.C.

§ 1920 . . . embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party[.]"). The statute permits federal courts to tax as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under . . . [28 U.S.C. § 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under . . [28 U.S.C. § 1828.]

28 U. S. C. § 1920.

As relevant here, the Fifth Circuit has long acknowledged the "strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs." *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). "Indeed, this [circuit] has held that 'the prevailing party is prima facie entitled to costs' and has described the denial of costs as 'in the nature of a penalty.'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

Defendant Wendler has no doubt that Plaintiff Spectrum litigated this case in good faith. But even "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795; *Mercer v. Patterson-Uti Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

### B. Defendant Wendler's Motion Is Timely.

Local Rule 54.1 directs, in relevant part, that the prevailing party's "bill of costs must be filed with the clerk and served on any party entitled to such service no later than 14 days after the clerk enters judgment on the docket." N.D. Tex. Civ. R. 54.1. Defendant Wendler will file its Bill of Costs with the District Clerk of this Court today. Defendant Wendler's Motion for Costs therefore is timely, as it has not been 14 days since the entry of the Court's January 17, 2026, judgment against Spectrum.

## CONCLUSION

For the foregoing reasons, Defendant Wendler respectfully requests that the Court enter its Order awarding costs of suit to Defendant and directing the District Clerk to tax Defendant's costs of suit in accordance with Federal Rule 54 and other applicable law.

Date: January 30, 2026

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

Respectfully submitted.

**DAVID BRYANT**
Special Counsel
Tex. State Bar No. 03281500

**MUNERA AL-FUHAID**
Special Counsel
Tex. State Bar No. 24094501

**ZACHARY BERG**
Special Counsel
Tex. State Bar No. 24107706

/s/ *Alexia K. Baker*
**ALEXIA K. BAKER**
Assistant Attorney General
Tex. State Bar No. 24149596

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov
alexia.baker@oag.texas.gov

**COUNSEL FOR DEFENDANT WALTER WENDLER,**
**IN HIS OFFICIAL CAPACITY AS PRESIDENT OF WEST TEXAS A & M UNIVERSITY**

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 30, 2026, I conferred with Adam Steinbaugh, counsel for Plaintiff, via email regarding this Motion. Mr. Steinbaugh advised that Plaintiff takes no position with respect to this Motion.

/s/ *Alexia K. Baker*
**ALEXIA K. BAKER**

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/s/ *Alexia K. Baker*
**ALEXIA K. BAKER**

5

5