IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

    Plaintiff,

v.      2:23-CV-048-Z

WALTER WENDLER,

    Defendant.

# ORDER

Before the Court is Defendant Walter Wendler's Motion for Costs ("Motion"), filed January 30, 2026. ECF No. 172. Defendant seeks an award of $27,057.45 in costs against Plaintiff Spectrum WT under Federal Rule of Civil Procedure 54(d). *See* ECF No. 171 at 1; FED. R. CIV. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Plaintiff "takes no position with respect to this Motion." ECF No. 172 at 4.

Defendant rightly notes that he is the "prevailing party" in this suit and contends that "the Fifth Circuit has long acknowledged the 'strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.'" ECF No. 172 at 2 (quoting *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006)). However, "the district court has discretion to decline awarding costs to the prevailing party." *Morris v. Grecon, Inc.*, 388 F. Supp. 3d 711, 715 (E.D. Tex. 2019). "[W]hen a trial court denies costs, 'it should state reasons for its decision.'" *Cheatham*, 465 F.3d at 586 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)); *see also Schwarz*, 767 F.2d at 131 ("[A] court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." (quoting *Baez v. United States Dep't of Just.*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc))). "A wide range of reasons have been invoked to justify withholding costs from the prevailing

party." 10 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2668 (4th ed. 2025). "Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

The first and fifth *Pacheco* factors are dispositive. Plaintiff is an organization of college students at West Texas A&M University. Defendant is the President of that university. This case also presented "close and difficult legal issues" that have led to two district court opinions, a bench trial, an interlocutory appeal, and an appellate panel opinion that the Fifth Circuit vacated in favor of rehearing en banc. In these circumstances, awarding Defendant his costs would be unjust.

The Court **DENIES** the Motion.

**SO ORDERED.**

February 2, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE